UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ANTHONY BUSH, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RUST-OLEUM CORPORATION,<br><br>Defendant. | Case No. 20-cv-03268-LB<br><br>**ORDER DENYING MOTION TO TRANSFER**<br><br>Re: ECF No. 28 |

**INTRODUCTION**

In this putative class action, the plaintiff Anthony Bush, a California resident, challenges the defendant Rust-Oleum's alleged mislabeling of its cleaning products as "non-toxic" and "earth friendly," in violation of California's consumer-protection laws.[1] Rust-Oleum, incorporated in Delaware and with its principal place of business in Illinois, moved to transfer the case under 28 U.S.C. § 1404(a) to the Northern District of Illinois.[2] The court can decide the matter without oral argument, *see* Civ. L. R. 7-1(b), and denies the motion to transfer.

---

[1] First Amended Complaint ("FAC") – ECF No. 26. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 28.

ORDER – No. 20-cv-03268-LB

**STATEMENT**

Plaintiff Anthony Bush is a California resident, and defendant Rust-Oleum is incorporated in Delaware and has its principal place of business and headquarters in Vernon Hills, Illinois, in the Northern District of Illinois.[3] The plaintiff purchased the offending cleaning products in the Northern District of California, at Home Depot in Emeryville, California.[4] The plaintiff challenges the products' advertising and labeling claims ("non-toxic" and "earth friendly") as false, in violation of California consumer-protection statutes.[5] The plaintiff initially asserted claims on behalf of California residents and, for claims of breach of express warranty and unjust enrichment, on behalf of a nationwide class and a California subclass, but he now limits the lawsuit to a class of California residents.[6]

**GOVERNING LAW**

28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although Congress drafted § 1404(a) in accordance with the doctrine of *forum non conveniens*, it was intended to be a revision to rather than a codification of the common law. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Thus, a § 1404(a) transfer is available "upon a lesser showing of inconvenience" than that required for a *forum non conveniens* dismissal. *Norwood*, 349 U.S. at 32.

The burden is upon the moving party to show that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726 F.2d 1381, 1399 (9th Cir. 1984). Nonetheless, the district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience

---

[3] FAC – ECF No. 26 at 4–5 (¶¶ 10, 12–13); Stinner Decl. – ECF No. 28-1 at 2 (¶¶ 6–7).

[4] FAC – ECF No. 26 at 4 (¶ 10).

[5] *Id.* at 4–5 (¶¶ 10–13).

[6] *Id.* at 28 (¶ 54), 42–43 (¶¶ 149–50, 156–57); Opp'n to Mot. to Transfer – ECF No. 31 at 5; Opp'n to Mot. to Dismiss – ECF No. 33 at 21–22.

and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see Westinghouse Elec. Corp. v. Weigel*, 426 F.2d 1356, 1358 (9th Cir. 1970).

An action may be transferred to another court if (1) that court is one where the action might have been brought, (2) the transfer serves the convenience of the parties, and (3) the transfer will promote the interests of justice. *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citing 28 U.S.C. § 1404(a)). The Ninth Circuit has identified additional factors that a court may consider in determining whether a change of venue should be granted under § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. Courts may consider "the administrative difficulties flowing from court congestion . . . [and] the 'local interest in having localized controversies decided at home.'" *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quoting *Piper Aircraft*, 454 U.S. at 241 n. 6).

Generally, the court affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). But when judging the weight to be given to plaintiff's choice of forum, consideration must be given to the respective parties' contact with the chosen forum. *Id*. "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled only minimal consideration." *Id*. Also, ordinarily "the defendant carries a heavy burden to overcome the plaintiff's chosen forum," but when the case is a class action, "the named plaintiff's choice of forum is given less weight." *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 2533252, at *2 (N.D. Cal. June 12, 2017) (citing *Lou v. Belzberg*, 834 F.2d at 739).

**ANALYSIS**

The parties do not dispute that the case could have been brought in the Northern District of Illinois. They dispute only whether transfer is appropriate based on the "convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). Rust-Oleum has not made the necessary showing to overcome the plaintiff's choice of forum, and the other factors do not weigh in favor of transfer.

**1. The Plaintiff's Choice of Forum**

Even with its lighter burden in a class action, Rust-Oleum does not overcome the weight given to the plaintiff's choice of forum. The lawsuit involves claims under California law brought on behalf of California residents, and the named plaintiff resides in the district and bought the products here.[7] *See Swamy*, 2017 WL 2533252 at *3. The reduced weight on a plaintiff's choice of forum in class actions is meant to "serve[] as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district." *Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2010). Here, "[b]ecause there is no evidence that [the] plaintiff[ ]engaged in forum shopping . . . [the] plaintiff['s] choice of forum carries significant weight." *Id.* at 1186.

**2. Convenience of the Parties and Witnesses**

The class has not been certified, the plaintiff is the only participant, and his interests align with the interests of the California class. *See Swamy,* 2017 WL 2533252 at *2. Rust-Oleum's observations about the convenience of witnesses are important but do not outweigh the named plaintiff's and the putative class's interests. *Id.* at *3.

---

[7] FAC – ECF No. 26 at 4 (¶ 10), 31–43 (¶¶ 66–161).

**3. Interests of Justice**

"A district court hearing a motion to transfer must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and other interests of justice." *Chesapeake Climate Action Network v. Export-Import Bank*, No. C 13-03532 WHA, 2013 WL 6057824, at *3 (N.D. Cal. Nov. 15, 2013).

Court congestion is a neutral factor. *Swamy,* 2017 WL 2533252 at *3. Given the class of California residents purchasing products in California, the Northern District's interest outweighs the Northern District of Illinois's interest. *Cf. id.* The districts are equally capable of applying the law. *Id.* at *4.

## CONCLUSION

The court denies Rust-Oleum's motion to transfer. This disposes of ECF No. 28.

**IT IS SO ORDERED.**

Dated: October 13, 2020

    _____
LAUREL BEELER
United States Magistrate Judge