UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ANTHONY BUSH, | Case No. 20-cv-03268-LB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |
| RUST-OLEUM CORPORATION, | Re: ECF No. 116 |
| Defendant. | |

# INTRODUCTION AND STATEMENT

This is a consumer-products mislabeling case. On behalf of a class of California consumers, the plaintiff challenges defendant Rust-Oleum's labeling of its "Krud Kutter" cleaning products as "non-toxic" and "Earth friendly," contending that the products in fact can cause harm to humans, animals, and the environment, in violation of California consumer-protection laws. The plaintiff's claims largely turn on whether reasonable consumers are deceived by the defendant's product labeling. The defendant moved for summary judgment, mainly on the ground that the plaintiff's theory of consumer deception is refuted by disclaimers on the labels themselves and testimony from the plaintiff and his expert toxicologist.[1] The court denies the motion.

---

[1] Mot. – ECF No. 116. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-03268-LB

The operative complaint has five claims: (1) unlawful, unfair, and fraudulent business practices under the Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200–08; (2) deceptive advertising under the False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500; (3) deceptive practices under the Consumer Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750–84; (4) breach of express warranties; and (5) unjust enrichment.[2]

It is undisputed that the court has diversity jurisdiction under the Class Action Fairness Act. 28 U.S.C. § 1332(d). All parties consented to magistrate-judge jurisdiction.[3] *Id.* § 636(c). The court held a hearing on January 25, 2024.

## STANDARD OF REVIEW

The court must grant summary judgment where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248–49.

The party moving for summary judgment has the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only

---

[2] First Am. Compl. – ECF No. 26 at 31–43 (¶¶ 66–161).

[3] Consents – ECF Nos. 6, 17.

point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex*, 477 U.S. at 325). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its initial burden, then the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1103. "Once the moving party carries its initial burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial." *Devereaux*, 263 F.3d at 1076 (cleaned up). If the non-moving party does not produce evidence to show a genuine issue of material fact, then the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322–23.

In ruling on a motion for summary judgment, the court does not make credibility determinations or weigh conflicting evidence. Instead, it views the evidence in the light most favorable to the non-moving party and draws all factual inferences in the non-moving party's favor. *E.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991).

## ANALYSIS

The court denies the motion because genuine disputes of fact remain on all issues.

### 1. Legal Standard

Claims under the CLRA, the UCL, and the FAL are governed by the "reasonable consumer" test. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Courts often analyze claims under these statutes together. *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1063 (N.D. Cal. 2017). "Under the reasonable consumer standard, [plaintiffs] must show that 'members of the public are likely to be deceived.'" *Williams*, 552 F.3d at 938 (cleaned up). This requires the plaintiff to "plead facts showing that a 'significant portion of the general consuming public . . . ,

acting reasonably in the circumstances, could be misled.'" *Freeman v. Indochino Apparel, Inc.*, 443 F. Supp. 3d 1107, 1111 (N.D. Cal. 2020) (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)).

Generally, determining "whether a reasonable consumer would be deceived" is a question of fact. *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 16 (N.D. Cal. 2020); *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). But to survive summary judgment, the plaintiff "must demonstrate by extrinsic evidence, such as consumer survey evidence, that the challenged statements tend to mislead consumers." *Ries v. Ariz. Beverages USA LLC*, No. 10-01139 RS, 2013 WL 1287416, at *6 (N.D. Cal. Mar. 28, 2013). "[A]necdotal evidence alone is insufficient to prove that the public is likely to be misled." *Id.*; *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 5282106, at *9 (N.D. Cal. Oct. 15, 2014) (the plaintiff "must introduce some additional evidence [besides his own testimony] in order to raise a triable issue of fact as to whether a reasonable consumer would be misled").

## 2. Application

The defendant first contends that the plaintiff "cannot meet the threshold requirement of demonstrating how a reasonable consumer interprets" the terms "non-toxic" and "Earth friendly."[4] At the pleading stage in this case, the court held that the plaintiff's definition of "non-toxic" — that "the product[s] did not pose any risk to humans, animals, or the environment" — was sufficient.[5] The defendant now contends that because the plaintiff and his expert toxicologist said during their depositions that risk can never be completely eliminated (for example, even water can be toxic in excess amounts), the evidence shows that a reasonable consumer would not believe the Krud Krutter products to be totally free of risk.[6] The defendant also argues that the "Green

---

[4] Mot. – ECF No. 116 at 16–20.
[5] Order – ECF No. 51 at 8–9.
[6] Mot. – ECF No. 116 at 19 (citing deposition transcripts).

