UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ANTHONY BUSH,<br><br>    Plaintiff,<br><br>v.<br><br>RUST-OLEUM CORPORATION,<br><br>    Defendant. | Case No. 20-cv-03268-LB<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION**<br><br>Re: ECF No. 95 |

**INTRODUCTION AND STATEMENT**

This is a consumer-products mislabeling case. On behalf of a putative class of California consumers, the plaintiff challenges defendant Rust-Oleum's labeling of its "Krud Kutter" cleaning products as "non-toxic" and "Earth friendly," contending that the products in fact can cause harm to humans, animals, and the environment, in violation of California consumer-protection laws. The plaintiff now moves for class certification under Federal Rule of Civil Procedure 23. The proposed class is defined as "[a]ll residents of California who, within four years prior to the filing of [the] Complaint, purchased the Products."[1] The court grants the motion.

---

[1] Mot. – ECF No. 95. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-03268-LB

The operative complaint has five claims: (1) unlawful, unfair, and fraudulent business practices under the Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200–08; (2) deceptive advertising under the False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500; (3) deceptive practices under the Consumer Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750–84; (4) breach of express warranties; and (5) unjust enrichment.[2]

It is undisputed that the court has diversity jurisdiction under the Class Action Fairness Act. 28 U.S.C. § 1332(d). All parties consented to magistrate-judge jurisdiction.[3] *Id.* § 636(c). The court held a hearing on January 25, 2024.

## ANALYSIS

Class actions are governed by Federal Rule of Civil Procedure 23. A party seeking to certify a class must prove that all the prerequisites of Rule 23(a) are met, as well as those of at least one subsection of Rule 23(b) (and the relevant subsections here are (b)(2) and (b)(3)).

The following are the prerequisites of Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

A court may certify a class under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). A court may certify a class under Rule 23(b)(2) for injunctive or declaratory relief if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

"[P]laintiffs wishing to proceed through a class action must actually *prove* — not simply plead — that their proposed class satisfies each requirement of Rule 23, including (if applicable) the

---

[2] First Am. Compl. – ECF No. 26 at 31–43 (¶¶ 66–161).

[3] Consents – ECF Nos. 6, 17.

ORDER – No. 20-cv-03268-LB                     2

predominance requirement of Rule 23(b)(3)." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014) (emphasis in original) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011)); *Comcast Corp. v. Behrend*, 569 U.S. 27, 32–33 (2013)). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23[] have been satisfied." *Comcast*, 569 U.S. at 33 (cleaned up). "Such an analysis will frequently entail overlap with the merits of the plaintiff's underlying claim." *Id.* at 33–34 (cleaned up). "That is so because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 34 (cleaned up). Still, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 466 (2013). "Merits questions may be considered to the extent — but only to the extent — that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.*

The court certifies Rule 23(b)(2) and (b)(3) class because the plaintiffs have met all Rule 23 prerequisites.

## 1. Rule 23(a) Prerequisites

### 1.1   Numerosity — Rule 23(a)(1)

Rule 23(a)(1) requires that "the class [be] so numerous that joinder of all members is impracticable." There is no absolute minimum class size for establishing numerosity, but courts have held that classes as small as 40 satisfy the numerosity requirement. *See, e.g.*, *In re Qualcomm Antitrust Litig.*, 328 F.R.D. 280, 294 (N.D. Cal. 2018); *In re Lidoderm Antitrust Litig.*, No. 14-cv-02521-WHO, 2017 WL 679367, at *13 (N.D. Cal. Feb. 21, 2017).

The defendant does not dispute that the class is sufficiently numerous. As the plaintiff points out, based on the number of Californians who purchased the products at issue, it is reasonable to infer that this requirement is met.

### 1.2   Commonality — Rule 23(a)(2)

Rule 23(a)(2) requires that "there [be] questions of law or fact common to the class." "What matters to class certification is not the raising of common questions — even in droves — but,

rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133 (9th Cir. 2016) (cleaned up) (quoting *Wal-Mart*, 564 U.S. at 350). "To satisfy Rule 23(a)(2) commonality, 'even a single common question will do.'" *Id.* (cleaned up) (quoting *Wal-Mart*, 564 U.S. at 359).

