UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ANTHONY BUSH, | Case No. 20-cv-03268-LB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR RECONSDERATION** |
| RUST-OLEUM CORPORATION, | Re: ECF No. 199 |
| Defendant. | |

This is a consumer-products mislabeling case. On behalf of a class of California consumers, the plaintiff challenges defendant Rust-Oleum's labeling of its "Krud Kutter" cleaning products as "non-toxic" and "Earth friendly," contending that the products in fact can cause harm to humans, animals, and the environment, in violation of California consumer-protection laws.[1] The court recently denied the defendant's motion for summary judgment, which had mainly contended that the plaintiff's theory of consumer deception is refuted by disclaimers on the labels themselves and testimony from the plaintiff and his expert toxicologist.[2] The defendant now moves for reconsideration of that order.[3]

---

[1] First Am. Compl. – ECF No. 26.

[2] Order – ECF No. 186.

[3] Mot. – ECF No. 199.

ORDER – No. 20-cv-03268-LB

It is undisputed that the court has diversity jurisdiction under the Class Action Fairness Act. 28 U.S.C. § 1332(d). All parties consented to magistrate-judge jurisdiction.[4] *Id.* § 636(c). The court can decide the motion without oral argument, N.D. Cal. Civ. L.R. 7-1(b), and denies it.

1. **Legal Standard**

This district's local rules provide that a motion for reconsideration must be based on one of the following: (1) "a material difference in fact or law" relative to that "which was presented to the Court before entry" of the subject order, (2) "[t]he emergence of new material facts or a change of law," or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." N.D. Cal. Civ. L.R. 7-9(b).

A district court can also "reconsider" non-final judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Reconsideration is appropriate when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

2. **Application**

The defendant contends that the court committed manifest error on two grounds, which the court addresses in turn.

First, the defendant argues that the plaintiff produced no extrinsic evidence on the reasonable-consumer issue, which requires summary judgment.[5] It is true that courts sometimes say that to survive summary judgment, the plaintiff "must demonstrate by extrinsic evidence, such as

---

[4] Consents – ECF Nos. 6, 17.

[5] Mot. – ECF No. 199 at 9–13.

consumer survey evidence, that the challenged statements tend to mislead consumers." *Ries v. Ariz. Beverages USA LLC*, No. 10-01139 RS, 2013 WL 1287416, at *6 (N.D. Cal. Mar. 28, 2013). But that describes the typical summary-judgment context and here, the defendant's summary-judgment motion was perhaps not a typical one. The summary-judgment standard of review shows why.

At summary judgment, when the nonmoving party has the burden of proof at trial, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The defendant's summary-judgment motion contended that the plaintiff's deposition testimony set out a theory of deception (that the challenged terms "non-toxic" and "Earth friendly" mean "no risk") that is defeated by the product labels themselves and the plaintiff's expert toxicologist's testimony. This is an argument that evidence exists to affirmatively negate an element of the plaintiff's claim, not that the plaintiff lacks evidence of an element. *Id.*

That distinction matters because on reconsideration, the defendant is arguing that the plaintiff lacks evidence of an element (namely, "that the challenged statements tend to mislead consumers"). *Ries*, 2013 WL 1287416, at *6. That is not how the court understood the defendant's summary-judgment argument. The defendant did say that "[i]t is Bush's burden to demonstrate how a reasonable consumer interprets the [challenged] terms" and "[h]e has no evidence outside of his own definition."[6] But that statement was different than the rest of the argument and in any case, the plaintiff had evidence in the form of the defendant's prelitigation consumer surveys and the plaintiff's own consumer-perception survey. And as for the defendant's attempt to affirmatively negate an element, the court already held that the defendant did not carry its initial burden (in part because deposition testimony of individuals is anecdotal). The court thus denies reconsideration on this ground.

---

[6] Mot. for Summ. J. – ECF No. 116 at 20.

Second, the defendant contends that the court erred in holding that the claim "Earth friendly" is not puffery. The court will rest on its conclusion that the term "Earth friendly" is not so general or nonspecific as to make it "extremely unlikely" that a consumer would rely on it. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008). Given that California law applies here, the fact that California statutory law speaks to the term "Earth friendly" is enough in the court's estimation. *White v. Kroger Co.*, No. 21-cv-08004-RS, 2022 WL 888657, at *2 (N.D. Cal. Mar. 25, 2022) ("California view[s] terms on the label or container of a consumer good like . . . 'earth friendly' . . . to mean that the product is not harmful to, or is beneficial to, the natural environment. While . . . [this] California statute [does not] directly create[] a private cause of action, [it] do[es] undermine any argument that 'reef friendly' can be dismissed as mere puffery.") (cleaned up). It is true that "reef friendly" is more specific than "Earth friendly," but the fact remains that California statutory law views "Earth friendly" to have an ascertainable definition. The court thus denies reconsideration on this ground.

\*   \*   \*

The court denies the motion for reconsideration. This resolves ECF No. 199.

**IT IS SO ORDERED.**

Dated: April 29, 2024

LAUREL BEELER
United States Magistrate Judge