**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
Alan Gudino (SBN 326738)
*agudino@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, California 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

**MOON LAW APC**
Christopher D. Moon (SBN 246622)
*chris@moonlawapc.com*
Kevin O. Moon (SBN 246792)
*kevin@moonlawapc.com*
228 Hamilton Ave., 3rd Fl
Palo Alto, California 94301
Tel: (619) 915-9432
Fax: (650) 618-0478

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BUSH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RUST-OLEUM CORPORATION,<br><br>Defendant. | Case No. 3:20-cv-03268-LB<br>Complaint Filed: May 13, 2020<br>FAC Filed: August 24, 2020<br><br>*Assigned for all Purposes to Hon. Laurel Beeler, United States Magistrate Judge*<br><br>**DECLARATION OF BAHAR SODAIFY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing Information:<br>Date: April 17, 2025<br>Time: 9:30 a.m.<br>Courtroom: B |

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

DECLARATION OF BAHAR SODAIFY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**DECLARATION OF BAHAR SODAIFY**

I, Bahar Sodaify, declare as follows:

1.      I am partner at Clarkson Law Firm, P.C. ("Clarkson") and Class Counsel in this action. I am licensed to practice in all Federal district courts in the state of California, and I am a member in good standing of the California State Bar. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.      I submit this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

3.      Attached hereto as Exhibit A is a true and correct copy of the parties' Settlement Agreement (the "Settlement").

**PROCEDURAL HISTORY**

4.      On May 13, 2020, Plaintiff Anthony Bush filed this class action against Defendant Rust-Oleum Corporation in the United States District Court for the Northern District of California, alleging violations of the UCL, FAL, CLRA, as well as claims for breach of express warranty and unjust enrichment. Plaintiff asserted that Defendant deceptively marketed and sold its Krud Kutter cleaning products as "Non-Toxic" and "Earth Friendly" despite containing ingredients that could cause harm to humans, animals, and the environment (the "Products"). He sought injunctive relief, as well as compensatory damages in the amount of the price premium that consumers overpaid for the Products due to the false and deceptive representations.

5.      Defendant subsequently moved to dismiss Plaintiff's First Amended Complaint, arguing, among other things, that Plaintiff failed to sufficiently allege deception, standing, and the plausibility of consumer harm. Defendant contended that the Products' labels contained sufficient disclaimers, and that no reasonable consumer would be misled by the challenged representations. Plaintiff opposed the motion by noting that the "Non-Toxic" and "Earth Friendly" claims were prominently displayed and conveyed false assurances about the Products' safety. The Court denied Defendant's motion in full, finding that Plaintiff had adequately pled consumer deception, injury, and entitlement to relief under all asserted causes of action. The Court specifically held that Plaintiff sufficiently alleged that reasonable consumers could be misled by Defendant's labeling.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

6.      Following the denial of Defendant's motion to dismiss, the parties engaged in extensive fact and expert discovery. The parties exchanged written discovery, reviewed thousands of pages of internal corporate documents and marketing materials, and deposed key witnesses, including corporate representatives and experts. Plaintiff retained expert witnesses, including survey researchers and chemists, to analyze consumer perception of the challenged label claims and the chemical composition of the Products. Meanwhile, Defendant retained rebuttal experts to challenge Plaintiff's scientific and economic conclusions.

7.      In February 2024, Plaintiff moved to certify a California class under Rule 23(b)(2) for injunctive relief and Rule 23(b)(3) for damages. Before the Court ruled on Plaintiff's motion for class certification, Defendant moved for summary judgment by arguing that disclaimers on the Products' labels contradicted Plaintiff's allegations and that Plaintiff's expert testimony failed to establish consumer deception. Defendant contended that no reasonable consumer could be misled by the Products' claims and that Plaintiff lacked evidence of an injury. In response, Plaintiff relied on a consumer perception survey and expert testimony to demonstrate that consumers were likely to be misled by the "Non-Toxic" and "Earth Friendly" claims.

8.      While Defendant's summary judgment motion was pending, the Court granted Plaintiff's motion for class certification, finding that Plaintiff met all Rule 23 requirements, as the case involved uniform representations on the Products' labels that applied to all Class Members equally. The Court also determined that Plaintiff had standing to seek injunctive relief and that damages could be determined on a class-wide basis. Subsequently, the Court denied Defendant's motion for summary judgment, ruling that factual disputes remained regarding whether the labeling was deceptive and whether consumers paid a price premium due to the challenged representations.

