# EXHIBIT A

**_Bush v. Rust-Oleum Corporation_ Case
No. 3:20-cv-03268-LB
Declaration of Bahar Sodaify
Settlement Agreement**

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Settlement"), dated the date last signed below, is made and entered into by and between Plaintiff Anthony Bush ("Plaintiff"), on behalf of himself and the Settlement Class, and Defendant Rust-Oleum Corporation ("Defendant") to settle and compromise the Action, as defined below, and settle, resolve, and discharge the Released Claims, as defined below, according to the terms and conditions herein.

### PREAMBLE

**WHEREAS**, on May 13, 2020, Plaintiff Anthony Bush filed a class action entitled *Bush v. Rust-Oleum Corporation* in the United States District Court for the Northern District of California, Case. No. 3:20-cv-03268 (the "Action") alleging violations of California's consumer protection statutes for deceptively labeling its cleaning products as "Non-Toxic" and "Earth Friendly."

**WHEREAS**, on February 5, 2024, the Court certified the following class in the Action:

> All residents of California who, within four years prior to the filing of the Complaint, purchased the Products.

**WHEREAS**, the Court appointed Anthony Bush as the class representative and appointed Clarkson Law Firm and Moon Law APC as class counsel in its order certifying the California class of consumers.

**WHEREAS**, Plaintiff alleges that Defendant has engaged in acts that violate state consumer protections laws including California's False Advertising Laws ("FAL"), Bus. & Prof. Code §§ 17500 *et seq*., California's Unfair Competition Laws ("UCL"), Bus. & Prof. Code §§ 17200 *et seq*., and California's Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750 *et seq*.), as well as breached state warranty and unjust enrichment laws. The alleged violations are based on Plaintiff's allegation that the products in question may cause harm to humans, animals, and/or the environment, or impacts such as headache, stinging eyes, or dry skin/rash, rendering the "Non-Toxic" and "Earth Friendly" representations false or misleading, and that, as

a result, Plaintiff and the putative class have suffered monetary damages and also seek equitable remedies.

**WHEREAS**, the Settling Parties participated in a full-day mediation with Mediator Hunter Hughes on July 22, 2024. The Parties subsequently reached an agreement in principle to resolve all claims in the Action through continued settlement discussions that were also facilitated by Mediator Hunter Hughes.

**WHEREAS**, Plaintiff and Class Counsel believe that the claims asserted in the Action have merit and have examined and considered the benefits to be obtained under this Settlement, the risks associated with the continued prosecution of this complex and time-consuming litigation, and the likelihood of ultimate success on the merits, and have concluded that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class;

**WHEREAS**, Defendant denies Plaintiff's claims in all respects, but it is the intention of this Agreement to resolve all potential claims with respect to the Covered Products' labeling, packaging, and marketing, and to provide compensation to all purchasers of the Covered Products with respect to the "Non-Toxic" and "Earth Friendly" claims on the Covered Products. Defendant denies all of the allegations made in the Action and denies that it did anything unlawful or improper, and its agreement to this Settlement is not an admission of guilt or wrongdoing of any kind;

**WHEREAS**, Plaintiff and Class Counsel have analyzed and evaluated the merits of all Parties' contentions and this Settlement as it affects all Parties and the Settlement Class Members and, after taking into account the foregoing, along with the risks and costs of further litigation, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Action and the prompt provision of effective relief to the Settlement Class are in the best interests of the Settlement Class Members;

**WHEREAS**, Defendant hereby agrees, solely for the purposes of the Settlement set forth herein, that it will not oppose Plaintiff's request to certify the Settlement Class and appoint Class Counsel as counsel for the Settlement Class and the Settlement Class Representative as

representative of the Settlement Class; provided, however, that if this Agreement fails to receive Court approval or otherwise fails to be executed, including but not limited to, the judgment not becoming final, then the Parties retain all rights that they had immediately preceding the execution of this Agreement, and the Action will continue as if the Settlement Class had never been certified. The fact that Defendant did not oppose certification of the Settlement Class shall not be used against Defendant by any Party or non-party for any purpose in this Action or any other action, litigation, lawsuit, or proceeding of any kind whatsoever. The Parties agree, subject to approval by the Court, that the Action between Plaintiff, on the one hand, and Defendant, on the other hand, shall be fully and finally compromised, settled, and released on the terms and conditions set forth in this Agreement;

**WHEREAS**, this Agreement is contingent upon the issuance by the Court of both preliminary approval and final approval. Should the Court not issue preliminary approval and/or final approval, the Parties do not waive, and instead expressly reserve, all rights and remedies in the Action;

**WHEREAS**, this Agreement reflects a compromise between the Parties and shall in no event be construed as or be deemed an admission or concession by any Party of the truth, or lack thereof, of any allegation or the validity, or lack thereof, of any purported claim or defense asserted in any of the pleadings or filings in the Action, any threatened but not yet filed claim, or of any fault on the part of Defendant, and all such allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability by or against any Party;

**WHEREAS**, Defendant and the Settlement Class Representative on behalf of the Settlement Class (as defined below) wish to resolve any and all past, present, and future claims that the Settlement Class has or may have against Defendant on a nationwide basis as they relate to the allegations in the Action and the Covered Products;

**NOW, THEREFORE**, the Parties, for good and valuable consideration, the sufficiency of which is hereby acknowledged, understand and agree to the following terms and conditions.

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

<u>**TERMS AND CONDITIONS OF THE SETTLEMENT**</u>

1.    <u>**DEFINITIONS**</u>

    As used in this Agreement, the following capitalized terms have the meanings specified below.

    **1.1.**    **"Action"** means the civil action entitled *Bush v. Rust-Oleum Corporation*, Case No. 3:20-cv-03268, currently pending in the United States District Court for the Northern District of California.

    **1.2.**    **"Agreement" or "Settlement Agreement"** means this Class Action Settlement Agreement, including the attached exhibits.

    **1.3.**    **"Cash Award"** means a cash payment from the Settlement Fund to a Settlement Class Member with an Approved Claim.

    **1.4.**    **"Claim"** means a request for relief submitted by or on behalf of a Settlement Class Member on a Claim Form filed with the Settlement Administrator in accordance with the terms of this Agreement.

        **1.4.1.**  **"Approved Claim"** means a claim approved by the Settlement Administrator, according to the terms of this Agreement.

        **1.4.2.**  **"Claimant"** means any Settlement Class Member who submits a Claim Form for the purpose of claiming benefits, in the manner described in Section 4 of this Agreement.

        **1.4.3.**  **"Claim Form"** means the document to be submitted by Claimants seeking direct monetary benefits pursuant to this Agreement substantially in the form that is attached to this Agreement as Exhibit 1.

        **1.4.4.**  **"Claims Deadline"** means the date by which a Claimant must submit a Claim Form to be considered timely.  The Claims Deadline shall be sixty (60) calendar days after the Settlement Notice Date.

        **1.4.5.**  **"Claims Process"** means the process by which Settlement Class Members may make claims for relief, as described in Section 4 of this Agreement.

CLASS ACTION SETTLEMENT AGREEMENT

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

1.5.    **"Defendant"** means Rust-Oleum Corporation, the defendant in the Action.

1.6.    **"Defendant's Counsel"** means Defendant's counsel of record in the Action, Anthony J. Monaco, P. Stephen Fardy, and William D. Patterson of Swanson, Martin & Bell, LLP.

1.7.    **"Class Period"** means the time period between May 13, 2016 through the date the Preliminary Approval Order is entered.

1.8.    **"Covered Products"** or **"Settlement Class Products"** or **'Class Products"** or **"Products"** means all Krud Kutter brand products sold by Defendant and labeled "Non-Toxic" and "Earth Friendly" including the following: (1) Krud Kutter Adhesive Remover; (2) Krud Kutter Instant Carpet Stain Remover Plus Deodorizer; (3) Krud Kutter Original Cleaner & Degreaser; (4) Krud Kutter Tough Task Remover; (5) Krud Kutter Sports Cleaner/Stain Remover; (6) Krud Kutter Gutter & Exterior Metal Cleaner; (7) Krud Kutter Kitchen Degreaser & All Purpose Cleaner; (8) Krud Kutter Heavy Traffic Carpet Cleaner; (9) Krud Kutter Deck & Fence Wash; (10) Krud Kutter Multi-Purpose House Wash; (11) Krud Kutter Window Wash; (12) Krud Kutter Parts Washer Cleaner/Degreaser; (13) Krud Kutter Driveway Cleaner & Degreaser; (14) Krud Kutter Original Cleaner & Degreaser (Aerosol); and (15) Krud Kutter Tough Task Remover (Aerosol), and all sizes and packaging types of those products.

1.9.    **"Settlement Class"** means, collectively, all persons in the United States of America who purchased one or more of Defendant's Covered Products at any time during the Class Period. Excluded from the Settlement Class are any officers, directors, or employees of Defendant, and the immediate family members of any such person. Also excluded is any judge who may preside over this case.

1.10.    **"Settlement Class Member"** means any person who is a member of the Settlement Class other than those persons who validly request exclusion from the Settlement Class as set forth in Section 6.5 this Agreement.

1.11.    **"Settlement Administrator"** refers to the independent company agreed upon by the Parties and approved by the Court to provide the Class Notice and conduct the Claims

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

Administration. The Parties agree to designate Digital Settlement, LLC as the Settlement Administrator, subject to approval by the Court.

**1.12.** **"Claims Administration"** means the administration of the Claims Process by the Settlement Administrator.

**1.13.** **"Class Counsel"** means Ryan J. Clarkson, Bahar Sodaify, Alan Gudino of Clarkson Law Firm, P.C., and Christopher D. Moon, Kevin O. Moon of Moon Law APC.

**1.14.** **"Class Notice"** means the three documents notifying Settlement Class Members, pursuant to the Notice Plan, of the Settlement, and the substance of those documents.

> **1.14.1.** **"Long Form Notice"** refers to the proposed full Class Notice (also referred to as Notice of Settlement of Class Action) substantially in the form that is attached to this Agreement as Exhibit 2.
>
> **1.14.2.** **"Short Form Notice"** means the proposed summary Class Notice substantially in the form that is attached to this Agreement as Exhibit 3.
>
> **1.14.3.** **"Notice Plan"** means the plan for dissemination of Class Notice to be submitted to the Court in connection with a motion for preliminary approval of this Settlement, attached to this Agreement as Exhibit 4.
>
> **1.14.4.** **"Settlement Notice Date"** means the date that the Settlement Administrator will send out notice to the Settlement Class. This is the first date on which notice is given to the Settlement Class. The Notice Date shall be thirty (30) days after the Court issues the Preliminary Approval Order.

**1.15.** **"Settlement Class Representative"** means named plaintiff Anthony Bush.

**1.16.** **"Court"** means the United States District Court for the Northern District of California.

**1.17.** **"Effective Date"** means the first day after which all of the following events and conditions of this Settlement Agreement have occurred or have been met: (a) the Court has entered a Final Approval Order approving the Settlement; (b) the Court has entered judgment that has become final ("Final") in that the time for appeal or writ of certiorari has expired or, if an appeal

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

or writ of certiorari is taken and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.  If the Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Final Judgment shall not become Final.  In the event of an appeal or other effort to obtain review, the Parties may agree jointly in writing to deem the Effective Date to have occurred; however, there is no obligation to agree to advance the Effective Date.

1.18.    **"Fees and Costs Award"** means the amount of attorneys' fees and reimbursement of expenses and costs awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.19.    **"Final Approval Hearing"** means the hearing to be conducted by the Court to determine whether to grant final approval of the Settlement and to enter Judgment.

1.20.    **"Final Approval Order"** means the order to be submitted to the Court in connection with a motion for final approval and the Final Approval Hearing.

1.21.    **"Judgment"** means the Court's act of entering a final judgment on the docket that will be incorporated with the Final Approval Order to be submitted to the Court in connection with a motion for final approval and the Final Approval Hearing.

1.22.    **"Labeling"** or **"Label"** means all written, printed, or graphic matter appearing upon the packaging or labeling of any of the Class Products, as well as all written, printed, or graphic matter used in the distribution or sale of any of the Class Products, including, without limitation, all information, representations, instructions, communications, statements, and pictorial content published or appearing in any advertising, promotions, commercials, displays, print media, websites, social media, television, and all other media platforms and outlets, describing, explaining, communicating about, and/or promoting any of the Class Products.

1.23.    "**Notice and Other Administrative Costs**" means all costs and expenses actually incurred by the Settlement Administrator in administering the Settlement, including publication of Class Notice as provided herein and in the Notice Plan, establishment of the Settlement Website, the processing, handling, reviewing, and paying of claims made by Claimants, and paying taxes

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

and tax expenses related to the Settlement Fund (including all federal, state, or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants). All taxes on the income of the Settlement Fund, and any costs or expenses incurred in connection with the taxation of the Settlement Fund shall be paid out of the Settlement Fund, shall be considered to be a Notice and Other Administrative Cost, and shall be timely paid by the Settlement Administrator without prior order of the Court. The Parties shall have no liability or responsibility for the payment of any such taxes.

1.24.   **"Objection Deadline"** means the date by which Settlement Class Members must file with the Court a written statement objecting to any terms of the Settlement or to Class Counsel's request for fees or expenses. The Parties will request that the Court set the Objection Deadline to be sixty (60) calendar days after the Settlement Notice Date.

1.25.   **"Opt-Out Deadline"** means the deadline by which a Settlement Class Member must exercise their option to opt out of the Settlement so as not to release their claims as part of the Released Claims. The parties will request that the Court set the Opt-Out Deadline to coincide with the Objection Deadline.

1.26.   **"Person"** means any individual, corporation, partnership, association, or any other legal entity.

1.27.   **"Plaintiff"** means the Settlement Class Representative, Anthony Bush, either individually or on behalf of the Class.

1.28.   **"Preliminary Approval Date"** means the date of entry of the Court's order granting preliminary approval of the Settlement.

1.29.   **"Preliminary Approval Order"** means the proposed order to be submitted to the Court in connection with the motion for preliminary approval, substantially in the form attached hereto as Exhibit 5.

1.30.   **"Non-Monetary Relief"** means the relief as set forth in detail in paragraph 5.1 below.

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

1.31.   **"Proof of Purchase"** means a receipt or other purchase record from Defendant, a third party commercial source, a Released Party, or other documentation reasonably establishing confirmation of purchase of the applicable Class Product during the Class Period in the United States.

1.32.   **"Released Claims"** means the claims released by the Settlement Class Members via this Agreement.

1.33.   **"Released Parties"** means all manufacturers, distributors, retailers, sellers, suppliers, and resellers of any of the Class Products, together with each of their direct and indirect parent companies, predecessor entities, successor entities, related companies, direct and indirect subsidiaries, divisions, holding entities, past and present affiliates and banners, franchisees, distributors, wholesalers, retailers, advertising and production agencies, ingredient suppliers, licensors, and agents, including all current and former officers, directors, managers, members, partners, owners, contractors, employees, shareholders, consultants, attorneys, legal representatives, insurers, agents, assigns, and other equity interest holders of any of the foregoing, and their heirs, executors, administrators, and assigns.  For the avoidance of doubt, Released Parties includes, but is not limited to Defendant Rust-Oleum Corporation.

1.34.   **"Releasing Parties"** means Plaintiff, all Settlement Class Members, and any Person claiming by or through them, including any Person claiming to be their spouse, parent, child, heir, guardian, associate, co-owner, agent, insurer, administrator, devisee, predecessor, successor, assignee, equity interest holders or representatives of any kind (other than Class Counsel), shareholder, partner, member, director, employee or affiliate, and their heirs, executors, administrators, and assigns.

1.35.   **"Request for Exclusion"** means the written submission submitted by a Settlement Class Member to be excluded from the Settlement consistent with the terms of this Agreement, which request shall include the requestor's name, address, the name of the Action, and lawful signature.

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

**1.36.** **"Service Award"** means any award approved by the Court that is payable to the Settlement Class Representative from the Total Settlement Fund.

**1.37.** **"Settlement"** means the resolution of this Action embodied in the terms of this Agreement.

**1.38.** **"Total Settlement Fund"** means the qualified settlement fund this Agreement obligates Defendant to fund in the amount of $1,500,000, which is in the form of a non-reversionary common fund and is established in accordance with 26 C.F.R. §§ 1.468B-1(c) and (e)(1).

**1.39.** **"Settlement Payment"** means the amount to be paid to valid Claimants as detailed in Section 4.

**1.40.** **"Settlement Website"** means a website maintained by the Settlement Administrator to provide the Settlement Class with information relating to the Settlement.

## 2.    SETTLEMENT FUND

**2.1** **Settlement Consideration**.  Defendant agrees to establish a non-reversionary common fund of $1,500,000 (the "Total Settlement Fund"), which shall be used to pay all Settlement expenses, including Notice and Other Administrative Costs; Fees and Costs Award; Service Award; and Class Members' Claims. Defendant shall not be liable to pay more than the amount of the Total Settlement Fund or to pay anything apart from the Total Settlement Fund.  The Total Settlement Fund shall be established to pay in full and in the following order: (1) any necessary taxes and tax expenses, (2) all costs and expenses associated with disseminating Class Notice, (3) all costs and expenses associated with the administration of the Agreement, including but not limited to processing claims and fees of the Settlement Administrator, (4) any attorneys' fees and expenses awarded by the Court to Class Counsel pursuant to Section 3 of this Agreement, (5) any service award made by the Court to Plaintiff under Section 3.4 of this Agreement, (6) cash payments distributed to Claimants who have submitted timely, valid, and approved claims pursuant to the claims process outlined in Section 4.1 of this Agreement.

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

**2.2    Creation and Administration of Qualified Settlement Fund**.  The Settlement Administrator is authorized to establish the Settlement Fund under 26 C.F.R. §§ 1.468B-1(c) and (e)(1), to act as the "administrator" of the Settlement Fund pursuant to 26 C.F.R. § 1.468B-2(k)(3), and to undertake all duties as administrator in accordance with the Treasury Regulations promulgated under § 1.468B of the Internal Revenue Code of 1986.  All costs incurred by the Settlement Administrator operating as administrator of the Settlement Fund shall be construed as costs of Claims Administration and shall be borne solely by the Total Settlement Fund.  Interest on the Settlement Fund shall inure to the benefit of the Settlement Class.

