# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BUSH, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>RUST-OLEUM CORPORATION,<br><br>               Defendant. | Case No. 3:20-cv-03268-LB<br><br>*Assigned for all Purposes to Hon. Laurel Beeler, United States Magistrate Judge*<br><br>[~~PROPOSED~~] **ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Complaint Filed: May 13, 2020<br>FAC Filed: August 24, 2020 |

WHEREAS, the above-entitled action is pending before this Court (the "**Action**");

WHEREAS, Plaintiff Anthony Bush ("**Plaintiff**"), and Defendant Rust-Oleum Corporation ("**Defendant**") (collectively, the "**Parties**") have reached a proposed settlement and compromise of the disputes between them in the above Action as set forth in the Class Action Settlement Agreement (the "**Settlement Agreement**," and the settlement contemplated thereby, the "**Settlement**");

WHEREAS, Plaintiff has applied to the Court for preliminary approval of the Settlement;

AND NOW, the Court, having read and considered the Settlement Agreement and accompanying documents, as well as the Motion for Preliminary Approval of Class Action Settlement and supporting papers, and all capitalized terms used herein having the meaning defined in the Settlement, IT IS HEREBY ORDERED AS FOLLOWS:

1. <u>Settlement Terms</u>. The Court, for purposes of this Preliminary Approval Order, adopts all defined terms as set forth in the Settlement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. <u>Preliminary Approval of Proposed Settlement Agreement</u>. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration. The Court also finds the Settlement Agreement: (a) is the result of serious, informed, non-collusive, arms-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and guided in part by the Parties' private mediation with Mediator Hunter Hughes, and (b) appears to meet all applicable requirements of law, including Fed. R. Civ. P. 23. Therefore, the Court grants preliminary approval of the Settlement.

4. <u>Class Certification for Settlement Purposes Only</u>. For purposes of the Settlement only, the Court conditionally certifies the Settlement Class, as described below:

>All persons in the United States who, between May 13, 2016, and the date of entry of this Preliminary Approval Order, purchased in the United States, for personal or household consumption and not for resale or distribution, one of the Class Products.

Excluded from the Settlement Class are: (1) the presiding judges in the Action; (2) any member of those judges' immediate families; (3) Defendant; (4) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; (5) counsel for the Parties; and (6) any persons who timely opt-out of the Settlement Class.

5. The Court preliminarily finds, solely for purposes of considering this Settlement, with respect to the monetary relief portions of the Settlement Agreement (i.e., all of the Settlement Agreement except the provisions in section 5 thereof), that: (a) the number of Settlement Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representative are typical of the claims of the Settlement Class he seeks to represent; (d) the Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The Court preliminarily finds, solely for purposes of considering this Settlement, with respect to the non-monetary portions of the Settlement Agreement specified in section 5 thereof, that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representative are typical of the claims of the Settlement Class he seeks to represent; (d) the Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the Defendant allegedly has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or

1    corresponding declaratory relief with respect to the class as a whole if the Settlement Agreement receives final approval.

2    7.  <u>Class Representative</u>. The Court orders that Anthony Bush is appointed as the Settlement Class Representative.

3    8.  <u>Class Counsel</u>. The Court also orders that Ryan J. Clarkson, Bahar Sodaify, and Alan Gudino of Clarkson Law Firm, P.C. and Christopher D. Moon and Kevin O. Moon of Moon Law APC are appointed Class Counsel. The Court preliminarily finds that the Settlement Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class members in accordance with Fed. R. Civ. P. 23.

4    9.  If the Settlement Agreement does not receive the Court's final approval, if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of conditional class certification of the Settlement Class shall be vacated, the Parties shall revert to their positions in the Action as they existed on [date before the Settlement Agreement is fully executed], and the Settlement Class Representative and the Settlement Class members will once again bear the burden to prove the propriety of class certification and the merits of their claims at trial.

5    10. <u>Class Notice</u>. The Court finds that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and warrants providing notice of such Settlement to the members of the Settlement Class and accordingly, the Court, pursuant to Fed. R. Civ. P. 23(c) and (e), preliminarily approves the Settlement upon the terms and conditions set forth in the Settlement Agreement. The Court approves, as to form and content, the notices and claim form substantially in the form attached to the Settlement Agreement. Non-material modifications to the notices and claim form may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order.