ORDER – No. 20-cv-03268-LB                4

Guides" published by the Federal Trade Commission (FTC) are not valid metrics of how a reasonable consumer interprets the terms at issue.[7]

There is some authority for the proposition that a plaintiff must "plausibly define[]" the challenged product-label claims "as a threshold issue" to help inform whether a reasonable consumer would be misled. *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1148 (S.D. Cal. 2021). Relatedly, "where plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal [even] on the pleadings may well be justified." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882–83 (9th Cir. 2021) (cleaned up). In this analysis, where there is ambiguity in the challenged claim, "reasonable consumers would necessarily require more information before they could reasonably conclude" that a particular interpretation is correct. *Id.* at 882. Thus, the reasonable consumer might rely on "contextual inferences regarding the product itself and its packaging." *Id.* at 882–83.

As was the case at the pleading stage, the court cannot say as a matter of law that the plaintiff's asserted definitions of the challenged claims are unreasonable. Deposition testimony of individuals — whether those individuals are the named plaintiff, his expert, or anyone else — is at best anecdotal evidence that isn't dispositive of how a reasonable consumer interprets the challenged claims. As for the FTC's Green Guides, it is true that they aren't dispositive under the reasonable-consumer test. *Bush v. Mondelez Int'l, Inc.*, No. 16-cv-02460-RS, 2016 WL 7324990, at *2–3 (N.D. Cal. 2016) (federal agencies are not the ones who "determine whether a product is misleading under [California's consumer-protection] laws"). Still, on this issue of the plaintiff's asserted definitions of the challenged claims, the defendant has not met its burden at summary judgment. *Nissan Fire & Marine*, 210 F.3d at 1102. Whether the plaintiff's asserted definitions are reasonable will be for the jury to decide as part of the overall reasonable-consumer test.

The defendant's main contention is that the plaintiff's theory of deception and supporting evidence are contradicted by the product labels themselves and thus, as a matter of law, no reasonable consumer would be misled.

---

[7] *Id.* at 20.

For the challenged claim "non-toxic," the defendant contends mainly that the plaintiff's expert toxicologist's theory of toxicity is disclosed on the front labels of its products, which say "Caution: Eye and Skin Irritant" next to the words "Non-Toxic."[8] *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (where qualifying language on a label is not "hidden or unreadably small" and "appears immediately next to the representations it qualifies," "no reasonable reader could ignore it"). But Dr. Fraiser's opinion goes beyond eye and skin irritation, for the reasons given by the plaintiff. There is at least a genuine dispute of fact here.

Regarding the challenged claim "Earth friendly," the rear of the product labels provide a definition of the claim. But the definition is in small type and the defendant's own surveys provide evidence that most consumers do not read it. Thus, whether the plaintiff's asserted interpretation of "Earth friendly" is adequately disclaimed by the label is a triable issue of fact. *See, e.g.*, *Williams*, 552 F.3d at 939.

The defendant next contends that the term "Earth friendly" is not actionable under the reasonable-consumer test because it is mere puffery.[9] Puffery is a statement that "is extremely unlikely to induce consumer reliance." *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008). "Ultimately, the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim." *Id.*; *Glen Holly Ent., Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir.) ("[G]eneralized, vague and unspecific assertions[] constitute[] mere 'puffery' upon which a reasonable consumer could not rely."), *opinion amended on denial of reh'g*, 352 F.3d 367 (9th Cir. 2003); *Lamartina v. VMware, Inc.*, No. 5:20-cv-02182-EJD, 2021 WL 4133851, at *10 (N.D. Cal. Sept. 10, 2021) ("Generalized statements of corporate optimism, such as business is 'healthy,' may be considered puffery."). Whether language constitutes non-actionable puffery may be decided as a matter of law. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 245 (9th Cir. 1990).

---

[8] Krud Kutter Label – ECF No. 116-5; Fraiser Dep. – ECF No. 115-5 at 30–31 (pp. 28:18–29:8); Fraiser Decl. – ECF No. 96-5 at 20 (¶ 34), 46 (¶ 77).

[9] Mot. – ECF No. 116 at 21–22.

The term "Earth friendly" is not so general or nonspecific as to make it "extremely unlikely" that a consumer would rely on it. The defendant's own surveys again provide evidence otherwise. Also, California statutory law speaks to the term "Earth friendly" and undermines any puffery argument. *White v. Kroger Co.*, No. 21-cv-08004-RS, 2022 WL 888657, at *2 (N.D. Cal. Mar. 25, 2022) ("California view[s] terms on the label or container of a consumer good like . . . 'earth friendly' . . . to mean that the product is not harmful to, or is beneficial to, the natural environment. While . . . [this] California statute [does not] directly create[] a private cause of action, [it] do[es] undermine any argument that 'reef friendly' can be dismissed as mere puffery.") (cleaned up).

The defendant's last argument is that the plaintiff's claims for breach of express warranties and unjust enrichment fail "for the same reasons as his UCL, FAL, and CLRA claims."[10] Taking that argument on its own terms, the court has already resolved it.

## CONCLUSION

The court denies the defendant's motion for summary judgment. This resolves ECF No. 116.

**IT IS SO ORDERED.**

Dated: January 26, 2024

LAUREL BEELER
United States Magistrate Judge

---

[10] Mot. – ECF No. 116 at 22–23.