"Numerous courts have recognized that a claim concerning alleged misrepresentations on packaging to which all consumers were exposed is sufficient to satisfy the commonality requirement because it raises the common question of whether the packaging would mislead a reasonable consumer." *Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2018 WL 4952519, at *5 (N.D. Cal. Sept. 25, 2018) (collecting cases); *Prescott v. Reckitt Benckiser LLC*, No. 20-cv-02101-BLF, 2022 WL 3018145, at *4 (N.D. Cal. July 29, 2022). This requirement is also met.[4]

The defendant contends that there are two key questions here that will not generate common answers. The first, according to the defendant, is what the challenged label claims mean. Whereas the plaintiff seeks to define the challenged claims ("non-toxic" and "Earth friendly") as meaning that the products carry no risk to humans or the environment, the reasonable consumer knows otherwise. The reasonable consumer knows, for example, that onions (like the products at issue) can irritate the eyes and even water carries risk in excess amounts. And the plaintiff did not "provide evidence that there is a common understanding of the [challenged] terms" among consumers. Thus, because the plaintiff "fail[ed] to establish a uniform definition among class members," the commonality required is not satisfied.[5]

In cases like *Broomfield*, courts rest on the notion that the commonality requirement is a "low threshold" and that a common, dispositive question — even if it might ultimately be resolved against the plaintiff — is itself sufficient. *Id.* In cases like *Vizcarra v. Unilever U.S., Inc.*, on the other hand, courts have held that the plaintiff must provide "evidence regarding the knowledge base of the targeted consumer (which is relevant to the determination of the reasonableness of the

---

[4] First Am. Compl. – ECF No. 26 at 29–30 (¶ 59) (listing common questions in the form of alleged misrepresentations on the packaging).

[5] Opp'n – ECF No. 149 at 17–20.

ORDER – No. 20-cv-03268-LB                     4

consumer)." 339 F.R.D. 530, 548 (N.D. Cal. 2021); *see Jones v. ConAgra Foods, Inc.*, No. C 12-01633 CRB, 2014 WL 2702726, at *14 (N.D. Cal. June 13, 2014) (in analyzing the predominance inquiry, the court held that because "there is no fixed meaning for the word 'natural,'" consumers' understanding of the word would not be uniform). Under the more recent Ninth Circuit decision in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, though, "a district court is limited to resolving whether the evidence establishes that a common question is *capable* of class-wide resolution, not whether the evidence in fact establishes that plaintiffs would win at trial." 31 F.4th 651, 666–67 (9th Cir. 2022) ("[A] district court cannot decline certification merely because it considers [the] plaintiffs' evidence relating to the common question to be unpersuasive and unlikely to succeed in carrying the plaintiffs' burden of proof on that issue.").

The issue thus is whether evidence of a reasonable consumer's understanding of the challenged claims' meaning is required to establish that the common question (the reasonable-consumer test, i.e., whether a reasonable consumer is deceived by the labels) is "*capable* of class-wide resolution." *Id.* Importantly, *Olean Wholesale* was not a consumer-products-labeling case, and in the labeling context, the challenged terms' meaning is really just a part of the merits of the reasonable-consumer test. To put it another way, the issue of "[w]hether an ordinary consumer reasonably believes [the defendant] advertises [its product] as [conveying a certain message] is amenable to common proof: reviewing the advertisements [and] labels, and then asking the jury how they understand the message." *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2016 WL 1535057, at *5 (N.D. Cal. Apr. 15, 2016); *see also Tran v. Sioux Honey Ass'n*, 471 F. Supp. 3d 1019, 1028–29 (C.D. Cal. 2020) (even on the merits, when "the allegedly false word has no fixed meaning," survey evidence is "not required" even though it "can be particularly helpful in determining whether a reasonable consumer would be misled") (collecting cases). And even if evidence on this point were required at class certification, the plaintiff has produced evidence, including the defendant's own consumer study.

The defendant also contends that "[t]he critical question[] of materiality . . . also lack[s] common proof."[6] "[T]he question at this stage is not whether [the plaintiff] ha[s] successfully proven materiality, but rather whether the materiality inquiry is a common question susceptible to common proof[.]" *Broomfield*, 2018 WL 4952519, at *11; *Olean Wholesale*, 31 F.4th at 668 (it is a "rule that the evidence need merely be capable of resolving a common question on a class-wide basis"). In a case like this, "[b]ecause materiality is an objective question based on the reasonable consumer, it is common to the class and ideal for certification." *Broomfield*, 2018 WL 4952519, at *11 (cleaned up).

### 1.3   Typicality — Rule 23(a)(3)

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." "The test of typicality serves to ensure that the interest of the named representative aligns with the interests of the class." *Torres*, 835 F.3d at 1141 (cleaned up). "Under the Rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Id.* (cleaned up). "In this context, typicality refers to the nature of the claim or defense and not to the specific facts from which it arose or the relief sought." *Id.* "Measures of typicality include whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (cleaned up). Put another way, "[t]ypicality is present 'when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendants' liability.'" *In re Qualcomm*, 328 F.R.D. at 295 (quoting *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010)).