9.      After the Court granted Plaintiff's motion for class certification, Defendant petitioned the Ninth Circuit for permission to appeal the Court's class certification order under Rule 23(f). While that petition was pending, Defendant moved for leave to file a motion for reconsideration of the Court's summary judgment ruling, reiterating its arguments regarding consumer deception and asserting that Plaintiff's expert evidence was insufficient. Defendant also contended that new case law and additional clarifications about consumers' understanding of the challenged claims

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

warranted reconsideration. The Ninth Circuit then denied Defendant's petition, and shortly thereafter, the Court denied Defendant's motion for leave to file a motion for reconsideration, holding that Defendant had not presented any new evidence or legal grounds to justify reconsideration.

10.     On July 22, 2024, the parties participated in a full-day mediation with experienced mediator Hunter Hughes of Alternative Dispute Resolution. Although the mediation did not immediately resolve the case, it facilitated further negotiations with the continued involvement of the mediator, which ultimately led to an agreement in principle. The parties later formalized the Settlement, which provides for injunctive relief and the establishment of a $1.5 million non-reversionary Settlement Fund. The injunctive relief requires Defendant to remove the "Non-Toxic" representation from its Products' labels and modify the "Earth Friendly" representation by adding qualifying language to eliminate the deception. The Settlement also provides monetary relief to Class Members who submit valid claims. As a result of this litigation and the mediation process, Class Counsel fully investigated the claims and defenses, which allowed them to candidly assess the risks and benefits of settlement. Plaintiff now submits this motion for preliminary approval of the Settlement to bring this Action to a final and equitable resolution.

## SETTLEMENT ASSESSMENT

11.     The Settlement, which was reached after nearly five years of litigation, including extensive discovery, class certification, summary judgment briefing, and a mediation session, provides both injunctive and monetary relief that directly addresses the alleged deception created by Defendant's representations that the Products are "Non-Toxic" and "Earth Friendly."

12.     Class Counsel secured this outcome despite significant litigation risks and vigorous opposition from highly skilled defense counsel. Although Plaintiff remains confident in the strength of his claims, Defendant has vigorously disputed liability and maintains that the science does not support Plaintiff's allegations. Defendant was prepared to argue, as it has in the past, that the Products are properly labeled, that consumers were not misled, and that Plaintiff's expert testimony was insufficient to establish deception or injury on a class-wide basis. At trial, these issues would have resulted in a battle of experts, which is inherently risky and unpredictable for both sides. Even

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

if Plaintiff prevailed at trial, Defendant would likely challenge class-wide damages, appeal an adverse judgment, and continue fighting certification. Because of these risks, the Settlement secures injunctive and monetary relief now, rather than leaving Class Members' recovery to the unpredictability of trial and potential appellate proceedings.

13.    Class Counsel's decision to settle for both injunctive relief under Rule 23(b)(2) and monetary relief under Rule 23(b)(3) was a strategic and pragmatic resolution given the circumstances. While Plaintiff was confident in proving the misleading nature of the "Non-Toxic" and "Earth Friendly" claims, the total potential damages for individual Class Members would have been modest relative to the costs of continued litigation. Protracted litigation would have required substantial additional costs for expert testimony and further motion practice, making the negotiated relief a more effective and reasonable outcome for the Class.

14.    The costs associated with additional expert analysis and continued motion practice would have been significant. Both parties have already invested heavily in expert reports and discovery, and continued litigation would only increase expenses without guaranteeing a greater recovery for the Class. Further litigation would be complex, uncertain, and costly, particularly when weighed against the potential recoverable damages.

15.    For these reasons, as well as those outlined in Plaintiff's memorandum, Class Counsel believes the Settlement is fair, reasonable, adequate, and in the best interest of the Class. Accordingly, the Court should grant preliminary approval of the Settlement.

I declare under penalty of perjury under the laws of the United States and the state of California that the foregoing is true and correct. Executed on February 24, 2025 in Los Angeles, California.

*/s/ Bahar Sodaify*
Bahar Sodaify, Esq.

DECLARATION OF BAHAR SODAIFY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265