**2.3**    Defendant shall fund the Total Settlement Fund within 30 days following the Preliminary Approval Order.

**3.    ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

**3.1    Application for Attorneys' Fees and Costs**.  At least thirty (30) calendar days before the Objection Deadline, Class Counsel and Settlement Class Representative shall file a motion, set for hearing on the same date as the Final Approval Hearing, requesting any Fees and Costs Award to be paid from the Settlement Fund.  Class Counsel shall also apply for reimbursement of reasonable litigation costs and expenses to be paid from the Settlement Fund. Class Counsel will seek reimbursement of attorneys' fees of no more than $500,000.00 in the aggregate.   The Parties have not agreed on the amount of any attorneys' fees, costs or expenses, and Defendant reserves the right to oppose or object to such amounts.

**3.2    Distribution of Attorneys' Fees and Costs**.  The Settlement Administrator shall pay to Class Counsel from the Settlement Fund the amount of attorneys' fees and costs awarded by the Court within fourteen (14) calendar days of entry of Judgment, notwithstanding any appeals or any other proceedings which may delay the Effective Date of the Settlement. Notwithstanding the foregoing, if for any reason the Settlement, Plaintiff's attorneys' fees or litigation costs are overturned, reduced, vacated, or otherwise modified, Class Counsel shall be obligated by Court order to return any difference between the amount of the original award and any reduced award.

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

If the Settlement remains in force, the difference shall be returned to the Settlement Fund; if the Settlement is not in force, the difference shall be returned to Defendant.

       **3.3**     **Application and Distribution of Service Awards**.  Class Counsel shall also apply for Service Award to the Settlement Class Representative to be paid from the Settlement Fund. The Parties have not agreed on the amount of any service award, and Defendant reserves the right to oppose or object to such amount. The Settlement Class Representative agrees he will not seek a Service Award of greater than $5,000. Any Service Award approved by the Court for the Settlement Class Representative shall be paid from the Settlement Fund in the form of a check or wire transfer to the Settlement Class Representative that is sent care of Class Counsel within the earlier of thirty (30) calendar days after the Effective Date, or the date the Settlement Administrator begins making distributions to Claimants.

       **3.4**     **Settlement Independent of Award of Fees, Costs, and Service Award**.  The awards of attorneys' fees and costs, and payment to the Settlement Class Representative are subject to and dependent upon the Court's approval.  However, this Settlement is not dependent or conditioned upon the Court's approving any requests by Class Counsel or the Settlement Class Representative for such payments or awarding the particular amounts sought by Class Counsel and Settlement Class Representative.  In the event the Court declines Class Counsel's or the Settlement Class Representative's requests or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties, provided, however, that the Class Representative and Class Counsel retain the right to appeal the amount of the Fees and Costs Award, even if the Settlement is otherwise approved by the Court.

## 4.    CLAIMS PROCESS

       **4.1**   **General Process**.  To obtain monetary relief as part of the Settlement, a Settlement Class Member must fill out and submit a Claim Form, completed online or in hard copy mailed to the Settlement Administrator.

             **4.1.1**   Those Settlement Class Members who submit a Claim Form ("Claimants") will be asked to provide identifying information.  The Claimant will have the

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

opportunity to upload or otherwise provide proof of purchase evidencing their purchases.

**4.1.2**  The Claimant will be asked to identify how many Class Products they have purchased for personal or household use since May 13, 2016, and to certify that such Class Products were purchased for personal or household use and not for distribution or resale.

**4.1.3**  The Class Payment shall be One Dollar ($1.00) per Class Product purchased for personal or household use only, without any limitation on the number of Class Products purchased with proof of purchase and up to a cap of eight (8) Class Products without proof of purchase per household.

**4.1.4**  Digital Disbursements will be used to effectuate payments under the settlement, and Class Members will have the option to choose their preferred method of payment (e.g., PayPal, Venmo, Zelle, ACH, prepaid MasterCard) and opt for advance payment for certain qualifying class members.

**4.1.5**  If the total value of all approved Claims either exceeds or falls short of the funds available for distribution to Class Members, then the amounts of cash payments will be reduced or increased *pro rata*, as necessary, to use all of the funds available for distribution to Class Members. Any such *pro rata* adjustment will be calculated prior to distribution of funds (*i.e.*, will be made in a single distribution). Any pro rata upward adjustment shall be capped at two times the claimed amount. For avoidance of doubt, this means that under no circumstances shall a person who submits a claim, with or without proof of purchase, receive more than Two Dollars ($2.00) per Class Product purchased.

**4.2**  ***Cy Pres***. Those Settlement Class Members whose payments are not cleared within one hundred and eighty (180) calendar days after issuance will be ineligible to receive a cash settlement benefit and the Settlement Administrator will have no further obligation to make any

payment from the Settlement Fund pursuant to this Settlement Agreement or otherwise to such Class Member. Any funds that remain unclaimed or remain unused after the initial distribution, including interest thereon, will be donated, in equal shares, *cy pres* to Earthjustice and Mamavation. If either or both organizations are not acceptable to the Court, the Parties shall meet and confer in good faith, and consult with the Court, to identify one or more suitable alternatives.

4.3     **The Claim Form and Timing**.  The Claim Form will be available on the Settlement Website, and may be submitted to the Settlement Administrator online or by mail.  A maximum of one Claim Form may be submitted for each Claimant and subsequent Claim Forms received from persons residing at the same address without proof of purchase will be rejected. Claim Forms must be submitted or postmarked on or before the Claims Deadline to be considered timely.  The Claims Deadline shall be clearly and prominently stated in the Preliminary Approval Order, the Class Notice, on the Settlement Website, and on the Claim Form.

4.4     **Substance of the Claim Form**.  In addition to information about the number of Class Products as set forth in Section 4.1 above, the Claim Form will request customary identifying information (including the Claimant's name, address, email address, and telephone number), and may seek limited additional information from Claimants to provide reasonable bases for the Settlement Administrator to monitor for and detect fraud.  Such additional information may include, for purchases at physical stores, retailers and locations (city and state) or, for online purchases, the website, at which the Class Products were purchased, the name of each Class Product, and the date (month and year) the purchase was made.  The Claim Form also will require the Claimant to declare that the Class Products were not purchased for resale or distribution.  In addition, the Claim Form will require the Claimant to declare that the information provided is true and correct to the best of the Claimant's memory and understanding.

4.5     **Claim Validation**.  The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.  The Settlement Administrator shall reject any Claim that does not comply in any material respect with the instructions on the Claim Form or with the terms of this Section 4, that is submitted after the Claims Deadline, or that the Settlement

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

Administrator identifies as fraudulent. The Settlement Administrator shall retain sole discretion in accepting or rejecting claims. The Settlement Administrator will use ClaimScore to validate all claims.

      **4.6     Timing of Distribution**.  The Settlement Administrator shall pay out approved Claims in accordance with the terms of this Agreement commencing within thirty (30) calendar days after the Effective Date, or as otherwise ordered by the Court.  The Parties shall work with the Settlement Administrator to choose a manner of payment that is secure, cost-effective, and convenient for Claimants.

      **4.7     Taxes on Distribution**.  Any person that receives a Cash Award will be solely responsible for any taxes or tax-related expenses owed or incurred by that person by reason of that Award.  Such taxes and tax-related expenses will not be paid from the Settlement Fund.  In no event will Defendant, the Settlement Class Representative, Class Counsel, the Settlement Administrator, or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the issuance of Cash Awards or other payments made from the Settlement Fund to Settlement Class Representative, Settlement Class Members, or any other person or entity.

      **4.8     No Unclaimed Property Rights**.  This Agreement does not create any vested property interest or unclaimed property rights for Settlement Class Members who do not file valid Claims.

**5.    NON-MONETARY RELIEF**

      **5.1**     As part of this settlement, Defendant and its successors in interest agree to remove the "Non-Toxic" representation from the packaging and labeling of the Class Products and add an asterisk to the "Earth Friendly" representation on the front label of the packaging of the Class Products directing consumers to the back label stating "Contains no inorganic phosphates, hazardous solvents or environmentally harmful surfactants" or similar qualifying language.

      **5.1.1     Exhaustion of Inventory**.  For the avoidance of doubt, the Released Parties, including Defendant, (i) shall be permitted to sell existing Class Product

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

inventory; (ii) shall not be required to withdraw, destroy, or recall any Class Products; and (iii) shall not be obligated to modify or replace existing promotional materials already in the hands of third parties.

## 6.     CLASS NOTICE AND CLAIMS ADMINISTRATION

**6.1**     Class Counsel and Defendant recommend and retained Digital Settlement, LLC  to be the Settlement Administrator for this Settlement Agreement, subject to Court approval. The Settlement Administrator shall abide by and administer the settlement in accordance with the terms, conditions, and obligations of this Settlement Agreement and the orders issued by the Court in this Action.

**6.2     Publication Notice**.  The Settlement Administrator shall implement published notice of the Settlement to the Settlement Class through advertisements in suitable media, including through appropriate internet and social media channels, to be agreed upon by the Parties in consultation with the Settlement Administrator and set forth in the Notice Plan to be submitted to and approved by the Court. Defendant has approved the Product images to be used by the Settlement Administrator. Counsel parties and the Settlement Administrator are permitted to use the Product images solely to effect notice of the Settlement and for use in court filings in this Action. Published notice will be implemented by the Settlement Administrator and shall commence on the Settlement Notice Date and continue for 30 days thereafter. The ads will provide a link to the Settlement Website and contact information for the Settlement Administrator.  The selection of websites and the content of the ads shall be subject to Defendant's approval.

**6.3     Settlement Administrator**.  The Settlement Administrator shall assist with various administrative tasks including, without limitation:

**6.3.1**     Establishing and operating the Settlement Fund;

**6.3.2**     Arranging for the dissemination of the Class Notice pursuant to the Notice Plan agreed to by the Parties and approved by the Court;

**6.3.3**     Assisting in the distribution to the United States Department of Justice and to State Attorneys General, within ten (10) days after the Parties submit this

Agreement to the Court for Preliminary Approval, of the notices of settlement required by the Class Action Fairness Act;

**6.3.4** Answering inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel;

**6.3.5** Receiving and maintaining Requests for Exclusion;

**6.3.6** Establishing a Settlement Website;

**6.3.7** Establishing a toll-free informational telephone number for Settlement Class Members;

**6.3.8** Receiving and processing (including monitoring for fraud and validating or rejecting) Settlement Class Member Claims and distributing payments to Settlement Class Members;

**6.3.9** Providing regular updates on the Claims status to counsel for all Parties;

**6.3.10** Preparing a declaration attesting to compliance with the Notice Plan; and

**6.3.11** Otherwise assisting with the implementation and administration of the Settlement.

**6.4    Timing of Class Notice**.  Class Notice will commence no later than thirty (30) calendar days following entry of the Preliminary Approval Order ("Settlement Notice Date").

**6.5    Opt-Out Procedures**.  Settlement Class members who wish to opt out of and be excluded from the Settlement must submit a Request for Exclusion to the Settlement Administrator, postmarked or received no later than the Opt-Out Deadline. The Request for Exclusion must be personally completed and submitted by each Settlement Class member or their attorney, and so-called "mass" or "class" opt-outs shall not be permitted or recognized. The Settlement Administrator shall periodically notify Class Counsel and Defendant's counsel of any Requests for Exclusion.  All Settlement Class members who submit a timely, valid Request for Exclusion will be excluded from the Settlement Class and will not be bound by the terms of this Agreement, and all Settlement Class Members who do not submit a timely, valid Request for

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

Exclusion will be bound by this Agreement and the Judgment, including the releases in Section 8 below.

      **6.6**     **Procedures for Objecting to the Settlement**. Settlement Class Members have the right to appear and show cause why the Settlement should not be granted final approval, subject to each of the provisions of this paragraph:

        **6.6.1**   **Timely Written Objection Required**. Any objection ("Objection") to the Settlement must be in writing, postmarked on or before the Objection Deadline, and sent to the Claims Administrator at the addresses set forth in the Class Notice. The Settlement Administrator shall immediately forward to Class Counsel and Defendant's counsel any Objection submitted to the Settlement Administrator, after which Class Counsel shall timely file any Objection with the court.

        **6.6.2**   **Form of Written Objection**. Any objection regarding or related to the Settlement must contain (i) a caption or title that clearly identifies the Action and that the document is an objection, (ii) information sufficient to identify and contact the objecting Settlement Class Member or their attorney if represented, (iii) information sufficient to establish the person's standing as a Settlement Class Member, (iv) a clear and concise statement of the Settlement Class Member's objection, as well as any facts and law supporting the objection, (v) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a propose class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s), (vi) the objector's signature, and (vii) the signature of the objector's counsel, if any.  The Court may, but is not required to, hear Objections in substantial compliance with these requirements, so Settlement Class Members should satisfy all requirements.

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

**6.6.3** **Authorization of Objections Filed by Attorneys Representing Objectors**. Settlement Class Members may object either on their own or through an attorney hired at their own expense, but a Settlement Class Member represented by an attorney must sign either the Objection itself, or execute a separate declaration stating that the Class Member authorizes the filing of the Objection.

**6.6.4** **Effect of Both Opting Out and Objecting**. If a Settlement Class Member submits both an Opt-Out Form and Objection, the Settlement Class Member will be deemed to have opted out of the Settlement, and thus to be ineligible to object.  However, any objecting Settlement Class Member who has not timely submitted a completed Opt-Out Form will be bound by the terms of the Agreement and Judgment upon the Court's final approval of the Settlement.

**6.6.5** **Appearance at Final Approval Hearing**. Objecting Settlement Class Members may appear at the Final Approval Hearing and be heard.  If an objecting Settlement Class Member chooses to appear at the Final Approval Hearing, a notice of intention to appear must be filed with the Court or postmarked no later than the Objection Deadline.

**6.6.6** **Right to Discovery**.  Upon Court order, the Parties will have the right to obtain document discovery from and take depositions of any Objecting Settlement Class Member on topics relevant to the Objection.

**6.6.7** **Response to Objections**. The Parties shall have the right, but not the obligation, either jointly or individually, to respond to any objection, with a written response due the same day as the motion for final approval, or as otherwise ordered by the Court.

**6.6.8** **Effect of Non-Objection**.  A Settlement Class Member who does not file and serve a timely written objection is bound by this Settlement and the final

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

Judgment in the Action and may not later object or appeal from the entry of any order approving the Settlement.

## 7.    COURT APPROVAL

**7.1    Preliminary Approval**.  Plaintiff will submit to the Court this Agreement, and will request via unopposed motion that the Court enter the Preliminary Approval Order in substantially similar form as the proposed order attached as Exhibit 5.  In the motion for preliminary approval, Plaintiff will request that the Court grant preliminary approval of the proposed Settlement, provisionally certify the Class for settlement purposes and appoint Class Counsel, approve the forms of Notice and find that the Notice Plan satisfies Due Process, and schedule a Final Approval Hearing to determine whether the Settlement should be granted final approval, whether an application for attorneys' fees and costs should be granted, and whether an application for service awards should be granted.

**7.2    Final Approval**. A Final Approval Hearing to determine final approval of the Agreement shall be scheduled as soon as practicable, subject to the calendar of the Court, Court, but no sooner than one hundred twenty (120) calendar days after the Preliminary Approval Date. If the Court issues the Preliminary Approval Order and all other conditions precedent of the Settlement have been satisfied, no later than fourteen (14) calendar days before the Final Approval Hearing all Parties will request, individually or collectively, that the Court enter the Final Approval Order to be submitted to the Court in connection with the final approval motion, with Class Counsel filing a memorandum of points and authorities in support of the motion and in response to any objections. Defendant may, but is not required to, file a memorandum in support of the motion or in response to any objections.  Class Counsel shall submit filings pertaining to this Final Approval in a neutral manner where doing so would not prejudice the Settlement Class.

**7.3    Failure to Obtain Approval**. If this Agreement is not given preliminary or final approval by the Court, or if an appellate court reverses final approval of the Agreement, the Parties will be restored to their respective places in the litigation. In such event, the terms and provisions of this Agreement will have no further force or effect; the Parties' rights and defenses will be

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

restored, without prejudice, to their respective positions as if this Agreement had never been executed; and any orders entered by the Court in connection with this Agreement will be vacated.

## 8. **RELEASE**

**8.1    Effect**. By executing this Agreement, the Parties acknowledge that, upon both the entry of the Final Approval Order by the Court, and the passing of the Effective Date, and the Settlement amount being fully funded, the Action shall be dismissed with prejudice, and all Released Claims shall thereby be conclusively settled, compromised, satisfied, and released as to the Released Parties. The Final Approval Order and Judgment shall provide for and effect the full and final release, by the Releasing Parties, of all Released Claims, consistent with the terms of this Agreement.  The relief provided for in this Agreement shall be the sole and exclusive remedy for any and all claims of Settlement Class Members against the Released Parties related to the Released Claims.

**8.2    Scope of Release**. The Releasing Parties hereby fully release and forever discharge the Released Parties from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, asserted or unasserted, claims, demands, liabilities, rights, debts, obligations, liens, contracts, agreements, judgments, actions, suits, causes of action, contracts or agreements, extra-contractual claims, damages of any kind, punitive, exemplary or multiplied damages, expenses, costs, penalties, fees, attorneys' fees, and/or obligations of any nature whatsoever (including "Unknown Claims" as defined below), whether at law or in equity, accrued or unaccrued, whether previously existing, existing now or arising in the future, whether direct, individual, representative, or class, of every nature, kind and description whatsoever, based on any federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, relating in any way to any conduct prior to the date of the Preliminary Approval Order and that: (a) is or are based on any act, omission, inadequacy, statement, communication, representation (express or implied), harm, injury, matter, cause, or event of any kind related in any way to any Class Product; (b) involves legal claims related to the Class Products

that have been asserted in the Action or could have been asserted in the Action; or (c) involves the advertising, marketing, promotion, purchase, sale, distribution, design, testing, manufacture, application, use, performance, warranting, communications or statements about the Class Products, packaging or Labeling of the Class Products (collectively, the "Released Claims"). The Parties acknowledge and agree that bodily injury, wrongful death, and/or emotional distress claims arising from bodily injury, are not part of any of the facts alleged by Plaintiff and that such claims are not included within the Released Claims.

8.3    **Waiver**. Without limiting the foregoing, the Released Claims specifically extend to and include claims related to the Class Products that the Releasing Parties do not know or suspect to exist in their favor at the time that the Settlement and the releases contained herein become effective, including, without limitation, any Released Claims that if known, might have affected the Plaintiff's settlement with and release of the Releasees, or might have affected a decision to object to or Opt-Out of this Settlement (the "Unknown Claims").  This paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

*A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.*

8.4    **Later Discovered Facts**. The Releasing Parties understand and acknowledge the significance of these waivers of section 1542 of the California Civil Code and any other applicable federal or state statute, case law, rule, or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, the Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Action and the Settlement,

but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts at any time.