6    11. The Court finds that the plan for providing notice to the Settlement Class (the "Notice Plan") described in the Settlement Agreement constitutes the best notice practicable

under the circumstances and constitutes due and sufficient notice to the Settlement Class of the terms of the Settlement Agreement and the Final Approval Hearing and complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Court directs that the settlement notice plan will commence no later than twenty-one (21) days from the date of this Preliminary Approval Order (the "Settlement Notice Date").

12.  The Court further finds that the Notice Plan adequately informs members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement. Any member of the Class who desires to be excluded from the Settlement Class, and therefore not bound by the terms of the Settlement Agreement, must submit a timely and valid written Request for Exclusion pursuant to the instructions set forth in the Notice.

13.  <u>Settlement Administrator</u>. The Court appoints Digital Settlement, LLC as the Settlement Administrator. Digital Settlement, LLC shall be required to perform all duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order. The Settlement Administrator shall post the Long Form Notice on the Settlement Website.

14.  <u>Objection and "Opt-Out" Deadline</u>. Settlement Class Members who wish to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection Deadline and Opt-Out Deadline, which is _____July 7_____, 2025 [~~Sixty (60) days from the Settlement Notice Date~~]. If a Settlement Class member submits both an Opt-Out Form and Objection, the Settlement Class member will be deemed to have opted out of the Settlement, and thus to be ineligible to object. However, any objecting Settlement Class Member who has not timely submitted a completed Opt-Out Form will be bound by the terms of the Agreement upon the Court's final approval of the Settlement.

15.  <u>Exclusion from the Settlement Class</u>. Settlement Class members who wish to opt out of and be excluded from the Settlement must following the directions in the Class Notice and submit a Request for Exclusion to the Settlement Administrator, postmarked no later than the

1 | Opt-Out Deadline, which is _____July 7_____, 2025 [~~Sixty (60) days from the date of the
2 | Settlement Notice Date~~]. The Request for Exclusion must be personally completed and submitted
3 | by the Settlement Class member or his or her attorney. One person may not opt someone else and
4 | so-called "class" opt-outs shall not be permitted or recognized. The Settlement Administrator
5 | shall periodically notify Class Counsel and Defendant's counsel of any Requests for Exclusion.

6 |       16.   All Settlement Class members who submit a timely, valid Request for Exclusion
7 | will be excluded from the Settlement Class and will not be bound by the terms of the Settlement
8 | Agreement, shall not be bound by the release of any claims pursuant to the Settlement Agreement
9 | or any judgment, and shall not be entitled to object to the Settlement Agreement or appear at the
10 | Final Approval Hearing. All Settlement Class Members who do not submit a timely, valid Request
11 | for Exclusion will be bound by the Settlement Agreement and the Judgment, including the release
12 | of any claims pursuant to the Settlement Agreement.

13 |       17.   <u>Objections to the Settlement</u>.  Any objection to the Settlement must be in writing,
14 | postmarked on or before the Objection Deadline, which is _____July 7_____, 2025 [~~Sixty (60)
15 | days from the Settlement Notice Date~~], and sent to the Settlement Administrator at the addresses
16 | set forth in the Class Notice. Any objection regarding or related to the Settlement must contain
17 | (i) a caption or title that clearly identifies the Action and that the document is an objection, (ii)
18 | information sufficient to identify and contact the objecting Settlement Class Member or his or her
19 | attorney if represented, (iii) information sufficient to establish the person's standing as a
20 | Settlement Class Member (i.e., the products the Settlement Class Member purchased during the
21 | Class Period), (iv) a clear and concise statement of the Settlement Class Member's objection, as
22 | well as any facts and law supporting the objection, (v) identification of the case name, case
23 | number, and court for any prior class action lawsuit in which the objector and the objector's
24 | attorney (if applicable) has objected to a proposed class action settlement in the last five years,
25 | the general nature of such prior objection(s), and the outcome of said prior objection(s), (vi) the
26 | objector's signature, and (vii) the signature of the objector's counsel, if any. Upon Court order,

1  the Parties will have the right to obtain document discovery from and take depositions of any
2  Objecting Settlement Class Member on topics relevant to the Objection.

3       18.   Objecting Settlement Class Members may appear at the Final Approval Hearing
4  and be heard. If an objecting Settlement Class Member chooses to appear at the Final Approval
5  Hearing, a notice of intention to appear must be filed with the Court or postmarked no later than
6  the Objection Deadline.