Here, the plaintiff's "allegations as to deception, materiality, and harm are all typical of the class as a whole." *Broomfield*, 2018 WL 4952519, at *6. The plaintiff testified that he bought one of the products at issue and that absent the challenged claims on the label, he would not have done so. The typicality requirement is thus satisfied.

---

[6] *Id.* at 20–25.

The defendant contends that the plaintiff is atypical because he is subject to two unique defenses. The first of these is standing to seek injunctive relief. At his deposition, the plaintiff testified that he will not purchase the products again "as long as they are mislabeled," and he declared that he wants to again purchase Krud Kutter cleaning products if he "could rely upon the truthfulness of [the challenged] representations."[7] Plaintiffs in a false or misleading labeling case may seek injunctive relief when they "'would like to' buy the product again but 'will not' because they 'will be unable to rely on the product's advertising or labeling' without an injunction." *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 572 (N.D. Cal. 2020) (citing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018)). The plaintiff thus has standing.

The defendant also contends that the plaintiff is atypical because when he purchased a Krud Kutter product, he did not examine the entire label, unlike what a reasonable consumer would allegedly do. But "individual experience with a product is irrelevant" to the typicality inquiry because "the injury under the UCL, FAL and CLRA is established by an objective test." *See, e.g.*, *Astiana v. Kashi Co.*, 291 F.R.D. 493, 502 (S.D. Cal. 2013).

### 1.4   Adequacy — Rule 23(a)(4)

Rule 23(a)(4) requires that "the representative parties [] fairly and adequately protect the interests of the class." "This adequacy requirement . . . 'serves to uncover conflicts of interest between named parties and the class they seek to represent' as well as the 'competency and conflicts of class counsel.'" *Espinosa v. Ahearn (In re Hyundai and Kia Fuel Econ. Litig.)*, 926 F.3d 539, 566 (9th Cir. 2019) (en banc) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 626 n.20 (1997)). "To determine legal adequacy, [courts] resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.* (cleaned up).

The plaintiff and his counsel satisfy the adequacy requirement. The defendant's argument otherwise is mainly focused on the plaintiff's honesty and credibility. "There is inadequacy only

---

[7] Bush Dep. – ECF No. 112-1 at 29 (p. 27:10–18); Bush Decl. – ECF No. 95-2 at 4 (¶ 6).

where the representative's credibility is questioned on issues directly relevant to the litigation or there are confirmed examples of dishonesty, such as a criminal conviction for fraud." *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010) (cleaned up). The issue is whether the plaintiff actually purchased a Krud Kutter product and how he came to question the veracity of the label. The court does not consider the plaintiff's credibility on these points to be sufficiently called into question by the deposition testimony cited by the defendant.

## 2. Rule 23(b) Prerequisites

### 2.1   Predominance — Rule 23(b)(3)

Among other things, Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members." "Considering whether 'questions of law or fact common to class members predominate' begins . . . with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). "An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (cleaned up).

Regarding the claims at issue here, the parties mainly dispute whether the challenged label claims are material. As the court already noted, "the question at this stage is not whether [the plaintiff] ha[s] successfully proven materiality, but rather whether the materiality inquiry is a common question susceptible to common proof that helps to establish predominance." *Broomfield*, 2018 WL 4952519, at *11. In any case, California's statutory adoption of the FTC's Green Guides — which speak to the challenged label claims at issue — means that materiality is adequately proven at this stage. *Smith v. Keurig Green Mountain, Inc.*, No. 18-cv-06690-HSG, 2020 WL 5630051, at *6 (N.D. Cal. Sept. 21, 2020); Cal. Bus. & Prof. Code § 17580.5(a); *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 329 (2011) ("The Legislature has recognized the materiality of this representation by specifically outlawing [it]."). Under all the circumstances, the predominance

requirement is satisfied. *Schneider v. Chipotle Mexican Grill, Inc.*, 328 F.R.D. 520, 539–40 (N.D. Cal. 2018) ("In cases alleging misrepresentation, common issues predominate when plaintiffs are exposed to a common set of representations about a product.") (cleaned up); *Olean Wholesale*, 31 F.4th at 667 ("[I]f each class member could have relied on the plaintiffs' evidence to establish liability if he or she had brought an individual action, and the evidence could have sustained a reasonable jury finding on the merits of a common question, then a district court may conclude that the plaintiffs have carried their burden of satisfying the Rule 23(b)(3) requirements as to that common question of law or fact.") (cleaned up).