8.5     **Claim Preclusion**. Each of the Releasing Parties shall forever refrain, whether directly or indirectly, from instituting, filing, maintaining, prosecuting, assisting with or continuing any suit, action, claim, or proceeding against any of the Released Parties in connection with any of the Released Claims (a "Precluded Action"). If any of the Releasing Parties do institute, file, maintain, prosecute, or continue any such Precluded Action, Plaintiff and Class Counsel shall cooperate with the efforts of any of the Released Parties to obtain dismissal with prejudice.  The releases provided for herein shall be a complete defense to, and will preclude, any Released Claim in any suit, action, claim, or proceeding. The Final Approval Order shall further provide for and effect the release of all known or unknown claims (including Unknown Claims) actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, contingent or absolute, that the Released Parties now have against Plaintiff, Settlement Class Representative, or Class Counsel, by reason of any act, omission, harm, matter, cause, or event whatsoever arising out of the initiation, prosecution, or settlement of the Action, except with respect to any breach of the terms of this Agreement by Plaintiff, Settlement Class Representative, or Class Counsel.

8.6     **Court Retains Jurisdiction**.  The Court shall retain jurisdiction over the Parties and this Agreement with respect to the future performance of the terms of this Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement are properly made or taken.

8.7     **Covenant Not to Sue**.  Plaintiff agrees and covenants, and each Settlement Class Member who has not opted out will be deemed to have agreed and covenanted, not to sue any of Released Parties, with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

**8.8     Release of Settlement Class Representative and Class Counsel**. Upon the Effective Date, Defendant will be deemed to have, and by operation of the Judgment will have, fully, finally, and forever released, relinquished, discharged, and covenanted not to sue Settlement Class Representative and Class Counsel from any and all claims, demands, rights, suits, liabilities, and causes of action, whether past, present, or future, known or unknown, asserted or unasserted, that arise out of or relate to the filing and conduct of the Action.

## 9.     EXCLUSION

**9.1     Exclusion list.**  No later than fifteen (15) days after the Opt-Out Deadline, the Settlement Administrator will provide Class Counsel and Defendant's Counsel with the list of persons who have timely and validly excluded themselves from the Settlement.

## 10.     NO ADMISSION OF LIABILITY

**10.1     No Admission of Liability**.  Defendant, while continuing to deny all allegations of wrongdoing and disclaiming all liability with respect to all claims, considers it desirable to resolve the Action on the terms stated in this Agreement to avoid further expense, inconvenience, and burden, and therefore has determined that this Settlement Agreement on the terms set forth herein is in Defendant's best interests.  Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, and denies the material allegations of all the complaints filed in the Action. Neither the Settlement Agreement nor any actions taken to carry out the Settlement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or of the validity of any claim, defense, or of any point of fact or law on the part of any Party, including but not limited to an admission that the Action is properly brought on a class or representative basis, or that a class or classes may be certified, other than for settlement purposes.  Neither the Settlement Agreement, nor the fact of settlement, nor the settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission, concession, presumption, inference, or evidence thereof of any wrongdoing by Defendant or of the appropriateness of these or similar claims for class certification in any proceeding.

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

11.    **DEFENDANT'S POSITION ON CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS**

11.1    **Conditional Certification of Settlement Class**. Solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose the certification of the Settlement Class for the purposes of this Settlement only.  Preliminary certification of the Settlement Class will not be deemed a concession that certification of a litigation class or any subclass is appropriate, nor will Defendant be precluded from challenging class certification in further proceedings in the Action or in any other actions if the Settlement Agreement is not finalized or finally approved. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, and said failure to obtain final approval is conclusive after any and all appeals, Defendant's stipulation not to oppose certification only for purposes of effectuating this Settlement will be automatically rescinded, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Action or any other judicial proceeding. No agreements made by or entered into by Defendant in connection with the Settlement Agreement may be used by Plaintiff, any Settlement Class Member, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

12.    **MISCELLANEOUS**

12.1    **Change of Time Periods**.  The time periods and/or dates described in this Settlement Agreement are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Settlement Agreement.

12.2    **Time for Compliance**.  If the date for performance of any act required by or under this Settlement Agreement falls on a Saturday, Sunday, or court holiday, that act may be performed

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

on the next business day with the same effect as it had been performed on the day or within the period of time specified by or under this Settlement Agreement.

**12.3    Entire Agreement**.  This Agreement shall constitute the entire Agreement among the Parties with regard to the subject matter of this Agreement and shall supersede any previous agreements, representations, communications, and understandings among the Parties with respect to the subject matter of this Agreement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or undertaking concerning any part or all of the subject matter of the Agreement has been made or relied upon except as expressly set forth herein.

**12.4    Notices Under Agreement**.  All notices required by this Agreement to be provided to or approved by Class Counsel, Defense Counsel, or either Party, or otherwise made pursuant to this Agreement, shall be provided as follows:

***If to Settlement Class Representative or Class Counsel***

Ryan Clarkson

*rclarkson@clarksonlawfirm.com*

Clarkson Law Firm, P.C.

25525 Pacific Coast Highway

Malibu, CA 90265

***If to Defendant or Defense Counsel***

Anthony J. Monaco

*amonaco@smbtrials.com*

Swanson, Martin & Bell, LLP

330 N. Wabash, Suite 3300

Chicago, Illinois 60611

**12.5    Good Faith**. The Parties acknowledge that each intends to implement the Agreement. The Parties have at all times acted in good faith and shall continue to, in good faith, cooperate and assist with and undertake all reasonable actions and steps in order to accomplish all required events on the schedule set by the Court, and shall use reasonable efforts to implement all terms and conditions of this Agreement.

**12.6    Parties Accept Risk of Changes in Fact and Law.** Each Party, including Plaintiff on behalf of himself and the Settlement Class, expressly accepts and assumes the risk that, if facts or laws pertinent to matters covered by this Agreement are hereafter found to be other than as now believed or assumed by that Party to be true or applicable, this Agreement shall nevertheless remain effective.

**12.7    Binding on Successors**. Except as specifically provided herein, this Agreement is binding on, and shall inure to the benefit of, the Parties, the Released Parties, and their respective direct and indirect parent companies, predecessor entities, successor entities, related companies, direct and indirect subsidiaries, holding entities, past and present affiliates, franchisees, distributors, wholesalers, retailers, advertising and production agencies, licensors, and agents, including all current and former officers, directors, managers, members, partners, contractors, owners, employees, shareholders, consultants, attorneys, legal representatives, insurers, agents, assigns, or other equity interest holders of any of the foregoing, and their heirs, executors, administrators, and assigns. All Released Parties other than Defendant, which is a Party, are intended to be third-party beneficiaries of this Agreement.

**12.8    Evidentiary Preclusion**. The Parties agree that, to the fullest extent permitted by law, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party or the appropriateness of class certification in any civil, criminal or administrative proceeding in any court, administrative agency

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

or other tribunal. In addition, any failure of the Court to approve the Settlement and/or any objections or interventions may not be used as evidence in the Action or any other proceeding for any purpose whatsoever. However, the Released Parties may file this Agreement and Final Approval Order in any action or proceeding that may be brought against them in any jurisdiction to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.9    **No Reliance on Other Representations**. No Party has relied on any statement, representation, omission, inducement, or promise of any other Party (or any officer, agent, employee, representative, or attorney for any other Party) in executing this Agreement, or entering the Settlement provided for herein, except as expressly stated in this Agreement.

12.10   **Arms' Length Negotiations**. This Agreement compromises claims that are contested, and the Parties agree that the consideration provided to the Settlement Class and other terms of this Agreement were negotiated in good faith and at arms' length by the Parties, and reflect an Agreement that was reached voluntarily, after consultation with competent legal counsel, and guided in part by the Parties' private mediation with Hunter Hughes of Hunter Alternative Dispute Resolution.

12.11   The Parties reached the Agreement after considering the risks and benefits of litigation. The determination of the terms of, and the drafting of, this Agreement, have been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel.  Accordingly, the rule of construction that any ambiguities are to be construed against the drafter shall have no application.

12.12   **Confidentiality**. The Parties, Class Counsel, and Defendant's Counsel agree that until publication of this Agreement by submission to the Court, the terms of this Agreement and all associated documents and communications, including the negotiations leading to the execution of the Agreement and all submissions and arguments related to the mediation, shall not be disclosed by the Parties, Class Counsel, and Defendant's Counsel other than as necessary to

CLASS ACTION SETTLEMENT AGREEMENT
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

finalize the Settlement and Notice Plan. Upon publication of the Agreement by submission to the Court, the nondisclosure obligations set forth here will no longer apply, but such obligations will continue to apply to the Parties' mediations, submissions in the mediations, and any settlement related negotiations leading to the execution of the Agreement.

**12.13    Independent Advice.** Each Party has had the opportunity to receive, and has received, independent legal advice from his, her, or its attorneys regarding the advisability of making the Settlement, the advisability of executing this Agreement, and the legal and income tax consequences of this Agreement, and fully understands and accepts the terms of this Agreement.

**12.14    Requisite Corporate Power.** Defendant represents and warrants, severally and not jointly, that: (a) it has the requisite corporate power and authority to execute, deliver, and perform the Agreement and to consummate the transactions contemplated hereby; (b) the execution, delivery, and performance of the Agreement and the consummation by it of the actions contemplated herein have been duly authorized by necessary corporate action on the part of the Defendant; and (c) the Agreement has been duly and validly executed and delivered by the Defendant and constitutes its legal, valid, and binding obligation.

**12.15    Reasonable Best Efforts to Effectuate.** The Parties acknowledge that it is their intent to consummate this Agreement, and agree to cooperate to the extent reasonably necessary to effectuate and implement the terms and conditions of this Agreement and to exercise their best efforts to accomplish the terms and conditions of this Agreement. The Parties further agree they will not engage in any conduct that will or may frustrate the purpose of this Agreement. The Parties further agree, subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of the Agreement.

**12.16    No Other Consideration.** The Settlement Class Representative represents and warrants, severally and not jointly, that he is entering into the Agreement on behalf of himself individually and as a proposed representative of the Settlement Class Members, of his own free will and without the receipt of any consideration other than what is provided in this Agreement or disclosed to, and authorized by, the Court. The Settlement Class Representative represents and

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

warrants, severally and not jointly, that he has reviewed the terms of the Agreement in consultation with Class Counsel and believes them to be fair and reasonable, and covenants that he will not file an Opt-Out request or object to this Agreement.

**12.17   Non-assignment**.  Plaintiff represents and warrants, severally and not jointly, that no portion of any Released Claim or claim, right, demand, action, or cause of action against any of the Released Parties that Plaintiff has or may have arising out of the Action or pertaining to his purchase and/or use of the Class Products and/or the design, manufacture, testing, marketing, Labeling, packaging, or sale of the Class Products otherwise referred to in this Agreement, and no portion of any recovery or settlement to which Plaintiff may be entitled, has been assigned, transferred, or conveyed by or for Plaintiff in any manner; and no Person other than Plaintiff have any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiff himself.

**12.18   Stay Pending Court Approval**.  Plaintiff's Counsel and Defendant's Counsel agree to stay all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement, until the Effective Date of the Settlement has occurred.  If, despite the Parties' best efforts, this Agreement should fail to become effective, the Parties will return to their prior positions in the Action.

**12.19   Exhibits and Recitals**.  All Exhibits and Recitals to this Agreement are material and integral parts hereof, and are incorporated by reference as if fully rewritten herein.

**12.20   Variance; Dollars.**  In the event of any variance between the terms of this Agreement and any of the Exhibits hereto, the terms of this Agreement shall control and supersede the Exhibit(s).  All references in this Agreement to "Dollars" or "$" shall refer to United States dollars.

**12.21   Waiver**. The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

CLASS ACTION SETTLEMENT AGREEMENT

**12.22   Modification in Writing Only**. This Agreement and any and all parts of it may be amended, modified, changed, or waived only by Court order or a writing signed by duly authorized agents of Defendant and Plaintiff.

**12.23   Headings**. The descriptive headings of any paragraph or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

**12.24   Governing Law**. This Agreement shall be interpreted, construed and enforced according to the laws of the State of California, without regard to conflicts of law.

**12.25   Continuing Jurisdiction**. After entry of the Judgment, the Court shall have continuing jurisdiction over the Action solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

**12.26   Execution**. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument. Photocopies and electronic copies (e.g., PDF copies) shall be given the same force and effect as original signed documents.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

CLASS ACTION SETTLEMENT AGREEMENT

02 / 11 / 2025

DATED: February __, 2025

_Anthony Bush_

_____
Anthony Bush


DATED: February 16, 2025

_____
Rust-Oleum Corporation
By: John Brodersen
Its: VP, General Counsel


**APPROVED AS TO FORM:**

DATED: February __, 2025

CLARKSON LAW FIRM, P.C.

02 / 13 / 2025

_____
Ryan J. Clarkson, Esq.
Bahar Sodaify, Esq.
Alan Gudino, Esq.


DATED: February 17, 2025

MOON LAW APC

_____
Christopher D. Moon, Esq.
Kevin O. Moon, Esq.

Attorneys for Plaintiff


DATED: February 17, 2025

SWANSON, MARTIN & BELL, LLP

_____
Anthony J. Monaco (*Pro Hac Vice*)
P. Stephen Fardy (*Pro Hac Vice*)
William D. Patterson (*Pro Hac Vice*)

Attorneys for Defendant Rust-Oleum
Corporation

CLASS ACTION SETTLEMENT AGREEMENT

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

# EXHIBIT 1

*Bush v. Rust-Oleum Corporation*
**Case No. 3:20-cv-03268-LB**
**Settlement Agreement**
**Claim Form**

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

*Bush v. Rust-Oleum Corporation*, Case No. 3:20-cv-03268

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Settlement Proof of Claim Form**

---

**If you purchased** any of the Krud Kutter "Non-Toxic" and "Earth Friendly" Products (the "Class Products") in the United States, for personal or household use and not for resale or distribution between May 13, 2016, and [Date Of Preliminary Approval] (collectively referred to as the "Class"), then you may be eligible to participate in the benefits of the proposed settlement in ***Bush v. Rust-Oleum Corporation*, Case No. 3:20-cv-03268, (N.D. Cal.).** To participate, you must fill this claim form out completely and either (i) mail it to the address given below, or (ii) submit it online through the Settlement website below. This Claim form must be postmarked or electronically filed no later than _____, 2025. If you provide incomplete or inaccurate information, your claim may be denied.

---

• Please read the full notice of this settlement (available at www.KrudKutterSettlement.com) carefully before filling out this Form.
• To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must complete or submit your claim form online or by mail:
   **ONLINE:** Visit www.KrudKutterSettlement.com and submit your claim online; or
   **MAIL:**  Krud Kutter Lawsuit Administrator, P.O. Box 231; Valparaiso, IN 46384.
• Keep a copy of your completed Claim Form for your records. Any documents you submit with your Claim Form cannot be returned.
• If your claim is rejected for any reason, the Settlement Administrator will notify you of the rejection and the reasons for such rejection.

## PART A: CLAIMANT INFORMATION

FIRST NAME                          LAST NAME

STREET ADDRESS

STREET ADDRESS 2

CITY                     STATE          ZIP CODE

EMAIL ADDRESS                   PHONE NUMBER

## PART B: PURCHASE INFORMATION

• To be eligible for a payment you must not have previously received a refund for your purchase of the Class Product.

• To qualify for cash, you must have purchased one or more Class Products.

   a. If you provide a receipt for the Class Products, you will receive a cash refund of One Dollar ($1.00) per Class Product purchased without any limitation on the number of Class Products purchased.
   b. If you do not provide a receipt for the Class Products, but complete this Claim Form under penalty of perjury, you will receive a cash refund of One Dollar ($1.00) per Class Product purchased with a cap of eight (8) Class Products.
   c. If the amount in the Net Settlement (net of costs of notice and settlement administration, Settlement Class Counsel's attorneys' fees and litigation expenses and the service award for Plaintiff), is either less or more than the amount of the total cash claims submitted by Claimants, the claims of each Claimant will be decreased or increased, respectively, *pro rata*, to ensure the Settlement Fund is exhausted, with no reversion from the Settlement Fund to Defendant. *Pro rata* upward adjustment of cash claims shall be capped at two times the claimed amount. For avoidance of doubt, this means under no circumstances shall a person who submits a claim, with or without proof of purchase, receive more than Two Dollars ($2.00) per Class Product. Any amounts remaining in the Net Settlement Fund after checks are issued and cashed or expired shall be disbursed *cy pres*.

• Please fill out the chart below identifying the purchase transaction(s) for which you are making a claim:

**TOTAL NUMBER OF CLASS PRODUCTS**

Write the **total number** of Class Products you purchased in the United States between May 13, 2016 and [Date of Preliminary Approval], the **Class Products purchased** (i.e., the name of the specific Class Product purchased), and the **approximate date(s)** of the of the purchases in the chart below:

| Number of Product Purchased | Name of Product Purchased | Approximate Date of Purchase |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**Please choose one of the following:**

☐   (a)   Check here if you are uploading or mailing Proof of Purchase documentation with this claim form:

If you are submitting this Claim Form by mail, please mail a copy of your receipt(s) memorializing the purchase of the Class Products along with this Claim Form to Krud Kutter Lawsuit Administrator, P.O. Box 231; Valparaiso, IN 46384.

☐   (b)   Check here if you are making a claim without a Proof of Purchase.

**\*Failure to include Proof of Purchase for claims for which a Proof of Purchase is required will result in the reduction of your claims.**

**\*Submission of false or fraudulent information will result in the claim being rejected in its entirety.**

---

**PART C: PAYMENT INFORMATION**

Please select **ONE** of the following payment options, which will be used for disbursement should you be eligible to receive a settlement payment:

| | | |
|---|---|---|
| • **PayPal**<br>Email Address **OR** Phone Number: | • **Venmo**<br>Email Address **OR** Phone Number: | • **Zelle**<br>Email Address **OR** Phone Number: |
| • **ACH**<br>Checking **OR** Savings Account?<br><br>Routing Number: _____<br>Account Number: _____ | • **Virtual Mastercard**<br>Email Address: | • **Check**<br>Mailing Address (if different from above): |

---

**PART D: ATTESTATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury under the laws of the United States of America that I purchased the products listed between May 13, 2016 and [Date of Preliminary Approval] that all of the information on this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review and that I may be required to provide additional information to establish that my claim is valid. I also understand that by submitting this claim, I am releasing all Released Claims, as detailed in the Notice of the Proposed Class Action Settlement.

| | |
|---|---|
| SIGNATURE | DATE |

**CLAIM FORM REMINDER CHECKLIST**

**Before submitting this Claim Form, please make sure you:**

1.   Complete all fields in the Claimant Information section of this Claim Form in Part A.

2.   Complete Part B, indicating the number of Class Products you purchased and enclosing your receipt(s).

3.   Sign the Attestation under penalty of perjury in Part C. You must sign the Attestation to be eligible to receive benefits.