7       19.   Any Settlement Class Member who does not make a valid written objection as set
8  forth by the Settlement shall be deemed to have waived such objection and forever shall be
9  foreclosed from making any objection to the fairness or adequacy of or from seeking review by
10 any means, including an appeal, of the following: the Settlement, the Settlement Agreement, the
11 payment of attorneys' fees and costs, service award, or the Final Approval Order and Judgment.

12      20.   <u>Submission of Claims</u>. To receive a Cash Award, the Settlement Class Members
13 must follow the directions in the Notice and file a claim with the Settlement Administrator by the
14 Claims Deadlines, which is which is ___July 7___, 2025 [~~Sixty (60) days from the Settlement~~
15 ~~Notice Date~~]. Settlement Class Members who do not submit a valid claim will not receive a Cash
16 Award and will be bound by the Settlement.

17      21.   <u>Schedule of Events</u>. The following events shall take place as indicated in the chart
18 below:

| Event | Date |
|---|---|
| Deadline for Settlement Website to go live | 5/8/2025 |
| Deadline to commence Notice Plan ("Settlement Notice Date") | 5/8/2025 |
| Deadline for Claim Forms to be postmarked or submitted online | 7/7/2025 |
| Deadline for Objections to be postmarked | 7/7/2025 |

| | |
|---|---|
| Deadline for Opt-Out Requests to be postmarked | 7/7/2025 |
| Deadline for Plaintiff's application for attorneys' fees and costs and Plaintiff's service award | 6/9/2025 |
| Deadline for Plaintiff to file motion for final approval of class action settlement | 9/11/2025 |
| Deadline for Parties to file all papers in response to any timely and valid Objections | 9/11/2025 |
| Final Approval Hearing | 9/25/2025 at 9:30 a.m. |

22. On or before fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare and deliver a report stating the total number of Settlement Class members who have submitted timely and valid Requests for Exclusion and Objections, along with the names of such Settlement Class members, to Class Counsel, who shall file the report with the Court, and Defendant's counsel.

23. <u>Authority to Extend</u>. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class, be continued by order of the Court.

24. If, for any reason, the Settlement Notice Date does not or cannot commence at the time specified above, the Parties will confer in good faith and recommend a corresponding extension of the Claims Deadline and, if necessary, appropriate extensions to the Objection and Opt-Out deadlines, to the Court.

25. <u>Notice to appropriate federal and state officials</u>. Defendant shall, within ten (10) calendar days of the entry of this Preliminary Approval Order, prepare and provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of

all states in which Settlement Class members reside, as specified in 28 U.S.C. § 1715. Class Counsel shall cooperate in the drafting of such notices and shall provide Defendant with any and all information in their possession necessary for the preparation of these notices.

26. <u>Final Approval Hearing</u>. The Court shall conduct a Final Approval Hearing to determine final approval of the Agreement on September 25, 2025 at 9:30 [am/~~pm~~] [a date no earlier than 120 days after the Preliminary Approval Order]. At the Final Approval Hearing, the Court shall address whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order and Judgment should be entered; and whether Class Counsel's application for attorneys' fees, costs, expenses and service award should be approved. Consideration of any application for an award of attorneys' fees, costs, expenses and service award shall be separate from consideration of whether or not the proposed Settlement should be approved, and from each other. The Court will not decide the amount of any service award or Class Counsel's attorneys' fees and costs until the Final Approval Hearing. The Final Approval Hearing may be adjourned or continued without further notice to the Class.

27. <u>In the Event of Non-Approval</u>. In the event that the proposed Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement Agreement becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this civil action or in any other case or controversy before this or any other Court, administrative agency, arbitration forum, or other tribunal; in such event the Settlement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement.

28. <u>Stay of Proceedings</u>. With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement Agreement, all proceedings are stayed in this Action and all Settlement Class members are enjoined from

commencing or continuing any action or proceeding in any court or tribunal asserting any claims encompassed by the Settlement Agreement, unless the Settlement Class member timely files a valid Request for Exclusion as defined in the Settlement Agreement.

29. <u>No Admission of Liability</u>. By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Defendant. Furthermore, the Settlement Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or p1inciple of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding before this or any other Court, administrative agency, arbitration forum, or other tribunal, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, the Final Approval Order, and the Judgment.

30. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement Agreement and the settlement described therein.

**IT IS SO ORDERED.**

Dated: April 17, 2025

_____
The Honorable Laurel Beeler
United States Magistrate Judge