The defendant attacks the breadth of the proposed class, which is defined as "[a]ll residents of California who, within four years prior to the filing of this [First Amended] Complaint, purchased the Products."[8] The defendant objects that this definition is overbroad because it includes every purchaser rather than only those who were misled by the labels, i.e., those who suffered an injury.[9]

For purposes of the predominance requirement, a class definition is not automatically overbroad when it "potentially includes more than a de minimis number of uninjured class members." *Olean Wholesale Grocery*, 31 F.4th at 669. But "[w]hen a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification." *Id.* at 669 n.14 (cleaned up).

The proposed class is not overbroad. In line with the Ninth Circuit's statement that classes are overbroad when they include members who "could not have been harmed," courts in consumer-deception cases have generally held the class to be overbroad when it includes members who were not exposed to the alleged misrepresentations. *Id.*; *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 568 (C.D. Cal. 2014) (collecting cases). Beyond that, there is no ascertainability or "administrative feasibility prerequisite to class certification" in the Ninth Circuit. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1126 (9th Cir. 2017).

---

[8] Mot. – ECF No. 95 at 19.

[9] Opp'n – ECF No. 109 at 29–34.

Citing *Comcast*, 569 U.S. at 35, the defendant also contends that there is "a disconnect between [the plaintiff's] damages model and [his] theory of liability," because his expert tested only the challenged label claims rather than the full context of the labels.[10] In *Comcast*, which was an antitrust case, the court held that "a model purporting to serve as evidence of damages" must "measure only those damages attributable to" the plaintiff's "theory of antitrust impact." *Id.* To the extent this principle can be analogized to the present case, the plaintiff has not offered a measure of damages that is inconsistent with his theory of deception. *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1113 (N.D. Cal. 2018) ("[T]he price premium attributable to an alleged misrepresentation on product packaging is a valid measure of damages in the affirmative misrepresentation context under the FAL, CLRA, and UCL.").

## 2.2   Superiority – Rule 23(b)(3)

Rule 23(b)(3) requires a class proponent to show that the class action is the superior method for adjudicating the dispute. Factors to be considered in weighing this question include the following: (1) class members' interest in individually controlling the litigation; (2) the extent and nature of the litigation; (3) the desirability of concentrating the claims in one suit; and (4) the likely difficulties in managing the class action. Fed. R. Civ. P. 23(b)(3)(A)–(D); *Leyva v. Medline Inds. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013).

The superiority requirement is met here. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification."). The defendant's argument otherwise is that the class is not ascertainable, but the Ninth Circuit has foreclosed that argument. *Briseno*, 844 F.3d at 1126.

## 2.3   Acting on Grounds That Apply Generally to the Class — Rule 23(b)(2)

A court may certify a class under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." "The key to the

---

[10] *Id.* at 22.

[Rule 23(b)(2)] class is the 'indivisible nature of the injunctive or declaratory remedy warranted — the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *B.K. ex rel. Tinsley v. Snyder*, 922 F.3d 957, 971 (9th Cir. 2019) (quoting *Wal-Mart*, 564 U.S. at 360). "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction." *Id.* (quoting *Wal-Mart*, 564 U.S. at 360).

Rule 23(b)(2) "does not require [courts] to examine the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them." *Rodriguez*, 591 F.3d at 1125. "[I]t is sufficient to meet the requirements of Rule 23(b)(2) that class members complain of a pattern or practice that is generally applicable to the class as a whole." *Id.* (cleaned up). "The fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2)." *Id.* (cleaned up). "Furthermore, unlike actions brought under one of the other 23(b) prongs, questions of manageability and judicial economy are irrelevant to 23(b)(2) class actions." *Id.* (cleaned up).

The Ninth Circuit has instructed that courts should not impose a "cohesiveness" requirement in assessing whether certification under Rule 23(b)(2) is appropriate. *Senne v. Kan. City Royals Baseball Corp.*, 934 F.3d 918, 937–38 (9th Cir. 2019) (quoting Fed. R. Civ. P. 23(b)(2)). "Although common issues must predominate for class certification under Rule 23(b)(3), no such requirement exists under 23(b)(2)." *Id.* at 938 (cleaned up). Instead, "Rule 23(b)(2) . . . requires only that 'the party opposing the class have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Id.* at 928 (cleaned up) (quoting Fed. R. Civ. P. 23(b)(2)).

Here, the class members "seek uniform relief from a practice applicable to all of them." *Rodriguez*, 591 F.3d at 1125. Also, the court has already held that the named plaintiff has standing to seek injunctive relief.

# CONCLUSION

The court grants the motion for class certification and certifies the proposed class under Rule 23(b)(2) and (b)(3). This resolves ECF No. 95.

**IT IS SO ORDERED.**

Dated: February 5, 2024

_____
LAUREL BEELER
United States Magistrate Judge