4.   Keep a copy of your Claim Form and supporting documentation for your records.

5.   If you desire an acknowledgment of receipt of your Claim Form, please complete the online Claim Form or mail this Claim Form via Certified Mail, Return Receipt Requested.

6.   If you move or your name changes, please email your new address, new name or contact information to info@KrudKutterSettlement.com or mail to the Krud Kutter Lawsuit Administrator, P.O. Box 231; Valparaiso, IN 46384, or call toll-free at 1 (888) 905-9684.

**Please keep a copy of your Claim Form for your records.**

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

# EXHIBIT 2

***Bush v. Rust-Oleum Corporation***
**Case No. 3:20-cv-03268-LB**
**Settlement Agreement**
**Long Form Notice**

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

# If you bought any of the Krud Kutter "Non-Toxic" and "Earth Friendly" Products between May 13, 2016, and [Date of Preliminary Approval] then you may be entitled to compensation.

*A court authorized this notice. This is not a solicitation from a lawyer.*

A settlement has been reached between Rust-Oleum Corporation ("Defendant") and Anthony Bush ("Settlement Class Representative" or "Plaintiff"), individually and on behalf of the Settlement Class. The Settlement resolves a class action lawsuit alleging that: (1) Defendant labeled Krud Kutter brand products as "Non-Toxic" and "Earth Friendly" that may cause harm to humans, animals, and/or the environment; (2) Settlement Class members lost money in the form of the price premium they paid for the products as a result of the label. Defendant denies the allegations, contends that the products are not toxic nor harmful to the environment. The Court did not rule in favor of either side. The parties agreed to the Settlement to avoid the expense and risks of the lawsuit.

☐ You are a Settlement Class member if you purchased any Krud Kutter brand Products labeled "Non-Toxic" and "Earth Friendly" in the United States, for personal or household use and not for resale or distribution, whether sold alone or in combination with other products ("Class Products"), between May 13, 2016 and [Date of Preliminary Approval] (the "Class Period").

☐ Settlement Class Members who purchased any of the Class Products during the Class Period may submit a claim to receive One Dollar ($1.00) per Class Product purchased.

☐ Settlement Class Members who purchased a Class Product during the Class Period and provide a receipt will receive a cash refund of One Dollar ($1.00) per Class Product purchased, without any limitation on the number of Class Products.

☐ Settlement Class Members who purchased a Class Product during the Class Period and do not provide a receipt, but complete the Claim Form under penalty of perjury, will receive a cash refund of One Dollar ($1.00) per Class Product purchased with a cap of eight (8) Products.

☐ Each Settlement Class Member may submit a claim either electronically through a settlement website or by mail.

☐ If the amount in the Net Settlement Fund (net of costs of notice and settlement administration, Settlement Class Counsel's attorneys' fees and litigation expenses and the service award for Plaintiff), is either less or more than the amount of the total cash claims submitted by Claimants, the claims of each Claimant will be decreased or increased, respectively, *pro rata*, to ensure the Settlement Fund is exhausted, with no reversion from the Settlement Fund to Defendant. *Pro rata* upward adjustment of cash claims shall be capped at two times the claimed amount. For avoidance of doubt, this means that under no circumstances shall a person who submits a claim, with or without proof of purchase, receive more than Two Dollars ($2.00) per

Class Product purchased. Any amounts remaining in the Net Settlement Fund after checks are issued and cashed or expired shall be disbursed *cy pres*.

**Please read this Notice carefully and in its entirety. Your rights may be affected by the Settlement of this lawsuit, and you have a choice to make now about how to act:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A VALID CLAIM BY [SIXTY (60) CALENDAR DAYS AFTER SETTLEMENT NOTICE DATE], 2025 | The only way to get a cash payment, is if you submit a valid claim and qualify. |
| EXCLUDE YOURSELF FROM THE CLASS BY [SIXTY (60) CALENDAR DAYS AFTER NOTICE BEGINS], 2025 | You will not get any benefits under this Settlement. This is the only option that allows you to be part of any other lawsuit against Defendant about the legal claims in this case. |
| OBJECT TO THE SETTLEMENT BY [SIXTY (60) CALENDAR DAYS AFTER NOTICE BEGINS], 2025 | Tell the Court about why you don't like the Settlement. |
| GO TO A HEARING ON [DATE OF FINAL APPROVAL HEARING], 2025 | Ask to speak in Court about the Settlement. |
| DO NOTHING | Get no benefits. Give up rights to be part of any other lawsuit against Defendant about the legal claims in this case. |

• These rights and options—**and the deadlines to exercise them**—are explained in this notice.

• The Court in charge of this case still has to decide whether to approve the Settlement. Cash payments for valid claims will be issued only if the Court approves the Settlement and after the time for appeals has ended and any appeals are resolved. Please be patient.

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET
2

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ................................................................................PAGE 4

1.        Why was this notice issued?
2.        What is the lawsuit about?
3.        Why is this a class action?
4.        Why is there a Settlement?

WHO IS IN THE SETTLEMENT ................................................................. PAGE 5

5.        How do I know if I am part of the Settlement?
6.        I'm still not sure if I'm included in the Settlement.

THE SETTLEMENT BENEFITS—WHAT YOU GET ....................................................PAGE 6

7.        What does the Settlement provide?
8.        What am I giving up in exchange for the Settlement benefits?

HOW TO GET A CASH PAYMENT—SUBMITTING A VALID CLAIM FORM ........PAGE 7

9.        How can I get a cash payment?
10.       When will I get my check?

EXCLUDING YOURSELF FROM THE SETTLEMENT ...............................................PAGE 8

11.       If I exclude myself, can I get anything from the Settlement?
12.       If I don't exclude myself, can I sue later?
13.       How do I get out of the Settlement?

OBJECTING TO THE SETTLEMENT...........................................................................PAGE 9

14.       How do I tell the Court I don't like the proposed Settlement?

OBJECTION AND OPT-OUT DIFFERENCES ............................................................PAGE 10

15.       What's the difference between objecting and excluding?

THE LAWYERS REPRESENTING YOU .....................................................................PAGE 10

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT
www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET
3

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

16.          Do I have a lawyer in the case?
17.          How will the costs of the lawsuit and Settlement be paid?

THE COURT'S FAIRNESS HEARING ........................................................................PAGE 10

18.          When and where will the Court decide whether to approve the Settlement?
19.          Do I have to come to the hearing?
20.          May I speak at the hearing?

IF YOU DO NOTHING ...................................................................................................PAGE 11

21.          What happens if I do nothing at all?

GETTING MORE INFORMATION .............................................................................PAGE 12

22.          How do I get more information?

## BASIC INFORMATION

### 1. Why was this notice issued?

A Court authorized this notice because you have a right to know about the proposed Settlement in this class action lawsuit, and about all of your options, before the Court decides whether to give "final approval" to the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

The case is known as *Bush v. Rust-Oleum Corporation*, Case No. 3:20-cv-03268, currently pending in the U.S. District Court for the Northern District of California. The Plaintiff (Anthony Bush) is suing the company Rust-Oleum Corporation, the Defendant.

### 2. What is the lawsuit about?

On May 13, 2020, a class action lawsuit was filed against Defendant Rust-Oleum Corporation entitled *Bush v. Rust-Oleum Corporation*, in United States District Court for the Northern District of California, Case No. 3:20-cv-03268, alleging that: (1) Defendant owns, manufactures, and distributes Krud Kutter brand products labeled as "Non-Toxic" and "Earth Friendly" when the

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT
www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET
4

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

products cause harm to humans, animals, and the environment; and (2) Class Members lost money in the form of the price premium they paid for the "Non-Toxic" and "Earth Friendly" products—that is, had they known that the products can cause harm to humans, animals, and the environment, they would not have purchased the products, let alone paid a "premium" for them. Plaintiff seeks injunctive relief, restitutionary, actual, statutory, compensatory, and punitive damages, as well as reasonable attorneys' fees and costs.

Defendant denies all the allegations and claims in this case and denies that it did anything unlawful or improper.

## 3. Why is this a class action?

In a class action one or more people called "class representatives" (in this case, the named Plaintiff is Anthony Bush) sue on behalf of people who have similar claims. All of these people or entities are a "class" or "class members." One court resolves the issues for all class members, except for those who exclude themselves from the class.

## 4. Why is there a settlement?

Both sides agreed to the settlement to avoid the cost and risk of further litigation and trial. The settlement does *not* mean that any law was broken. Defendant denies all of the legal claims in this case. The Class Representative and the lawyers representing him think the settlement is best for all Settlement Class members.

## WHO IS IN THE SETTLEMENT?

To see if you are affected or if you can get benefits, you first have to determine whether you are a Settlement Class Member.

## 5. How do I know if I am part of the Settlement?

You are a member of the Settlement Class if you purchased Defendant's Krud Kutter brand products labeled as "Non-Toxic" and "Earth Friendly" including the following: (1) Krud Kutter Adhesive Remover; (2) Krud Kutter Instant Carpet Stain Remover Plus Deodorizer; (3) Krud Kutter Original Cleaner & Degreaser; (4) Krud Kutter Tough Task Remover; (5) Krud Kutter Sports Cleaner/Stain Remover; (6) Krud Kutter Gutter & Exterior Metal Cleaner; (7) Krud Kutter Kitchen Degreaser & All Purpose Cleaner; (8) Krud Kutter Heavy Traffic Carpet Cleaner; (9) Krud Kutter Deck & Fence Wash; (10) Krud Kutter Multi-Purpose House Wash; (11) Krud Kutter Window Wash; (12) Krud Kutter Parts Washer Cleaner/Degreaser; (13) Krud Kutter Driveway

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

Cleaner & Degreaser; (14) Krud Kutter Original Cleaner & Degreaser (Aerosol); and (15) Krud Kutter Tough Task Remover (Aerosol), and all sizes and packaging types of those products, in the United States, for personal or household use and not for resale or distribution, between May 13, 2016, and [Date of Preliminary Approval]. This time period is referred to as the "Class Period." Excluded from the Settlement Class are the presiding judges in the Action, any member of those judges' immediate families, Defendant, any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, counsel for the Parties, and any persons who timely opt-out of the Settlement Class.

| 6. I'm still not sure if I'm included in the Settlement. |

If you are not sure whether you are included in the Settlement Class, call 1 (888) 905-9684, email info@KrudKutterSettlement.com, or go to www.KrudKutterSettlement.com.

### THE SETTLEMENT BENEFITS—WHAT YOU GET

| 7. What does the Settlement provide? |

Rust-Oleum Corporation has agreed to make available a Total Settlement Fund of One Million Five Hundred Thousand Dollars ($1,500,000) ("Total Settlement Fund"). Settlement Class Members who submit a Valid Claim may receive a benefit from the Settlement Fund.

Defendant has also agreed to remove the "Non-Toxic" representation from the packaging and labeling of the Class Products and to add an asterisk to the "Earth Friendly" representation on the front label directing consumers to the back label stating "Contains no inorganic phosphates, hazardous solvents or environmentally harmful surfactants" or similar qualifying language.

Settlement Class Members who previously purchased any of the Class Products during the Class Period may submit a claim to receive One Dollar ($1.00) per Class Product purchased.

Settlement Class Members who purchased a Class Product during the Class Period and provide a receipt will receive a cash refund of One Dollar ($1.00) per Class Product purchased, without any limitation on the number of Class Products.

Settlement Class Members who purchased a Class Product during the Class Period and do not provide a receipt, but complete the Claim Form under penalty of perjury, will receive a cash refund of One Dollar ($1.00) per Class Product purchased with a cap of eight (8) Class Products.

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

Each Settlement Class Member may submit a claim either electronically through the Settlement Website (www.KrudKutterSettlement.com) or by mail.

If the amount in the Net Settlement Fund (net of costs of notice and settlement administration, Settlement Class Counsel's attorneys' fees and litigation expenses and service award for Plaintiff), is either less or more than the amount of the total cash claims submitted by Claimants, the claims of each Claimant will be decreased or increased, respectively, *pro rata*, to ensure the Settlement Fund is exhausted, with no reversion from the Settlement Fund to Defendant. *Pro rata* upward adjustment of cash claims shall be capped at two times the claimed amount. For avoidance of doubt, this means that under no circumstances shall a person who submits a claim, with or without proof of purchase, receive more than Two Dollars ($2.00) per Class Product purchased. Any amounts remaining in the Net Settlement Fund after checks are issued and cashed or expired shall be disbursed *cy pres*.

Those Settlement Class Members whose payments are not cleared within one hundred and eighty (180) calendar days after issuance will be ineligible to receive a cash settlement benefit and the Settlement Administrator will have no further obligation to make any payment from the Settlement Fund pursuant to this Settlement Agreement or otherwise to such Settlement Class Member. Any funds that remain unclaimed or are unused after the distribution of the Settlement Fund will be distributed to an appropriate *cy pres* charity or charities approved by the Court. Instructions for submitting a Claim are included in Section 9 below.

Any award of attorneys' fees to Class Counsel (not to exceed $500,000) upon Court approval, an award of litigation expenses to Class Counsel, a service award to Plaintiff (up to $5,000 for the Settlement Class Representative), and costs to administer the Settlement will be paid from the Settlement Fund. More details are in a document called the Settlement Agreement, which is available at www.KrudKutterSettlement.com.

### 8. What am I giving up in exchange for the Settlement benefits?

If the Settlement becomes final, Settlement Class Members will be releasing Defendant and all related people and entities for all the claims described and identified in Section 8 of the Settlement Agreement ("Release"). The Release is included below:

> The Releasing Parties hereby fully release and forever discharge the Released Parties from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, asserted or unasserted, claims, demands, liabilities, rights, debts, obligations, liens, contracts, agreements, judgments, actions, suits, causes of action, contracts or agreements, extra-

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

contractual claims, damages of any kind, punitive, exemplary or multiplied damages, expenses, costs, penalties, fees, attorneys' fees, and/or obligations of any nature whatsoever (including "Unknown Claims" as defined below), whether at law or in equity, accrued or unaccrued, whether previously existing, existing now or arising in the future, whether direct, individual, representative, or class, of every nature, kind and description whatsoever, based on any federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, relating in any way to any conduct prior to the date of the Preliminary Approval Order and that: (a) is or are based on any act, omission, inadequacy, statement, communication, representation (express or implied), harm, injury, matter, cause, or event of any kind related in any way to any Class Product; (b) involves legal claims related to the Class Products that have been asserted in the Action or could have been asserted in the Action; or (c) involves the advertising, marketing, promotion, purchase, sale, distribution, design, testing, manufacture, application, use, performance, warranting, communications or statements about the Class Products, packaging or Labeling of the Class Products (collectively, the "Released Claims"). The Parties acknowledge and agree that bodily injury, wrongful death, and/or emotional distress claims arising from bodily injury, are not part of any of the facts alleged by Plaintiff and that such claims are not included within the Released Claims.

Notice of the Court's final judgment will be affected by posting it on the Settlement Administrator's website and by posting a copy of the final judgment and final approval order on the Settlement Administrator's website at www.KrudKutterSettlement.com. The full Settlement Agreement is available at www.KrudKutterSettlement.com. The Settlement Agreement describes the Releasing Parties, Released Parties, and Released Claims with specific descriptions, in necessarily accurate legal terminology, so please read it carefully. You can talk to one of the lawyers listed below for free or you can, of course, talk to your own lawyer if you have questions about the Released Claims or what they mean.

| HOW TO GET A CASH PAYMENT—SUBMITTING A VALID CLAIM FORM |
| --- |

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

To ask for a Cash Award you must complete and submit a Valid Claim Form along with the required supporting documentation, if you have it. You can get a Claim Form at www.KrudKutterSettlement.com. You may also submit your claim via the website. The Claim Form describes what you must provide to prove your claim and receive a Cash Award and generally requires information regarding the quantity of Class Products you purchased during the Class Period. Please read the instructions carefully, fill out the Claim Form, and either submit it online at www.KrudKutterSettlement.com, or mail it postmarked no later than, [SIXTY (60) CALENDAR DAYS AFTER NOTICE BEGINS], **2025** to:

[TBD]

The Settlement Administrator may seek additional information to validate the Claim Form and/or disqualify an invalid Claim. If you provide incomplete or inaccurate information, your Claim may be denied.

### 10. When will I get my payment?

Payments will be sent to Settlement Class Members who send in Valid Claim Forms on time, after the Court grants "final approval" of the Settlement, and after the time for appeals has ended and any appeals have been resolved. If the Court approves the Settlement after a hearing on [DATE OF FINAL APPROVAL HEARING], **2025** (*see* the section "The Court's Fairness Hearing" below), there may be appeals. Resolving these appeals can take time. Please be patient.

EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Defendant over the legal issues in this case, you must take steps to get out of the Settlement. This is called asking to be excluded from— sometimes called "opting out" of—the Settlement Class. If you exclude yourself from the settlement, you will not be entitled to receive any money from this lawsuit.

### 11. If I exclude myself, can I get anything from the Settlement?

If you ask to be excluded, you will not get a Cash Award under the Settlement, and you cannot object to the Settlement. But you may be part of a different lawsuit against Defendant in the future. You will not be bound by anything that happens in this lawsuit.

### 12. If I don't exclude myself, can I sue later?

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT
www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET
9

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

No. Unless you exclude yourself, you give up the right to sue Defendant for the claims that this Settlement resolves. You must exclude yourself from *this* Class to start or continue your own lawsuit.

## 13. How do I get out of the Settlement?

To opt out of the Settlement, you must send a letter by mail saying that you want to be excluded from ***Bush v. Rust-Oleum Corporation*, U.S. District Court for the Northern District of California, Case No. 3:20-cv-03268**. Be sure to include your name, address, telephone number, the approximate date of purchase, and your signature. You can't ask to be excluded at the website or on the phone. You must mail your opt out request postmarked no later than [SIXTY (60) CALENDAR DAYS AFTER NOTICE BEGINS], **2025** to:

[TBD]

Requests to opt out that do not include all required information and/or that are not submitted on a timely basis, will be deemed null, void, and ineffective. Settlement Class Members who fail to submit a valid and timely Request for opting out on or before the deadline above shall be bound by all terms of the Settlement and any Final Judgment entered in this litigation if the Settlement is approved by the Court, regardless of whether they ineffectively or untimely requested exclusion from the Settlement.

OBJECTING TO THE SETTLEMENT

## 14. How do I tell the Court I don't like the proposed Settlement?

To object to the Settlement, you or your attorney must send a written objection to the Settlement Administrator showing the basis for your objections. Your objection must contain the following information:

(i)   A caption or title that clearly identifies the Action (*Bush v. Rust-Oleum Corporation*, Case No. 3:20-cv-03268  (N.D. Cal.)) and that the document is an objection;

(ii)  Your name, current address, and telephone number or your lawyer's name, address, and telephone number if you are objecting through counsel;

(iii) What Product(s) you bought during the Class Period;

(iv)  A clear and concise statement of the Class Member's objection, as well as any facts and law supporting the objection,

(v)   If applicable, the identity of any other objections you or your counsel (if you have counsel) submitted to any other class action settlements within the past five years including the case name, case number, and court, the general nature of such prior objection(s), and the

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET
10

outcome of said prior objection(s) (or a statement that you and/or your attorneys have submitted no such objections);

(vi) Your signature attesting that all facts are true and correct; and

(vii)    If applicable, the signature of your counsel (the "Objection").

Any objection to the Settlement must be postmarked on or before the Objection Deadline and sent to the Settlement Administrator at the addresses set forth in the Class Notice. The Court may, but is not required to, hear Objections in substantial compliance with these requirements, so Settlement Class Members should satisfy all requirements.

You or your lawyer may, but are not required to, appear at the Final Approval Hearing. If you or your lawyer wish to appear at the Final Approval Hearing, you must file with the Court a Notice of Intention to Appear along your written objection no later than [SIXTY (60) CALENDAR DAYS AFTER NOTICE BEGINS], **2025**. You must file your Notice of Intention to Appear by certified mail or in person, along with any other supporting materials to: Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. Your written objection must be marked with the Case name and Case Number (*Bush v. Rust-Oleum*, Case No. 3:20-cv-03268, U.S. District Court for the Northern District of California).  In addition, you must also send copies of all documents you file with the Court to:

**CLARKSON LAW FIRM, PC.**
Ryan J. Clarkson, Esq.
Bahar Sodaify, Esq.
Alan Gudino, Esq.
22525 Pacific Coast Highway
Malibu, California 90265
KrudKutter@clarksonlawfirm.com

**MOON LAW, APC**
Christopher D. Moon, Esq.
Kevin O. Moon, Esq.
228 Hamilton Ave., 3rd Fl
Palo Alto, California 94301

**SWANSON, MARTIN & BELL, LLP**
Anthony J. Monaco, Esq.
P. Stephen Fardy, Esq.
William D. Patterson, Esq.
330 N. Wabash, Suite 3300
Chicago, Illinois 60611

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT
www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

The Court may only require substantial compliance with the requirements for submitting an objection. The requirement to submit a written objection may be waived upon a showing of good cause.

## OBJECTION AND OPT-OUT DIFFERENCES

### 15. What is the difference between objecting and opting out?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. If you stay in the Class, you will be legally bound by all orders and judgments of the Court, and you won't be able to sue, or continue to sue, Defendant as part of any other lawsuit involving the same claims that are in this lawsuit. Opting out is telling the Court that you don't want to be part of the Class. If you opt out, you have no basis to object because the case no longer affects you. You cannot both opt out of and object to the Settlement. If a person attempts to do both, the Court will treat the submissions as an opt-out.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in the case?

The Court has designated Ryan J. Clarkson, Bahar Sodaify, and Alan Gudino of Clarkson Law Firm, P.C., 22525 Pacific Coast Highway, Malibu, CA 90265 and Christopher D. Moon and Kevin O. Moon of Moon Law APC, 228 Hamilton Ave., 3rd Fl. Palo Alto, California 94301 to represent you as "Class Counsel." You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

### 17. How will the costs of the lawsuit and Settlement be paid?

The Settlement Administrator's and Notice Provider's costs and fees associated with administering the Settlement, including all costs associated with the publication of the Notice of Settlement will be paid out of the Settlement Fund and shall not exceed [TBD], plus postage. Class Counsel's reasonable attorneys' fees and costs related to obtaining the Settlement consistent with applicable law will also be paid out of the Settlement Fund, subject to Court approval.

The three Settlement Class Representative will also request that the Court approve a payment to them of up to $5,000 from the Settlement Fund, as service awards for his participation as the Settlement Class Representative—for taking on the risk of litigation, and for settlement of his

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

individual claims as a Settlement Class Member in the settled Action. The amounts are subject to Court approval and the Court may award less.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. If you have filed an objection on time, you may attend and you may ask to speak, but you don't have to.

### 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at 10:00 a.m. on **[TBD]**, ___2025, at the U.S. District Court for the Northern District of California, Courtroom B 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. The hearing may be moved to a different date or time without additional notice, so please check for updates at www.KrudKutterSettlement.com. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. In order to speak at the Fairness Hearing, you must file a notice of intention to appear with the Clerk. The Court will also decide how much to pay the Settlement Class Representative and the lawyers representing Settlement Class Members. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the judge may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. If you have sent an objection but do not come to the Court hearing, however, you will not have a right to appeal an approval of the Settlement. You may also pay another lawyer to attend on your behalf, but it's not required.

### 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear" in the *Bush v. Rust-Oleum Corporation*

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

litigation. Be sure to include your name, address, telephone number, and your signature as well as the name, address and telephone number of any lawyer representing you (if applicable). Your Notice of Intent to Appear must be postmarked no later than no later than [SIXTY (60) CALENDAR DAYS AFTER NOTICE BEGINS], **2025** and be sent to the addresses listed in Questions 13 and 14. You cannot speak at the hearing if you excluded yourself from the Class.

## IF YOU DO NOTHING

### 21. What happens if I do nothing at all?

If you are a Settlement Class member and do nothing, you will not receive a payment from this Settlement. And, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant about the claims in this case, ever again.

## GETTING MORE INFORMATION

### 22. How do I get more information?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement, download a Claim Form, and review additional case information at www.KrudKutterSettlement.com. You may also call toll-free 1 (888) 905-9684 or email info@KrudKutterSettlement.com.

**PLEASE DO NOT TELEPHONE THE DEFENDANT, THE COURT, OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

DATED: _____, 2025          **BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

# EXHIBIT 3

**Bush v. Rust-Oleum Corporation**
**Case No. 3:20-cv-03268-LB**
**Settlement Agreement**
**Short Form Notice**

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

**LEGAL NOTICE**

**If you bought any of the Krud Kutter "Non-Toxic" and "Earth Friendly" Products Between May 13, 2016, and [Date of Preliminary Approval], you may be entitled to payment.**

*Bush v. Rust-Oleum Corporation*, No. 3:20-cv-03268
U.S. District Court for the Northern District of California

**What Is This Notice About?** This Notice is to inform you of the settlement of the class action lawsuit referenced above (the "Action") with Rust-Oleum Corporation ("Defendant"). Plaintiff in this lawsuit claims that Defendant deceptively labeled its Krud Kutter brand products as "Non-Toxic" and "Earth Friendly," when in fact, they can cause harm to people, animals, and the environment. Defendant denies all claims in the lawsuit and denies that it did anything unlawful or improper. The Court did not rule in favor of either side. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

**Am I A Member of The Class?** You are a Settlement Class member if purchased any of Defendant's Krud Kutter brand products with the claims "Non-Toxic" and "Earth Friendly" in the United States, for personal or household use and not for resale or distribution, including  (1) Krud Kutter Adhesive Remover; (2) Krud Kutter Instant Carpet Stain Remover Plus Deodorizer; (3) Krud Kutter Original Cleaner & Degreaser; (4) Krud Kutter Tough Task Remover; (5) Krud Kutter Sports Cleaner/Stain Remover; (6) Krud Kutter Gutter & Exterior Metal Cleaner; (7) Krud Kutter Kitchen Degreaser & All Purpose Cleaner; (8) Krud Kutter Heavy Traffic Carpet Cleaner; (9) Krud Kutter Deck & Fence Wash; (10) Krud Kutter Multi-Purpose House Wash; (11) Krud Kutter Window Wash; (12) Krud Kutter Parts Washer Cleaner/Degreaser; (13) Krud Kutter Driveway Cleaner & Degreaser; (14) Krud Kutter Original Cleaner & Degreaser (Aerosol); and (15) Krud Kutter Tough Task Remover (Aerosol), and all sizes and packaging types of those products. ("Class Products"), between May 13, 2016, and [DATE OF PRELIMINARY APPROVAL] (the "Class Period").

**What Does the Settlement Provide?** With Court approval, the Settlement provides a Cash Award to Settlement Class Members that submit a valid and timely Claim Form. Settlement Class Members who previously purchased any of the Class Products during the Class Period may submit a claim to receive One Dollar ($1.00) per Class Product purchase with a cap on the amount of Class Products if no proof of purchase is provided. Defendant has also agreed to remove the "Non-Toxic" representation from the Class Products' labels and to add an asterisk to the "Earth Friendly" representation corresponding to the back label statement, "Contains no inorganic phosphates, hazardous solvents or environmentally harmful surfactants" or similar qualifying language.

If the amount in the Net Settlement Fund (net of costs of notice and settlement administration, Settlement Class Counsel's attorneys' fees and litigation expenses, and the service award for Plaintiff), is either less or more than the amount of the total cash claims submitted by Claimants, the claims of each Claimant will be decreased or increased, respectively, *pro rata*, to ensure the Settlement Fund is exhausted, with no reversion from the Settlement Fund to Defendant. *Pro rata* upward adjustment of cash claims shall be capped at two times the claimed amount. For avoidance of doubt, this means that under no circumstances shall a person who submits a claim, with or without proof of purchase, receive more than Two Dollars ($2.00) per Class Product purchased. Any amounts remaining in the Net Settlement Fund after checks are issued and cashed or expired shall be disbursed *cy pres*. Those Settlement Class Members whose payments are not cleared within one hundred and eighty (180) calendar days after issuance will be ineligible to receive a cash settlement benefit and the Settlement Administrator will have no further obligation to make any payment from the Settlement Fund pursuant to this Settlement Agreement or otherwise to such Settlement Class Member.

**What Are My Rights and Options?** You have three options:

**You Can Make a Claim**. Settlement Class Members who wish to receive a Cash Award **must** submit a Claim Form by visiting the Settlement Website, **www.KrudKutterSettlement.com**, and submitting a Claim Form (which can also be printed and mailed). The deadline to **postmark or submit your claim online is [SIXTY (60) CALENDAR DAYS AFTER SETTLEMENT NOTICE DATE].**

**You Can Object to the Settlement**. You may also object to any part of this Settlement. Objections must be mailed to the Settlement Administrator and **postmarked no later than [SIXTY (60) CALENDAR DAYS AFTER SETTLEMENT NOTICE DATE], 2025**.

**You Can "Opt-Out" of the Settlement**. You can exclude yourself ("opt-out") of the Settlement by submitting an exclusion request to the Settlement Administrator that is **postmarked no later than [SIXTY (60) CALENDAR**

**DAYS AFTER SETTLEMENT NOTICE DATE], 2025.** This is the only option that allows you to be part of any other lawsuit against Defendant about the legal claims in this case.

Details about how to opt-out, object, and submit your Claim Form are available on the Settlement Website.

**The Fairness Hearing**

On ___, 2025 at 10:00 am, the Court will hold a hearing at the U.S. District Court for the Northern District of California, Courtroom B 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 to approve: (1) the Settlement as fair, reasonable, and adequate; and (2) the application for Plaintiff's attorneys' fees of up to $500,000, payment of attorneys' expenses, and payment of up to $5,000 to the Settlement Class Representative. Settlement Class Members who support the proposed settlement do not need to appear at the hearing or take any other action to indicate their approval.

**How Can I Get More Information?**

This is only a summary of the settlement. If you have questions or want to view the detailed notice or other documents about the Litigation, including the Settlement Agreement visit **www.KrudKutterSettlement.com**, contact the Settlement Administrator at **1 (888) 905-9684** or by email at **info@KrudKutterSettlement.com** or by writing to **P.O. Box 231; Valparaiso, IN 46384**, or contact Class Counsel at **KrudKutter@Clarksonlawfirm.com**.

# EXHIBIT 4

***Bush v. Rust-Oleum Corporation***
**Case No. 3:20-cv-03268-LB**
**Settlement Agreement**
**Notice Plan (Schey Decl.)**

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

11

**NORTHERN DISTRICT OF CALIFORNIA**

12
13

ANTHONY BUSH, individually and on

14

behalf of all others similarly situated,

15

Plaintiff,

16

v.

17

RUST-OLEUM CORPORATION, an Illinois

18

corporation,

19

Defendant.

20
21
22
23
24
25
26
27
28

Case No. 3:20-CV-03268-LB

*Assigned for all purposes to the Hon. Laurel Beeler, United State Magistrate Judge*

**DECLARATION OF MARK SCHEY RE: CLASS NOTICE AND SETTLEMENT ADMINISTRATION**

-1-
DECLARATION OF MARK SCHEY

### DECLARATION OF MARK SCHEY

I, MARK SCHEY, declare:

 1. I am the founder of Digital Settlement, LLC, a company specializing in class action notice and claims administration. Previously, I was a founding member of Digital Settlement Group, LLC ("DSG"), and served for thirteen years as its primary notice and administration expert. The following statements are based on my personal knowledge and information provided by other Digital Settlement principals and employees working under my supervision.

 2. Digital Settlement was retained to provide notice and claims administration services for the proposed settlement in this action.

 3. The primary objective of this declaration is to provide the Court with information regarding:

  a) My expertise, as well as that of Digital Settlement, in providing comprehensive class action settlement administration services,

  b) The Settlement Plan developed for this matter, including a detailed explanation of its compliance with Fed. R. Civ. P. 23(e) ("Rule 23") to ensure fair, reasonable, and adequate administration, and

  c) The data security measures Digital Settlement prioritizes to protect class members' information.

### EXPERIENCE

 4. Over the past 15 years, I have served as a court-appointed notice administrator in numerous class actions across both state and federal courts. In this capacity, I have developed notice plans for some of the largest class action administration firms in the industry and overseen administration for high-profile cases, including the largest TCPA settlement in history: *Ignacio Perez v. Rash Curtis & Associates,* N.D. Cal., resulting in a recovery of $75.6 million for individuals who were contacted by a debt collection agency.

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

5.  Below is a sample of recent class action cases where I served as court-appointed administrator, supervising class notice and claims administration services:

a) *Hart v. BHH LLC, et al*, Case No. 1:15-cv-04804-WHP (S.D.N.Y.) (Nationwide class of purchasers of "pest repeller" products);

b) *Pearson, et al. v. NBTY, Inc*, No. CV11-07972 (N.D. Ill.) (Nationwide class of purchasers of glucosamine supplement products);

c) *Pamela Miller, et al. v. Basic Research, LLC*, et al., Case No. CV 2:07-cv-00871 (D. Utah) (Nationwide class of purchasers of dietary supplement products);

d) *Eggnatz et al v. The Kellogg Company et al*, Case No. 1:12-cv-21678 (S.D. Fla.) (Nationwide class of purchasers of Kashi brand cereal products);

e) *Jan Harrison, et al. v. E. I. Du Pont De Nemours and Company, et al*., Case No. 5:13-cv-01180-BLF (N.D. Cal.) (Nationwide indirect purchase class of paint products);

f) *Iglesias vs. Ferrara Candy Co.,* Case No. 3:17-cv-00849-VC (N.D. Cal.) (Nationwide class of purchasers of candy products);

g) *Liptai v. Spectrum Brands Holdings, Inc.,* et al., Case No. 2018CV000321 (Wis. Cir. Ct.) (Nationwide class of purchasers of coffee maker and household products);

h) *Mateski, et al. v. Just Born, Inc*., Case No. CIVDS1926742 (Cal. Super Ct.) (Nationwide class of purchasers of candy products);

i) Cristie *Ramirez v. HB USA Holdings Inc.,* Case No. 5:20-cv-01016 (N. D. Cal.) (Direct Notice Class); and

j) *Perez v. Rash Curtis & Associates*, (N. D. Cal.) (Direct Notice Class).

6.  Courts have recognized the effectiveness of my class notice plans. For instance, in granting final approval of the settlement in *In Re: Wellnx Marketing & Sales Practices* (MDL No.

DECLARATION OF MARK SCHEY
Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

07-md-1861) (D. Mass) (a national, 18-state, multidistrict class action litigation with a substantial indirect purchaser class), Judge Richard G. Stearns stated at final approval:

> "The effort to provide notice to the class went well beyond what due process would require at its minimum. In fact, it was both an intelligent and effusive, if I can use that word, notification process, which has given me some new ideas for similar cases in the future for the proper way of giving notice in a case like this where it is hard to otherwise ascertain the identity of the class members."

7.      The Digital Settlement team has over thirty years of marketing experience with a specialty in television and internet advertising. Our team has served as marketing consultants to a variety of consumer product companies, where responsibilities included creative directing national marketing campaigns and producing and directing national television commercials (which have been featured in trade magazines, like Advertising Age, and generated hundreds of millions of dollars in retail revenue). They have personally managed hundreds of millions of dollars in advertising for consumer products and services.

8.      Due to this extensive marketing experience, one area of specialty is providing Internet-based class notice in consumer products cases, particularly those where the identities of most individual class members are not known. See, e.g., *Eggnatz et al v. The Kellogg Company et al*, S.D. Fla., Case No. 1:12-cv-21678. (national purchaser class of Kashi products with no direct mail component); *Pearson, et al. v. NBTY, Inc*, No. CV11-07972 (N.D. Ill.) (national class of purchasers of top-selling glucosamine supplements.

**NOTICE PLAN SUMMARY**

9.      Digital Settlement relies on recommendations from the Federal Judicial Center's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide ("Claims Guide")* in designing its notice plans.

10.      Digital Settlement has reviewed all notice materials and worked with the parties to ensure the notices comply with due process and the directives of the Federal Judicial Center.

-4-

DECLARATION OF MARK SCHEY

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

In my opinion, the Long Form and Short Form notices comport with due process, are "plain language" and convey all the necessary information for Settlement Class Members.

11.    The Long Form Notice is attached as **Exhibit A** and the Short Form Notice is attached as **Exhibit B**.

12.    The objective of the Notice Plan is to execute the most effective plan using a combination of indirect notice methods, including top-tier Internet advertising. Internet advertisements will direct potential Class Members to a dedicated website for this class action, where they can access all relevant documents and review frequently asked questions. A toll-free number with an Interactive Voice Response ("IVR") system will also be available to address inquiries. Class Members may leave a message at the toll-free number, email Digital Settlement, or mail in a request for additional information. The website will prominently display the toll-free number, email address, and physical mailing address for ease of access.

### Class Definition

13.    This class is defined in the Settlement Agreement as:

> "All persons in the United States of America who purchased one or more of Defendant's Covered Products at any time during the Class Period. Excluded from the Settlement Class are any officers, directors, or employees of Defendant, and the immediate family members of any such person. Also excluded is any judge who may preside over this case."

### Internet Notice

14.    Given that direct contact information is not available, Digital Settlement will implement an Internet notice campaign to inform Class Members about the pending class action settlement. This campaign will serve as the primary method for notifying Class Members of the settlement and their rights under its terms.

-5-
DECLARATION OF MARK SCHEY

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

15.     Digital Settlement will specifically target the Class with internet advertisements, creating impressions on comScore[1]-ranked Tier 1 websites, including Google, Yahoo, and Meta, over a 30-day period. An impression is defined as each instance in which an internet ad is displayed or loaded on a webpage. The selected websites collectively reach at least 70% of the U.S. Internet audience, based on comScore data, ensuring maximum exposure.

16.     This notice program will utilize demographic, interest-based, and behavioral targeting to increase its effectiveness. Where feasible and cost-effective, Digital Settlement will also apply behavioral and/or "transactional targeting," using data from websites, ad networks, or third-party sources, to reach users who have purchased the Product or demonstrated interest in similar products.

17.     In addition, Digital Settlement will employ targeted native ads to engage individuals who may not fit within other targeted segments. Unlike traditional media, such as print publications, this approach allows more precise targeting of potential Class Members, reducing "wasted" impressions.

18.     Furthermore, the plan includes targeted "search term" advertisements on popular search engines and networks, as recommended by the Federal Judicial Center's Claims Guide, to meet "extra effort" guidelines for a highly concentrated class. Where feasible, notice ads will leverage user behavioral data, as well as contextual, in-market, topic, and affinity targeting, to reach the most relevant audience.

19.     Given the absence of direct notice information, the Internet notice program will deliver approximately 13.2 million impressions. This program will be monitored throughout the duration of the notice by third-party tools to verify reach and frequency.

---

[1] comScore, Inc. is a leading cross-platform measurement and analytics company that precisely measures audiences, brands and consumer behavior everywhere, capturing 1.9 trillion global interactions monthly. comScore's proprietary digital audience measurement methodology allows marketers to calculate audience reach in a manner not affected by variables such as cookie deletion and cookie blocking/rejection, allowing these audiences to be reached more effectively.

-6-
DECLARATION OF MARK SCHEY

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

20.    The notice advertisements will be designed to "command Class Members' attention" and use clear, concise, and easily understood language. Each ad will contain links directing Class Members to the dedicated settlement website, where they can access further details about the case.

*Press Release*

21.    As part of the Notice Plan, a press release will be issued to inform potential Class Members about the pending settlement. The press release will provide an overview of the settlement, including details about the Class definition, the Covered Products, and the Class Period. It will also direct potential Class Members to the dedicated settlement website, where they can access the full Notice, submit claims, and find additional information. The press release will be distributed through nationally recognized press release distribution channels to maximize its reach and ensure broad dissemination of the settlement details.

*Dedicated Case Website*

22.    Digital Settlement will create and maintain a dedicated website for Class Members to learn about the pending settlement. The website will feature the ability to download relevant settlement documents (in industry-standard PDF format), including the Short Form Notice, the Long Form Notice, and the Claim Form (attached as **Exhibit C**). The website will also include important settlement deadlines, frequently asked questions, and contact information for both Class Counsel and the Settlement Administrator. The site will be designed for broad compatibility with browsers and platforms, adhering to industry best practices.

*Telephone Number*

23.    Digital Settlement will establish and maintain a toll-free Interactive Voice Response ("IVR") system to assist Class Members with inquiries regarding the pending settlement. The IVR system will provide pre-recorded answers to frequently asked questions, details about the settlement, and instructions on how to access additional information or submit a claim. Class Members will also have the option to leave a message for further assistance if needed.

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

1    The toll-free number will be prominently displayed on the settlement website and in all notice

2    materials, ensuring accessibility and convenience for Class Members.

3                                          ***Data Security***

4

5        24.    Data security is critical and is an issue that Digital Settlement takes very seriously.

6    Our policies are fully compliant with state and federal laws, and Digital Settlement places a

7    particular emphasis on ensuring that data and information obtained during the course of the notice

8    is protected to the maximum extent. Inasmuch as data security is an ever-changing and growing

9    area, Digital Settlement works with a team of several developers which assist it with continually

10   updating and enhancing its data security measures.

11       25.    As noted, Digital Settlement's privacy policies are compliant with state and federal

12   laws, including the California Consumer Privacy Act, as it is currently drafted. Digital

13   Settlement's policies are also compliant with the currently drafted policies related to Artificial

14   Intelligence and Machine Learning, and prominently disclose all specifics related to those topics

15   in its policies. More specifically, consumer data received by Digital Settlement in conjunction

16   with its projects is used solely for the intended purposes (i.e., notice to class members and other

17   related tasks associated with the administration of the matter), which are agreed to in advance by

18   the parties. Personally Identifiable Information ("PII") and, where necessary, Personal Health

19   Information ("PHI"), are redacted and are accessed only to the limited extent necessary to carry

20   out Digital Settlement's administrative functions. All information is transmitted via encryption,

21   and all employees and contractors have the latest hardware and software available to ensure the

22   security of the data.

23       26.    Digital Settlement employees are all subject to background checks. Only those

24   individuals who are necessary to the project are provided access to the data and information, and

25   as noted, all have the latest in technology to ensure protection of the data and information. Digital

26   Settlement also uses a secured backup server, accessible only by me and two (2) other Digital

27   Settlement employees, to ensure the security of the data.

28

-8-
DECLARATION OF MARK SCHEY

27.     Digital Settlement also maintains adequate insurance coverage to address any potential data security issues.

### *Conclusion*

28.     Based on the foregoing, and in addition to Digital Settlement's extensive notice administration experience, it is my professional opinion that the Notice will reach the target audience in the most cost-efficient, effective, and timely manner. The methods utilized in this Notice Plan are also consistent with other approved class action notice plans that Digital Settlement has developed.

29.     It is my opinion that the Notice Plan is the best notice that is practicable under the circumstances and is fully in accordance with federal class action procedures as well as the guidelines published by the Federal Judicial Center, to fulfill due process.

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed this 7th day of February 2025.


MARK SCHEY
Digital Settlement, LLC

-9-
DECLARATION OF MARK SCHEY

# EXHIBIT A

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

# If you bought any of the Krud Kutter "Non-Toxic" and "Earth Friendly" Products between May 13, 2016, and [Date of Preliminary Approval] then you may be entitled to compensation.

*A court authorized this notice. This is not a solicitation from a lawyer.*

A settlement has been reached between Rust-Oleum Corporation ("Defendant") and Anthony Bush ("Settlement Class Representative" or "Plaintiff"), individually and on behalf of the Settlement Class. The Settlement resolves a class action lawsuit alleging that: (1) Defendant labeled Krud Kutter brand products as "Non-Toxic" and "Earth Friendly" that may cause harm to humans, animals, and/or the environment; (2) Settlement Class members lost money in the form of the price premium they paid for the products as a result of the label. Defendant denies the allegations, contends that the products are not toxic nor harmful to the environment. The Court did not rule in favor of either side. The parties agreed to the Settlement to avoid the expense and risks of the lawsuit.

- You are a Settlement Class member if you purchased any Krud Kutter brand Products labeled "Non-Toxic" and "Earth Friendly" in the United States, for personal or household use and not for resale or distribution, whether sold alone or in combination with other products ("Class Products"), between May 13, 2016 and [Date of Preliminary Approval] (the "Class Period").

- Settlement Class Members who purchased any of the Class Products during the Class Period may submit a claim to receive One Dollar ($1.00) per Class Product purchased.

- Settlement Class Members who purchased a Class Product during the Class Period and provide a receipt will receive a cash refund of One Dollar ($1.00) per Class Product purchased, without any limitation on the number of Class Products.

- Settlement Class Members who purchased a Class Product during the Class Period and do not provide a receipt, but complete the Claim Form under penalty of perjury, will receive a cash refund of One Dollar ($1.00) per Class Product purchased with a cap of eight (8) Products.

- Each Settlement Class Member may submit a claim either electronically through a settlement website or by mail.

- If the amount in the Net Settlement Fund (net of costs of notice and settlement administration, Settlement Class Counsel's attorneys' fees and litigation expenses and the service award for Plaintiff), is either less or more than the amount of the total cash claims submitted by Claimants, the claims of each Claimant will be decreased or increased, respectively, *pro rata*,

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

to ensure the Settlement Fund is exhausted, with no reversion from the Settlement Fund to Defendant. *Pro rata* upward adjustment of cash claims shall be capped at two times the claimed amount. For avoidance of doubt, this means that under no circumstances shall a person who submits a claim, with or without proof of purchase, receive more than Two Dollars ($2.00) per Class Product purchased. Any amounts remaining in the Net Settlement Fund after checks are issued and cashed or expired shall be disbursed *cy pres*.

**Please read this Notice carefully and in its entirety. Your rights may be affected by the Settlement of this lawsuit, and you have a choice to make now about how to act:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A VALID CLAIM BY [SIXTY (60) CALENDAR DAYS AFTER SETTLEMENT NOTICE DATE], 2025 | The only way to get a cash payment, is if you submit a valid claim and qualify. |
| EXCLUDE YOURSELF FROM THE CLASS BY [SIXTY (60) CALENDAR DAYS AFTER NOTICE BEGINS], 2025 | You will not get any benefits under this Settlement. This is the only option that allows you to be part of any other lawsuit against Defendant about the legal claims in this case. |
| OBJECT TO THE SETTLEMENT BY [SIXTY (60) CALENDAR DAYS AFTER NOTICE BEGINS], 2025 | Tell the Court about why you don't like the Settlement. |
| GO TO A HEARING ON [DATE OF FINAL APPROVAL HEARING], 2025 | Ask to speak in Court about the Settlement. |
| DO NOTHING | Get no benefits. Give up rights to be part of any other lawsuit against Defendant about the legal claims in this case. |

• These rights and options—**and the deadlines to exercise them**—are explained in this notice.

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT
www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

• The Court in charge of this case still has to decide whether to approve the Settlement. Cash payments for valid claims will be issued only if the Court approves the Settlement and after the time for appeals has ended and any appeals are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION ................................................................................PAGE 4

1.          Why was this notice issued?
2.          What is the lawsuit about?
3.          Why is this a class action?
4.          Why is there a Settlement?

WHO IS IN THE SETTLEMENT ................................................................. PAGE 5

5.          How do I know if I am part of the Settlement?
6.          I'm still not sure if I'm included in the Settlement.

THE SETTLEMENT BENEFITS—WHAT YOU GET ...................................................PAGE 6

7.          What does the Settlement provide?
8.          What am I giving up in exchange for the Settlement benefits?

HOW TO GET A CASH PAYMENT—SUBMITTING A VALID CLAIM FORM ........PAGE 7

9.          How can I get a cash payment?
10.         When will I get my check?

EXCLUDING YOURSELF FROM THE SETTLEMENT ...............................................PAGE 8

11.         If I exclude myself, can I get anything from the Settlement?
12.         If I don't exclude myself, can I sue later?
13.         How do I get out of the Settlement?

OBJECTING TO THE SETTLEMENT.............................................................PAGE 9

14.         How do I tell the Court I don't like the proposed Settlement?

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT
www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET
4

OBJECTION AND OPT-OUT DIFFERENCES ..............................................................PAGE 10

15.          What's the difference between objecting and excluding?

THE LAWYERS REPRESENTING YOU ....................................................................PAGE 10

16.          Do I have a lawyer in the case?
17.          How will the costs of the lawsuit and Settlement be paid?

THE COURT'S FAIRNESS HEARING .......................................................................PAGE 10

18.          When and where will the Court decide whether to approve the Settlement?
19.          Do I have to come to the hearing?
20.          May I speak at the hearing?

IF YOU DO NOTHING ...............................................................................................PAGE 11

21.          What happens if I do nothing at all?

GETTING MORE INFORMATION .............................................................................PAGE 12

22.          How do I get more information?

## BASIC INFORMATION

### 1. Why was this notice issued?

A Court authorized this notice because you have a right to know about the proposed Settlement in this class action lawsuit, and about all of your options, before the Court decides whether to give "final approval" to the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

The case is known as *Bush v. Rust-Oleum Corporation*, Case No. 3:20-cv-03268, currently pending in the U.S. District Court for the Northern District of California. The Plaintiff (Anthony Bush) is suing the company Rust-Oleum Corporation, the Defendant.

### 2. What is the lawsuit about?

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT
www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET
5

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

On May 13, 2020, a class action lawsuit was filed against Defendant Rust-Oleum Corporation entitled *Bush v. Rust-Oleum Corporation*, in United States District Court for the Northern District of California, Case No. 3:20-cv-03268, alleging that: (1) Defendant owns, manufactures, and distributes Krud Kutter brand products labeled as "Non-Toxic" and "Earth Friendly" when the products cause harm to humans, animals, and the environment; and (2) Class Members lost money in the form of the price premium they paid for the "Non-Toxic" and "Earth Friendly" products— that is, had they known that the products can cause harm to humans, animals, and the environment, they would not have purchased the products, let alone paid a "premium" for them. Plaintiff seeks injunctive relief, restitutionary, actual, statutory, compensatory, and punitive damages, as well as reasonable attorneys' fees and costs.

Defendant denies all the allegations and claims in this case and denies that it did anything unlawful or improper.

### 3. Why is this a class action?

In a class action one or more people called "class representatives" (in this case, the named Plaintiff is Anthony Bush) sue on behalf of people who have similar claims. All of these people or entities are a "class" or "class members." One court resolves the issues for all class members, except for those who exclude themselves from the class.

### 4. Why is there a settlement?

Both sides agreed to the settlement to avoid the cost and risk of further litigation and trial. The settlement does *not* mean that any law was broken. Defendant denies all of the legal claims in this case. The Class Representative and the lawyers representing him think the settlement is best for all Settlement Class members.

### WHO IS IN THE SETTLEMENT?

To see if you are affected or if you can get benefits, you first have to determine whether you are a Settlement Class Member.

### 5. How do I know if I am part of the Settlement?

You are a member of the Settlement Class if you purchased Defendant's Krud Kutter brand products labeled as "Non-Toxic" and "Earth Friendly" including the following: (1) Krud Kutter Adhesive Remover; (2) Krud Kutter Instant Carpet Stain Remover Plus Deodorizer; (3) Krud

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

Kutter Original Cleaner & Degreaser; (4) Krud Kutter Tough Task Remover; (5) Krud Kutter Sports Cleaner/Stain Remover; (6) Krud Kutter Gutter & Exterior Metal Cleaner; (7) Krud Kutter Kitchen Degreaser & All Purpose Cleaner; (8) Krud Kutter Heavy Traffic Carpet Cleaner; (9) Krud Kutter Deck & Fence Wash; (10) Krud Kutter Multi-Purpose House Wash; (11) Krud Kutter Window Wash; (12) Krud Kutter Parts Washer Cleaner/Degreaser; (13) Krud Kutter Driveway Cleaner & Degreaser; (14) Krud Kutter Original Cleaner & Degreaser (Aerosol); and (15) Krud Kutter Tough Task Remover (Aerosol), and all sizes and packaging types of those products, in the United States, for personal or household use and not for resale or distribution, between May 13, 2016, and [Date of Preliminary Approval]. This time period is referred to as the "Class Period." Excluded from the Settlement Class are the presiding judges in the Action, any member of those judges' immediate families, Defendant, any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, counsel for the Parties, and any persons who timely opt-out of the Settlement Class.

### 6. I'm still not sure if I'm included in the Settlement.

If you are not sure whether you are included in the Settlement Class, call 1 (888) 905-9684, email info@KrudKutterSettlement.com, or go to www.KrudKutterSettlement.com.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 7. What does the Settlement provide?

Rust-Oleum Corporation has agreed to make available a Total Settlement Fund of One Million Five Hundred Thousand Dollars ($1,500,000) ("Total Settlement Fund"). Settlement Class Members who submit a Valid Claim may receive a benefit from the Settlement Fund.

Defendant has also agreed to remove the "Non-Toxic" representation from the packaging and labeling of the Class Products and to add an asterisk to the "Earth Friendly" representation on the front label directing consumers to the back label stating "Contains no inorganic phosphates, hazardous solvents or environmentally harmful surfactants" or similar qualifying language.

Settlement Class Members who previously purchased any of the Class Products during the Class Period may submit a claim to receive One Dollar ($1.00) per Class Product purchased.

Settlement Class Members who purchased a Class Product during the Class Period and provide a receipt will receive a cash refund of One Dollar ($1.00) per Class Product purchased, without any limitation on the number of Class Products.

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

Settlement Class Members who purchased a Class Product during the Class Period and do not provide a receipt, but complete the Claim Form under penalty of perjury, will receive a cash refund of One Dollar ($1.00) per Class Product purchased with a cap of eight (8) Class Products.

Each Settlement Class Member may submit a claim either electronically through the Settlement Website (www.KrudKutterSettlement.com) or by mail.

If the amount in the Net Settlement Fund (net of costs of notice and settlement administration, Settlement Class Counsel's attorneys' fees and litigation expenses and service award for Plaintiff), is either less or more than the amount of the total cash claims submitted by Claimants, the claims of each Claimant will be decreased or increased, respectively, *pro rata*, to ensure the Settlement Fund is exhausted, with no reversion from the Settlement Fund to Defendant. *Pro rata* upward adjustment of cash claims shall be capped at two times the claimed amount. For avoidance of doubt, this means that under no circumstances shall a person who submits a claim, with or without proof of purchase, receive more than Two Dollars ($2.00) per Class Product purchased. Any amounts remaining in the Net Settlement Fund after checks are issued and cashed or expired shall be disbursed *cy pres*.

Those Settlement Class Members whose payments are not cleared within one hundred and eighty (180) calendar days after issuance will be ineligible to receive a cash settlement benefit and the Settlement Administrator will have no further obligation to make any payment from the Settlement Fund pursuant to this Settlement Agreement or otherwise to such Settlement Class Member. Any funds that remain unclaimed or are unused after the distribution of the Settlement Fund will be distributed to an appropriate *cy pres* charity or charities approved by the Court. Instructions for submitting a Claim are included in Section 9 below.

Any award of attorneys' fees to Class Counsel (not to exceed $500,000) upon Court approval, an award of litigation expenses to Class Counsel, a service award to Plaintiff (up to $5,000 for the Settlement Class Representative), and costs to administer the Settlement will be paid from the Settlement Fund. More details are in a document called the Settlement Agreement, which is available at www.KrudKutterSettlement.com.

## 8. What am I giving up in exchange for the Settlement benefits?

If the Settlement becomes final, Settlement Class Members will be releasing Defendant and all related people and entities for all the claims described and identified in Section 8 of the Settlement Agreement ("Release"). The Release is included below:

> The Releasing Parties hereby fully release and forever discharge the Released Parties from any and all actual, potential, filed, known or unknown, fixed or contingent,

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

claimed or unclaimed, suspected or unsuspected, asserted or unasserted, claims, demands, liabilities, rights, debts, obligations, liens, contracts, agreements, judgments, actions, suits, causes of action, contracts or agreements, extra-contractual claims, damages of any kind, punitive, exemplary or multiplied damages, expenses, costs, penalties, fees, attorneys' fees, and/or obligations of any nature whatsoever (including "Unknown Claims" as defined below), whether at law or in equity, accrued or unaccrued, whether previously existing, existing now or arising in the future, whether direct, individual, representative, or class, of every nature, kind and description whatsoever, based on any federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, relating in any way to any conduct prior to the date of the Preliminary Approval Order and that: (a) is or are based on any act, omission, inadequacy, statement, communication, representation (express or implied), harm, injury, matter, cause, or event of any kind related in any way to any Class Product; (b) involves legal claims related to the Class Products that have been asserted in the Action or could have been asserted in the Action; or (c) involves the advertising, marketing, promotion, purchase, sale, distribution, design, testing, manufacture, application, use, performance, warranting, communications or statements about the Class Products, packaging or Labeling of the Class Products (collectively, the "Released Claims"). The Parties acknowledge and agree that bodily injury, wrongful death, and/or emotional distress claims arising from bodily injury, are not part of any of the facts alleged by Plaintiff and that such claims are not included within the Released Claims.

Notice of the Court's final judgment will be affected by posting it on the Settlement Administrator's website and by posting a copy of the final judgment and final approval order on the Settlement Administrator's website at www.KrudKutterSettlement.com. The full Settlement Agreement is available at www.KrudKutterSettlement.com. The Settlement Agreement describes the Releasing Parties, Released Parties, and Released Claims with specific descriptions, in necessarily accurate legal terminology, so please read it carefully. You can talk to one of the lawyers listed below for free or you can, of course, talk to your own lawyer if you have questions about the Released Claims or what they mean.

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET
9

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

## HOW TO GET A CASH PAYMENT—SUBMITTING A VALID CLAIM FORM

To ask for a Cash Award you must complete and submit a Valid Claim Form along with the required supporting documentation, if you have it. You can get a Claim Form at www.KrudKutterSettlement.com. You may also submit your claim via the website. The Claim Form describes what you must provide to prove your claim and receive a Cash Award and generally requires information regarding the quantity of Class Products you purchased during the Class Period. Please read the instructions carefully, fill out the Claim Form, and either submit it online at www.KrudKutterSettlement.com, or mail it postmarked no later than, [SIXTY (60) CALENDAR DAYS AFTER NOTICE BEGINS], **2025** to:

[TBD]

The Settlement Administrator may seek additional information to validate the Claim Form and/or disqualify an invalid Claim. If you provide incomplete or inaccurate information, your Claim may be denied.

### 10. When will I get my payment?

Payments will be sent to Settlement Class Members who send in Valid Claim Forms on time, after the Court grants "final approval" of the Settlement, and after the time for appeals has ended and any appeals have been resolved. If the Court approves the Settlement after a hearing on [DATE OF FINAL APPROVAL HEARING], **2025** (*see* the section "The Court's Fairness Hearing" below), there may be appeals. Resolving these appeals can take time. Please be patient.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Defendant over the legal issues in this case, you must take steps to get out of the Settlement. This is called asking to be excluded from—sometimes called "opting out" of—the Settlement Class. If you exclude yourself from the settlement, you will not be entitled to receive any money from this lawsuit.

### 11. If I exclude myself, can I get anything from the Settlement?

If you ask to be excluded, you will not get a Cash Award under the Settlement, and you cannot object to the Settlement. But you may be part of a different lawsuit against Defendant in the future. You will not be bound by anything that happens in this lawsuit.

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

No. Unless you exclude yourself, you give up the right to sue Defendant for the claims that this Settlement resolves. You must exclude yourself from *this* Class to start or continue your own lawsuit.

## 13. How do I get out of the Settlement?

To opt out of the Settlement, you must send a letter by mail saying that you want to be excluded from **Bush v. Rust-Oleum Corporation, U.S. District Court for the Northern District of California, Case No. 3:20-cv-03268**. Be sure to include your name, address, telephone number, the approximate date of purchase, and your signature. You can't ask to be excluded at the website or on the phone. You must mail your opt out request postmarked no later than [SIXTY (60) CALENDAR DAYS AFTER NOTICE BEGINS], **2025** to:

[TBD]

Requests to opt out that do not include all required information and/or that are not submitted on a timely basis, will be deemed null, void, and ineffective. Settlement Class Members who fail to submit a valid and timely Request for opting out on or before the deadline above shall be bound by all terms of the Settlement and any Final Judgment entered in this litigation if the Settlement is approved by the Court, regardless of whether they ineffectively or untimely requested exclusion from the Settlement.

OBJECTING TO THE SETTLEMENT

## 14. How do I tell the Court I don't like the proposed Settlement?

To object to the Settlement, you or your attorney must send a written objection to the Settlement Administrator showing the basis for your objections. Your objection must contain the following information:

(i) A caption or title that clearly identifies the Action (*Bush v. Rust-Oleum Corporation*, Case No. 3:20-cv-03268 (N.D. Cal.)) and that the document is an objection;

(ii) Your name, current address, and telephone number or your lawyer's name, address, and telephone number if you are objecting through counsel;

(iii) What Product(s) you bought during the Class Period;

(iv) A clear and concise statement of the Class Member's objection, as well as any facts and law supporting the objection,

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET
11

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

(v) If applicable, the identity of any other objections you or your counsel (if you have counsel) submitted to any other class action settlements within the past five years including the case name, case number, and court, the general nature of such prior objection(s), and the outcome of said prior objection(s) (or a statement that you and/or your attorneys have submitted no such objections);

(vi) Your signature attesting that all facts are true and correct; and

(vii)      If applicable, the signature of your counsel (the "Objection").

Any objection to the Settlement must be postmarked on or before the Objection Deadline and sent to the Settlement Administrator at the addresses set forth in the Class Notice. The Court may, but is not required to, hear Objections in substantial compliance with these requirements, so Settlement Class Members should satisfy all requirements.

You or your lawyer may, but are not required to, appear at the Final Approval Hearing. If you or your lawyer wish to appear at the Final Approval Hearing, you must file with the Court a Notice of Intention to Appear along your written objection no later than [SIXTY (60) CALENDAR DAYS AFTER NOTICE BEGINS], **2025**. You must file your Notice of Intention to Appear by certified mail or in person, along with any other supporting materials to: Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. Your written objection must be marked with the Case name and Case Number (*Bush v. Rust-Oleum*, Case No. 3:20-cv-03268, U.S. District Court for the Northern District of California).  In addition, you must also send copies of all documents you file with the Court to:

**CLARKSON LAW FIRM, PC.**
Ryan J. Clarkson, Esq.
Bahar Sodaify, Esq.
Alan Gudino, Esq.
22525 Pacific Coast Highway
Malibu, California 90265
KrudKutter@clarksonlawfirm.com

**MOON LAW, APC**
Christopher D. Moon, Esq.
Kevin O. Moon, Esq.
228 Hamilton Ave., 3rd Fl
Palo Alto, California 94301

**SWANSON, MARTIN & BELL, LLP**
Anthony J. Monaco, Esq.
P. Stephen Fardy, Esq.

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

William D. Patterson, Esq.
330 N. Wabash, Suite 3300
Chicago, Illinois 60611

The Court may only require substantial compliance with the requirements for submitting an objection. The requirement to submit a written objection may be waived upon a showing of good cause.

## OBJECTION AND OPT-OUT DIFFERENCES

### 15. What is the difference between objecting and opting out?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. If you stay in the Class, you will be legally bound by all orders and judgments of the Court, and you won't be able to sue, or continue to sue, Defendant as part of any other lawsuit involving the same claims that are in this lawsuit. Opting out is telling the Court that you don't want to be part of the Class. If you opt out, you have no basis to object because the case no longer affects you.  You cannot both opt out of and object to the Settlement.  If a person attempts to do both, the Court will treat the submissions as an opt-out.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in the case?

The Court has designated Ryan J. Clarkson, Bahar Sodaify, and Alan Gudino of Clarkson Law Firm, P.C., 22525 Pacific Coast Highway, Malibu, CA 90265 and Christopher D. Moon and Kevin O. Moon of Moon Law APC, 228 Hamilton Ave., 3rd Fl. Palo Alto, California 94301 to represent you as "Class Counsel." You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

### 17. How will the costs of the lawsuit and Settlement be paid?

The Settlement Administrator's and Notice Provider's costs and fees associated with administering the Settlement, including all costs associated with the publication of the Notice of Settlement will be paid out of the Settlement Fund and shall not exceed [TBD], plus postage. Class Counsel's reasonable attorneys' fees and costs related to obtaining the Settlement consistent with applicable law will also be paid out of the Settlement Fund, subject to Court approval.

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT
www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET
13

The three Settlement Class Representative will also request that the Court approve a payment to them of up to $5,000 from the Settlement Fund, as service awards for his participation as the Settlement Class Representative—for taking on the risk of litigation, and for settlement of his individual claims as a Settlement Class Member in the settled Action. The amounts are subject to Court approval and the Court may award less.

THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. If you have filed an objection on time, you may attend and you may ask to speak, but you don't have to.

### 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at 10:00 a.m. on **[TBD], ___**2025, at the U.S. District Court for the Northern District of California, Courtroom B 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.  The hearing may be moved to a different date or time without additional notice, so please check for updates at www.KrudKutterSettlement.com. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. In order to speak at the Fairness Hearing, you must file a notice of intention to appear with the Clerk. The Court will also decide how much to pay the Settlement Class Representative and the lawyers representing Settlement Class Members. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the judge may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. If you have sent an objection but do not come to the Court hearing, however, you will not have a right to appeal an approval of the Settlement. You may also pay another lawyer to attend on your behalf, but it's not required.

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT
www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET
14

## 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear" in the *Bush v. Rust-Oleum Corporation* litigation. Be sure to include your name, address, telephone number, and your signature as well as the name, address and telephone number of any lawyer representing you (if applicable). Your Notice of Intent to Appear must be postmarked no later than no later than [SIXTY (60) CALENDAR DAYS AFTER NOTICE BEGINS], **2025** and be sent to the addresses listed in Questions 13 and 14. You cannot speak at the hearing if you excluded yourself from the Class.

## IF YOU DO NOTHING

## 21. What happens if I do nothing at all?

If you are a Settlement Class member and do nothing, you will not receive a payment from this Settlement. And, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant about the claims in this case, ever again.

## GETTING MORE INFORMATION

## 22. How do I get more information?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement, download a Claim Form, and review additional case information at www.KrudKutterSettlement.com. You may also call toll-free 1 (888) 905-9684 or email info@KrudKutterSettlement.com.

**PLEASE DO NOT TELEPHONE THE DEFENDANT, THE COURT, OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

DATED: _____, 2025          **BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

QUESTIONS? CALL 1 (888) 905-9684, EMAIL info@KrudKutterSettlement.com OR VISIT
www.KrudKutterSettlement.com.
PARA UNA NOTIFICATIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET
15

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

# EXHIBIT B

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

**LEGAL NOTICE**

**If you bought any of the Krud Kutter "Non-Toxic" and "Earth Friendly" Products Between May 13, 2016, and [Date of Preliminary Approval], you may be entitled to payment.**

*Bush v. Rust-Oleum Corporation*, No. 3:20-cv-03268
U.S. District Court for the Northern District of California

**What Is This Notice About?** This Notice is to inform you of the settlement of the class action lawsuit referenced above (the "Action") with Rust-Oleum Corporation ("Defendant"). Plaintiff in this lawsuit claims that Defendant deceptively labeled its Krud Kutter brand products as "Non-Toxic" and "Earth Friendly," when in fact, they can cause harm to people, animals, and the environment. Defendant denies all claims in the lawsuit and denies that it did anything unlawful or improper. The Court did not rule in favor of either side. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

**Am I A Member of The Class?** You are a Settlement Class member if purchased any of Defendant's Krud Kutter brand products with the claims "Non-Toxic" and "Earth Friendly" in the United States, for personal or household use and not for resale or distribution, including  (1) Krud Kutter Adhesive Remover; (2) Krud Kutter Instant Carpet Stain Remover Plus Deodorizer; (3) Krud Kutter Original Cleaner & Degreaser; (4) Krud Kutter Tough Task Remover; (5) Krud Kutter Sports Cleaner/Stain Remover; (6) Krud Kutter Gutter & Exterior Metal Cleaner; (7) Krud Kutter Kitchen Degreaser & All Purpose Cleaner; (8) Krud Kutter Heavy Traffic Carpet Cleaner; (9) Krud Kutter Deck & Fence Wash; (10) Krud Kutter Multi-Purpose House Wash; (11) Krud Kutter Window Wash; (12) Krud Kutter Parts Washer Cleaner/Degreaser; (13) Krud Kutter Driveway Cleaner & Degreaser; (14) Krud Kutter Original Cleaner & Degreaser (Aerosol); and (15) Krud Kutter Tough Task Remover (Aerosol), and all sizes and packaging types of those products. ("Class Products"), between May 13, 2016, and [DATE OF PRELIMINARY APPROVAL] (the "Class Period").

**What Does the Settlement Provide?** With Court approval, the Settlement provides a Cash Award to Settlement Class Members that submit a valid and timely Claim Form. Settlement Class Members who previously purchased any of the Class Products during the Class Period may submit a claim to receive One Dollar ($1.00) per Class Product purchase with a cap on the amount of Class Products if no proof of purchase is provided. Defendant has also agreed to remove the "Non-Toxic" representation from the Class Products' labels and to add an asterisk to the "Earth Friendly" representation corresponding to the back label statement, "Contains no inorganic phosphates, hazardous solvents or environmentally harmful surfactants" or similar qualifying language.

If the amount in the Net Settlement Fund (net of costs of notice and settlement administration, Settlement Class Counsel's attorneys' fees and litigation expenses, and the service award for Plaintiff), is either less or more than the amount of the total cash claims submitted by Claimants, the claims of each Claimant will be decreased or increased, respectively, *pro rata*, to ensure the Settlement Fund is exhausted, with no reversion from the Settlement Fund to Defendant. *Pro rata* upward adjustment of cash claims shall be capped at two times the claimed amount. For avoidance of doubt, this means that under no circumstances shall a person who submits a claim, with or without proof of purchase, receive more than Two Dollars ($2.00) per Class Product purchased. Any amounts remaining in the Net Settlement Fund after checks are issued and cashed or expired shall be disbursed *cy pres*. Those Settlement Class Members whose payments are not cleared within one hundred and eighty (180) calendar days after issuance will be ineligible to receive a cash settlement benefit and the Settlement Administrator will have no further obligation to make any payment from the Settlement Fund pursuant to this Settlement Agreement or otherwise to such Settlement Class Member.

**What Are My Rights and Options?** You have three options:

**You Can Make a Claim**. Settlement Class Members who wish to receive a Cash Award **must** submit a Claim Form by visiting the Settlement Website, **www.KrudKutterSettlement.com**, and submitting a Claim Form (which can also be printed and mailed). The deadline to **postmark or submit your claim online is [SIXTY (60) CALENDAR DAYS AFTER SETTLEMENT NOTICE DATE].**

**You Can Object to the Settlement**. You may also object to any part of this Settlement. Objections must be mailed to the Settlement Administrator and **postmarked no later than [SIXTY (60) CALENDAR DAYS AFTER SETTLEMENT NOTICE DATE], 2025**.

**You Can "Opt-Out" of the Settlement**. You can exclude yourself ("opt-out") of the Settlement by submitting an exclusion request to the Settlement Administrator that is **postmarked no later than [SIXTY (60) CALENDAR**

**DAYS AFTER SETTLEMENT NOTICE DATE], 2025.** This is the only option that allows you to be part of any other lawsuit against Defendant about the legal claims in this case.

Details about how to opt-out, object, and submit your Claim Form are available on the Settlement Website.

### The Fairness Hearing

On \_\_\_ , 2025  at 10:00 am, the Court will hold a hearing at the U.S. District Court for the Northern District of California, Courtroom B 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 to approve: (1) the Settlement as fair, reasonable, and adequate; and (2) the application for Plaintiff's attorneys' fees of up to $500,000, payment of attorneys' expenses, and payment of up to $5,000 to the Settlement Class Representative. Settlement Class Members who support the proposed settlement do not need to appear at the hearing or take any other action to indicate their approval.

### How Can I Get More Information?

This is only a summary of the settlement. If you have questions or want to view the detailed notice or other documents about the Litigation, including the Settlement Agreement visit **www.KrudKutterSettlement.com**, contact the Settlement Administrator at **1 (888) 905-9684** or by email at **info@KrudKutterSettlement.com** or by writing to **P.O. Box 231; Valparaiso, IN 46384**, or contact Class Counsel at **KrudKutter@Clarksonlawfirm.com**.

# EXHIBIT C

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

*Bush v. Rust-Oleum Corporation*, Case No. 3:20-cv-03268

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Settlement Proof of Claim Form**

---

**If you purchased** any of the Krud Kutter "Non-Toxic" and "Earth Friendly" Products (the "Class Products") in the United States, for personal or household use and not for resale or distribution between May 13, 2016, and [Date Of Preliminary Approval] (collectively referred to as the "Class"), then  you may be eligible to participate in the benefits of the proposed settlement in ***Bush v. Rust-Oleum Corporation*, Case No. 3:20-cv-03268, (N.D. Cal.).** To participate, you must fill this claim form out completely and either (i) mail it to the address given below, or (ii) submit it online through the Settlement website below. This Claim form must be postmarked or electronically filed no later than _____, 2025. If you provide incomplete or inaccurate information, your claim may be denied.

---

- Please read the full notice of this settlement (available at www.KrudKutterSettlement.com) carefully before filling out this Form.
- To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must complete or submit your claim form online or by mail:
  **ONLINE:** Visit www.KrudKutterSettlement.com and submit your claim online; or
  **MAIL:**   Krud Kutter Lawsuit Administrator, P.O. Box 231; Valparaiso, IN 46384.
- Keep a copy of your completed Claim Form for your records. Any documents you submit with your Claim Form cannot be returned.
- If your claim is rejected for any reason, the Settlement Administrator will notify you of the rejection and the reasons for such rejection.

## PART A: CLAIMANT INFORMATION

FIRST NAME                          LAST NAME

STREET ADDRESS

STREET ADDRESS 2

CITY                          STATE          ZIP CODE

EMAIL ADDRESS                          PHONE NUMBER

## PART B: PURCHASE INFORMATION

- To be eligible for a payment you must not have previously received a refund for your purchase of the Class Product.

- To qualify for cash, you must have purchased one or more Class Products.

    a. If you provide a receipt for the Class Products, you will receive a cash refund of One Dollar ($1.00) per Class Product purchased without any limitation on the number of Class Products purchased.
    b. If you do not provide a receipt for the Class Products, but complete this Claim Form under penalty of perjury, you will receive a cash refund of One Dollar ($1.00) per Class Product purchased with a cap of eight (8) Class Products.
    c. If the amount in the Net Settlement (net of costs of notice and settlement administration, Settlement Class Counsel's attorneys' fees and litigation expenses and the service award for Plaintiff), is either less or more than the amount of the total cash claims submitted by Claimants, the claims of each Claimant will be decreased or increased, respectively, *pro rata*, to ensure the Settlement Fund is exhausted, with no reversion from the Settlement Fund to Defendant. *Pro rata* upward adjustment of cash claims shall be capped at two times the claimed amount. For avoidance of doubt, this means under no circumstances shall a person who submits a claim, with or without proof of purchase, receive more than Two Dollars ($2.00) per Class Product. Any amounts remaining in the Net Settlement Fund after checks are issued and cashed or expired shall be disbursed *cy pres*.

- Please fill out the chart below identifying the purchase transaction(s) for which you are making a claim:

**TOTAL NUMBER OF CLASS PRODUCTS**

Write the **total number** of Class Products you purchased in the United States between May 13, 2016 and [Date of Preliminary Approval], the **Class Products purchased** (i.e., the name of the specific Class Product purchased), and the **approximate date(s)** of the of the purchases in the chart below:

| Number of Product Purchased | Name of Product Purchased | Approximate Date of Purchase |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**Please choose one of the following:**

☐ (a) Check here if you are uploading or mailing Proof of Purchase documentation with this claim form:

    If you are submitting this Claim Form by mail, please mail a copy of your receipt(s) memorializing the purchase of the Class Products along with this Claim Form to Krud Kutter Lawsuit Administrator, P.O. Box 231; Valparaiso, IN 46384.

☐ (b) Check here if you are making a claim without a Proof of Purchase.

**\*Failure to include Proof of Purchase for claims for which a Proof of Purchase is required will result in the reduction of your claims.**

**\*Submission of false or fraudulent information will result in the claim being rejected in its entirety.**

---

### PART C: PAYMENT INFORMATION

Please select **ONE** of the following payment options, which will be used for disbursement should you be eligible to receive a settlement payment:

| • **PayPal**<br>Email Address **OR** Phone Number: | • **Venmo**<br>Email Address **OR** Phone Number: | • **Zelle**<br>Email Address **OR** Phone Number: |
|---|---|---|
| • **ACH**<br>Checking **OR** Savings Account?<br><br>Routing Number: _____<br>Account Number: _____ | • **Virtual Mastercard**<br>Email Address: | • **Check**<br>Mailing Address (if different from above): |

---

### PART D: ATTESTATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America that I purchased the products listed between May 13, 2016 and [Date of Preliminary Approval] that all of the information on this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review and that I may be required to provide additional information to establish that my claim is valid. I also understand that by submitting this claim, I am releasing all Released Claims, as detailed in the Notice of the Proposed Class Action Settlement.

| | |
|---|---|
| SIGNATURE | DATE |

**CLAIM FORM REMINDER CHECKLIST**

**Before submitting this Claim Form, please make sure you:**

1.    Complete all fields in the Claimant Information section of this Claim Form in Part A.

2.    Complete Part B, indicating the number of Class Products you purchased and enclosing your receipt(s).

3.    Sign the Attestation under penalty of perjury in Part C. You must sign the Attestation to be eligible to receive benefits.

4.    Keep a copy of your Claim Form and supporting documentation for your records.

5.    If you desire an acknowledgment of receipt of your Claim Form, please complete the online Claim Form or mail this Claim Form via Certified Mail, Return Receipt Requested.

6.    If you move or your name changes, please email your new address, new name or contact information to info@KrudKutterSettlement.com or mail to the Krud Kutter Lawsuit Administrator, P.O. Box 231; Valparaiso, IN 46384, or call toll-free at 1 (888) 905-9684.

**Please keep a copy of your Claim Form for your records.**

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

# EXHIBIT 5

*Bush v. Rust-Oleum Corporation*
**Case No. 3:20-cv-03268-LB**
**Settlement Agreement**
**Proposed Order Granting**
**Preliminary Approval**

DocID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BUSH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RUST-OLEUM CORPORATION,<br><br>Defendant. | Case No. 3:20-cv-03268-LB<br><br>*Assigned for all Purposes to Hon. Laurel Beeler, United States Magistrate Judge*<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Complaint Filed: May 13, 2020<br>FAC Filed: August 24, 2020 |

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

WHEREAS, the above-entitled action is pending before this Court (the "**Action**");

WHEREAS, Plaintiff Anthony Bush ("**Plaintiff**"), and Defendant Rust-Oleum Corporation ("**Defendant**") (collectively, the "**Parties**") have reached a proposed settlement and compromise of the disputes between them in the above Action as set forth in the Class Action Settlement Agreement (the "**Settlement Agreement**," and the settlement contemplated thereby, the "**Settlement**");

WHEREAS, Plaintiff has applied to the Court for preliminary approval of the Settlement;

AND NOW, the Court, having read and considered the Settlement Agreement and accompanying documents, as well as the Motion for Preliminary Approval of Class Action Settlement and supporting papers, and all capitalized terms used herein having the meaning defined in the Settlement, IT IS HEREBY ORDERED AS FOLLOWS:

1.    <u>Settlement Terms</u>. The Court, for purposes of this Preliminary Approval Order, adopts all defined terms as set forth in the Settlement.

2.    <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3.    <u>Preliminary Approval of Proposed Settlement Agreement</u>. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration. The Court also finds the Settlement Agreement: (a) is the result of serious, informed, non-collusive, arms-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and guided in part by the Parties' private mediation with Mediator Hunter Hughes, and (b) appears to meet all applicable requirements of law, including Fed. R. Civ. P. 23. Therefore, the Court grants preliminary approval of the Settlement.

4.    <u>Class Certification for Settlement Purposes Only</u>. For purposes of the Settlement only, the Court conditionally certifies the Settlement Class, as described below:

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

1

2

3

4

> All persons in the United States who, between May 13, 2016, and
> the date of entry of this Preliminary Approval Order, purchased in
> the United States, for personal or household consumption and not
> for resale or distribution, one of the Class Products.

5   Excluded from the Settlement Class are: (1) the presiding judges in the Action; (2) any member

6   of those judges' immediate families; (3) Defendant; (4) any of Defendant's subsidiaries, parents,

7   affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns;

8   (5) counsel for the Parties; and (6) any persons who timely opt-out of the Settlement Class.

9       5.    The Court preliminarily finds, solely for purposes of considering this Settlement,

10  with respect to the monetary relief portions of the Settlement Agreement (i.e., all of the Settlement

11  Agreement except the provisions in section 5 thereof), that: (a) the number of Settlement Class

12  members is so numerous that joinder of all members thereof is impracticable; (b) there are

13  questions of law and fact common to the Settlement Class; (c) the claims of the named

14  representative are typical of the claims of the Settlement Class he seeks to represent; (d) the

15  Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions

16  of law and fact common to the Settlement Class predominate over any questions affecting only

17  individual members of the Settlement Class; and (f) a class action is superior to other available

18  methods for the fair and efficient adjudication of the controversy.

19      6.    The Court preliminarily finds, solely for purposes of considering this Settlement,

20  with respect to the non-monetary portions of the Settlement Agreement specified in section 5

21  thereof, that: (a) the number of Settlement Class Members is so numerous that joinder of all

22  members thereof is impracticable; (b) there are questions of law and fact common to the

23  Settlement Class; (c) the claims of the named representative are typical of the claims of the

24  Settlement Class he seeks to represent; (d) the Plaintiff will fairly and adequately represent the

25  interests of the Settlement Class; (e) the Defendant allegedly has acted or refused to act on

26  grounds generally applicable to the class, thereby making appropriate final injunctive relief or

27

28

corresponding declaratory relief with respect to the class as a whole if the Settlement Agreement receives final approval.

7.    Class Representative. The Court orders that Anthony Bush is appointed as the Settlement Class Representative.

8.    Class Counsel. The Court also orders that Ryan J. Clarkson, Bahar Sodaify, and Alan Gudino of Clarkson Law Firm, P.C. and Christopher D. Moon and Kevin O. Moon of Moon Law APC are appointed Class Counsel. The Court preliminarily finds that the Settlement Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class members in accordance with Fed. R. Civ. P. 23.

9.    If the Settlement Agreement does not receive the Court's final approval, if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of conditional class certification of the Settlement Class shall be vacated, the Parties shall revert to their positions in the Action as they existed on [date before the Settlement Agreement is fully executed], and the Settlement Class Representative and the Settlement Class members will once again bear the burden to prove the propriety of class certification and the merits of their claims at trial.

10.    Class Notice. The Court finds that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and warrants providing notice of such Settlement to the members of the Settlement Class and accordingly, the Court, pursuant to Fed. R. Civ. P. 23(c) and (e), preliminarily approves the Settlement upon the terms and conditions set forth in the Settlement Agreement. The Court approves, as to form and content, the notices and claim form substantially in the form attached to the Settlement Agreement. Non-material modifications to the notices and claim form may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order.

11.    The Court finds that the plan for providing notice to the Settlement Class (the "Notice Plan") described in the Settlement Agreement constitutes the best notice practicable

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

under the circumstances and constitutes due and sufficient notice to the Settlement Class of the terms of the Settlement Agreement and the Final Approval Hearing and complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Court directs that the settlement notice plan will commence no later than twenty-one (21) days from the date of this Preliminary Approval Order (the "Settlement Notice Date").

12.    The Court further finds that the Notice Plan adequately informs members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement. Any member of the Class who desires to be excluded from the Settlement Class, and therefore not bound by the terms of the Settlement Agreement, must submit a timely and valid written Request for Exclusion pursuant to the instructions set forth in the Notice.

13.    <u>Settlement Administrator</u>. The Court appoints Digital Settlement, LLC as the Settlement Administrator. Digital Settlement, LLC shall be required to perform all duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order. The Settlement Administrator shall post the Long Form Notice on the Settlement Website.

14.    <u>Objection and "Opt-Out" Deadline</u>. Settlement Class Members who wish to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection Deadline and Opt-Out Deadline, which is _____, 2025 [Sixty (60) days from the Settlement Notice Date]. If a Settlement Class member submits both an Opt-Out Form and Objection, the Settlement Class member will be deemed to have opted out of the Settlement, and thus to be ineligible to object. However, any objecting Settlement Class Member who has not timely submitted a completed Opt-Out Form will be bound by the terms of the Agreement upon the Court's final approval of the Settlement.

15.    <u>Exclusion from the Settlement Class</u>. Settlement Class members who wish to opt out of and be excluded from the Settlement must following the directions in the Class Notice and submit a Request for Exclusion to the Settlement Administrator, postmarked no later than the

Opt-Out Deadline, which is _____, 2025 [Sixty (60) days from the date of the Settlement Notice Date]. The Request for Exclusion must be personally completed and submitted by the Settlement Class member or his or her attorney. One person may not opt someone else and so-called "class" opt-outs shall not be permitted or recognized. The Settlement Administrator shall periodically notify Class Counsel and Defendant's counsel of any Requests for Exclusion.

16.    All Settlement Class members who submit a timely, valid Request for Exclusion will be excluded from the Settlement Class and will not be bound by the terms of the Settlement Agreement, shall not be bound by the release of any claims pursuant to the Settlement Agreement or any judgment, and shall not be entitled to object to the Settlement Agreement or appear at the Final Approval Hearing. All Settlement Class Members who do not submit a timely, valid Request for Exclusion will be bound by the Settlement Agreement and the Judgment, including the release of any claims pursuant to the Settlement Agreement.

17.    <u>Objections to the Settlement</u>.  Any objection to the Settlement must be in writing, postmarked on or before the Objection Deadline, which is _____, 2025 [Sixty (60) days from the Settlement Notice Date], and sent to the Settlement Administrator at the addresses set forth in the Class Notice. Any objection regarding or related to the Settlement must contain (i) a caption or title that clearly identifies the Action and that the document is an objection, (ii) information sufficient to identify and contact the objecting Settlement Class Member or his or her attorney if represented, (iii) information sufficient to establish the person's standing as a Settlement Class Member (i.e., the products the Settlement Class Member purchased during the Class Period), (iv) a clear and concise statement of the Settlement Class Member's objection, as well as any facts and law supporting the objection, (v) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement in the last five years, the general nature of such prior objection(s), and the outcome of said prior objection(s), (vi) the objector's signature, and (vii) the signature of the objector's counsel, if any. Upon Court order,

the Parties will have the right to obtain document discovery from and take depositions of any Objecting Settlement Class Member on topics relevant to the Objection.

18.     Objecting Settlement Class Members may appear at the Final Approval Hearing and be heard. If an objecting Settlement Class Member chooses to appear at the Final Approval Hearing, a notice of intention to appear must be filed with the Court or postmarked no later than the Objection Deadline.

19.     Any Settlement Class Member who does not make a valid written objection as set forth by the Settlement shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of or from seeking review by any means, including an appeal, of the following: the Settlement, the Settlement Agreement, the payment of attorneys' fees and costs, service award, or the Final Approval Order and Judgment.

20.     <u>Submission of Claims</u>. To receive a Cash Award, the Settlement Class Members must follow the directions in the Notice and file a claim with the Settlement Administrator by the Claims Deadlines, which is which is _____, 2025 [Sixty (60) days from the Settlement Notice Date]. Settlement Class Members who do not submit a valid claim will not receive a Cash Award and will be bound by the Settlement.

21.     <u>Schedule of Events</u>. The following events shall take place as indicated in the chart below:

| Event | Date |
|---|---|
| Deadline for Settlement Website to go live | 21 calendar days following entry of this Preliminary Approval Order |
| Deadline to commence Notice Plan ("Settlement Notice Date") | 21 calendar days following entry of this Preliminary Approval Order |
| Deadline for Claim Forms to be postmarked or submitted online | 60 calendar days after the Settlement Notice Date |
| Deadline for Objections to be postmarked | 60 calendar days after the Settlement Notice Date |

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

| Deadline for Opt-Out Requests to be postmarked | 60 calendar days after the Settlement Notice Date |
|---|---|
| Deadline for Plaintiff's application for attorneys' fees and costs and Plaintiff's service award | 30 calendar days after Settlement Notice Date |
| Deadline for Plaintiff to file motion for final approval of class action settlement | 14 calendar days prior to Final Approval Hearing |
| Deadline for Parties to file all papers in response to any timely and valid Objections | 14 calendar days prior to Final Approval Hearing |
| Final Approval Hearing | 120 calendar days after entry of this Preliminary Approval Order of class action settlement (or the earliest date thereafter available on the Court's calendar) |

22.     On or before fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare and deliver a report stating the total number of Settlement Class members who have submitted timely and valid Requests for Exclusion and Objections, along with the names of such Settlement Class members, to Class Counsel, who shall file the report with the Court, and Defendant's counsel.

23.     <u>Authority to Extend</u>. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to the Settlement Class Members.  The Final Approval Hearing may, from time to time and without further notice to the Settlement Class, be continued by order of the Court.

24.     If, for any reason, the Settlement Notice Date does not or cannot commence at the time specified above, the Parties will confer in good faith and recommend a corresponding extension of the Claims Deadline and, if necessary, appropriate extensions to the Objection and Opt-Out deadlines, to the Court.

25.     <u>Notice to appropriate federal and state officials</u>.  Defendant shall, within ten (10) calendar days of the entry of this Preliminary Approval Order, prepare and provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of

all states in which Settlement Class members reside, as specified in 28 U.S.C. § 1715. Class Counsel shall cooperate in the drafting of such notices and shall provide Defendant with any and all information in their possession necessary for the preparation of these notices.

26.  <u>Final Approval Hearing</u>. The Court shall conduct a Final Approval Hearing to determine final approval of the Agreement on _____ at _____ [am/pm] [a date no earlier than 120 days after the Preliminary Approval Order]. At the Final Approval Hearing, the Court shall address whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order and Judgment should be entered; and whether Class Counsel's application for attorneys' fees, costs, expenses and service award should be approved.  Consideration of any application for an award of attorneys' fees, costs, expenses and service award shall be separate from consideration of whether or not the proposed Settlement should be approved, and from each other.  The Court will not decide the amount of any service award or Class Counsel's attorneys' fees and costs until the Final Approval Hearing. The Final Approval Hearing may be adjourned or continued without further notice to the Class.

27.  <u>In the Event of Non-Approval</u>. In the event that the proposed Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement Agreement becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this civil action or in any other case or controversy before this or any other Court, administrative agency, arbitration forum, or other tribunal; in such event the Settlement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement.

28.  <u>Stay of Proceedings</u>. With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement Agreement, all proceedings are stayed in this Action and all Settlement Class members are enjoined from

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213

commencing or continuing any action or proceeding in any court or tribunal asserting any claims encompassed by the Settlement Agreement, unless the Settlement Class member timely files a valid Request for Exclusion as defined in the Settlement Agreement.

29.    <u>No Admission of Liability</u>. By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Defendant. Furthermore, the Settlement Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or p1inciple of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding before this or any other Court, administrative agency, arbitration forum, or other tribunal, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, the Final Approval Order, and the Judgment.

30.    <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement Agreement and the settlement described therein.

**IT IS SO ORDERED.**


Dated: _____                    _____
                                              The Honorable Laurel Beeler
                                              United States Magistrate Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

Doc ID: 0607b513a4f6aa783cb4ac8a18714b02f7e12213