1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BUSH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RUST-OLEUM CORPORATION,<br><br>Defendant. | Case No. 3:20-cv-03268-LB<br>Complaint Filed: May 13, 2020<br>FAC Filed: August 24, 2020<br><br>*Assigned for all Purposes to Hon. Laurel Beeler, United States Magistrate Judge*<br><br>[~~PROPOSED~~] **ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br><u>Hearing Information</u>:<br>Date: October 2, 2025<br>Time: 9:30 a.m.<br>Courtroom: B, 15th FL |

18
19
20
21
22
23
24
25
26
27
28

WHEREAS, Plaintiff's Motion for Final Approval of Class Action Settlement came on for hearing before this Court on October 2, 2025, with Class Counsel Clarkson Law Firm, P.C. and Moon Law APC ("Class Counsel") appearing on behalf of Anthony Bush ("Settlement Class Representative" or "Plaintiff"), and Swanson, Martin & Bell, LLP appearing on behalf of Rust-Oleum Corporation ("Defendant") (collectively, the "Parties");

WHEREAS, On May 13, 2020, Plaintiff Anthony Bush filed this class action against Defendant Rust-Oleum Corporation in the United States District Court for the Northern District of California, alleging violations of the UCL, FAL, CLRA, as well as claims for breach of express warranty and unjust enrichment. Plaintiff asserted that Defendant deceptively marketed and sold its Krud Kutter cleaning products as "Non-Toxic" and "Earth Friendly" despite containing ingredients that could cause harm to humans, animals, and the environment (the "Covered Products" or "Products"). He sought injunctive relief, as well as compensatory damages in the amount of the price premium that consumers overpaid for the Products due to the false and deceptive representations;

WHEREAS, the Parties have submitted the Settlement, which this Court preliminarily approved on April 17, 2025 (Dkt. 227) ("Preliminary Approval Order");

WHEREAS, in accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to or exclude themselves from its provisions;

WHEREAS, having received and considered the Settlement, all papers filed in connection therewith including Plaintiff's Motion for Final Approval of Class Action Settlement, Plaintiff's Motion for an Award of Attorneys' Fees and Costs and Service Awards, the Court HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.    Incorporation of Other Documents. The Settlement Agreement, including its exhibits, and the definitions of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.      Jurisdiction. This Court has jurisdiction over the subject matter of this Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> All persons in the United States of America who purchased one or more of Defendant's Covered Products between May 13, 2016, and April 17, 2025.

Excluded from the Settlement Class are any officers, directors, or employees of Defendant, and the immediate family members of any such person. Also excluded is any judge who may preside over this case

3.      Class Certification. The Court finds and determines that the Settlement Class, as defined in the Settlement Agreement and above, meets all of the legal requirements for class certification for settlement purposes under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), and it is hereby ordered that the Class is finally certified for settlement purposes.

4.      Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds, with respect to all aspects of the Settlement Agreement except the provisions of Section 5 thereof, that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that:

  a. The Settlement Class is so numerous that joinder of all members is impracticable;

  b. There are questions of law or fact common to the Settlement Class;

  c. The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class;

  d. The Settlement Class Representative Anthony Bush has fairly and adequately protected the interests of the Settlement Class and are, therefore, appointed as Settlement Class Representative;

  e. Clarkson Law Firm, P.C.  and Moon Law APC have fairly and adequately protected the interests of the Settlement Class and are qualified to represent the Settlement Class and are, therefore, appointed as Class Counsel;

f.     The questions of law and fact common to the Settlement Class predominate over the questions affecting only individual members; and

g.     A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

5.     Pursuant to the Settlement Agreement, and for settlement purposes only, for purposes of the non-monetary relief specified in Section 5 of the Settlement Agreement, the Court further finds as to the Settlement Class that the prerequisites for a class action under Fed. R. Civ. P.23(a) and (b)(2) have been satisfied in that:

a.     The Settlement Class is so numerous that joinder of all members is impracticable;

b.     There are questions of law or fact common to the Settlement Class;

c.     The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class;

d.     The Settlement Class Representative Anthony Bush;

e.     Defendant has acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief with respect to the Settlement Class as a whole.

6.     Adequate Representation. The Court orders that Settlement Class Representative Anthony Bush is appointed as the Settlement Class Representative. The Court also orders that Ryan J. Clarkson and Bahar Sodaify of Clarkson Law Firm, P.C., and Chris Moon and Kevin Moon of Moon Law APC, are appointed as Class Counsel. The Court finds that the Settlement Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Fed. R. Civ. P. 23.

7.     Arms-Length Negotiations. The Court finds that the proposed Settlement is fair, reasonable, and adequate based on the value of the Settlement, and the relative risks and benefits of further litigation. The Settlement was arrived at after sufficient investigation and discovery and was based on arms-length negotiations, including a full day mediation, followed by months of continued settlement discussions to finalize the settlement.

8.     Class Notice. The Court directed that notice be given to Settlement Class Members pursuant to the notice program proposed by the Parties in the Settlement and approved by the Court. The declaration from Settlement Administrator Digital Settlement, LLC attesting to the dissemination of notice to the Settlement Class demonstrates compliance with this Court's Order Granting Preliminary Approval of Class Settlement. The notice program set forth in the Settlement successfully advised Settlement Class members of the terms of the Settlement, the Final Approval Hearing, and their right to appear at such hearing; their rights to remain in or opt out of the Settlement Class and to object to the Settlement; the procedures for exercising such rights; and the binding effect of the Judgment herein.

9.     The Court finds that distribution of the Notice constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all members of the Settlement Class. The Court finds that such notice complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable laws. The Notice informed the Settlement Class of: (1) the terms of the Settlement; (2) their right to submit objections, if any, and to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement; (3) their right to request exclusion from the Settlement Class and the Settlement; and (4) the location and date set for the final approval hearing. Adequate periods of time were provided by each of these procedures.

10.     The Court finds and determines that the notice procedure carried out by Digital Settlement, LLC afforded adequate protections to Settlement Class members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Settlement Class members. The Court finds and determines that the Notice was the best notice practicable, and has satisfied the requirements of law and due process.

11.     Settlement Class Response. A total of 23,742 Settlement Class Members submitted Approved Claims, and there have been no Objections to the Settlement (defined below) and no Requests for Exclusion.

a.     No Objections were received to the Settlement. This positive reaction by the Settlement Class demonstrates the strength of the Settlement.

b.    No Settlement Class members opted out of the Settlement. This positive reaction by the Settlement Class demonstrates the strength of the Settlement.

12.    Final Settlement Approval. The Court hereby finally approves the Settlement Agreement, the exhibits, and the Settlement contemplated thereby ("Settlement"), including but not limited to all releases contained within the Settlement Agreement, and finds that the terms constituted, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class members in accordance with Fed. R. Civ. P. 23 and direct consummation pursuant to its terms and conditions.

13.    The Court finds that the Settlement Agreement provides substantial and meaningful monetary benefits to the Settlement Class as follows: Defendant agreed to provide cash benefits with a gross potential payout of $1,500,000 (one million and five hundred thousand dollars) in the aggregate.

14.    The Court finds that the Settlement also provides substantial and meaningful non-monetary relief to the Settlement Class as follows: Defendant will remove the "Non-Toxic" representation from the packaging and labeling of the Products. Additionally, Defendant will add an asterisk to the "Earth Friendly" representation on the Products' front labels to direct consumers to the back label where it will state: "Contains no inorganic phosphates, hazardous solvents, or environmentally harmful surfactants," or similar qualifying language.

15.    The Court finds that the Settlement is fair when compared to the strength of Plaintiff's case, Defendant's defenses, the risks involved in further litigation and maintaining class status throughout the litigation, and the amount offered in settlement.

16.    The Court finds that the Parties conducted extensive investigation, research, and fact and expert discovery, and that their attorneys were able to reasonably evaluate their respective positions.

17.    The Court finds that Class Counsel has extensive experience acting as counsel in complex class action cases and their view on the reasonableness of the settlement was therefore given its due weight.

18.    The Court hereby grants final approval to and orders the payment of those amounts to be made to the Settlement Class Members in accordance with the terms of the Settlement Agreement. The Court finds and determines that the Settlement Payments to be paid to each Settlement Class Member as provided for by the Settlement are fair and reasonable.

19.    The Court further finds that the Settlement Class's reaction to the Settlement overwhelmingly weighs in favor of granting Final Approval of the Settlement.

20.    The Settlement is not an admission of liability by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or Released Parties.

21.    Any remaining funds will be distributed *cy pres* to Earthjustice and Mamavation.

22.    Attorneys' Fees and Costs; Service Awards. The Court approves payment of attorneys' fees to Class Counsel in the amount of $500,000.00 plus their costs of $284,640.78. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees and costs, finds the award of attorneys' fees and costs fair, adequate, and reasonable, and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

23.    In making this award of attorneys' fees and costs, the Court has further considered and found that:

      a.    The Settlement Agreement created a Total Settlement Fund of $1,500,000.00 in cash for the benefit of the Settlement Class pursuant to the terms of the Settlement Agreement;

      b.    Defendant's agreement to permanently remove the "Non-Toxic" representation from all Krud Kutter product labels and marketing, and to qualify the "Earth Friendly" claim with clarifying language on the back label;

    c.    Settlement Class Members who submitted valid proof of claim forms will obtain a substantial monetary benefit for the products they purchased from the efforts of the Class Counsel and the Settlement Class Representatives;

    d.    The fee sought by the Class Counsel is fair and reasonable and based on the fees incurred by Class Counsel;

    e.    Class Counsel have prosecuted the action with skill, perseverance, and diligence, as reflected by the Settlement Fund, and the positive reaction of the Settlement Agreement by the Settlement Class;

    f.    This Action involved complex factual and legal issues that were extensively researched and developed by the Class Counsel;

    g.    Class Counsel's rates are fair, reasonable, and consistent with rates accepted within this jurisdiction for complex consumer class action litigation;

    h.    Had the Settlement not been achieved, a significant risk existed that Plaintiff and the Settlement Class Members may have recovered significantly less or nothing from Defendant; and

    i.    The amount of attorneys' fees awarded and expenses reimbursed are appropriate to the specific circumstances of this action.

24. Defendant and the Released Parties shall not be liable for any additional fees or expenses for Class Counsel or counsel of any Class Representative or Settlement Class Member in connection with the Action beyond those expressly provided in the Settlement Agreement.

25. The attorneys' fees and costs set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement Agreement.

26. The Court approves the Service Award payment of $5,000 to Settlement Class Representative Anthony Bush, and finds such amounts to be reasonable in light of the services performed by Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. This Service Award is justified by: (1) the risks the Settlement Class Representative faced in bringing this lawsuit, financial and otherwise; (2) the amount of time and effort spent on this action by the Settlement Class Representative; and (3)

the benefits the Settlement Class Representative helped obtain for the Settlement Class Members under the Settlement.

27. The Court finds that the Settlement Administrator, Digital Settlement, LLC, is entitled to recover costs in the amount of $148,867.00 for settlement administration costs and $16,428.75 for additional administration distribution costs, totaling $165,295.75.

28. Dismissal. The Action is hereby DISMISSED WITH PREJUDICE, on the merits, by Plaintiff and all Settlement Class Members as against Defendant on the terms and conditions set forth in the Settlement Agreement without costs to any party, except as expressly provided for in the Settlement Agreement

29. Release. Upon the Effective Date as defined in the Settlement Agreement, the Releasing Parties shall be deemed to have, and by operation of the Judgment herein shall have, unconditionally, fully, and finally released and forever discharged the Released Parties from all Released Claims.

30. Injunction Against Released Claims. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order of Dismissal, the Judgment herein, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

31. No Admission of Liability. The Settlement Agreement and any and all negotiations, documents, discussions and actions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability, wrongdoing or omission by Defendant, or the truth of any of the claims before any court, administrative agency, arbitral forum or other tribunal. Evidence relating to the Agreement will not be discoverable or admissible, directly or indirectly, in any way, whether

in this Action or in any other action or proceeding before any court, administrative agency, arbitral forum or other tribunal, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, or this Order.

32.    Findings for Purposes of Settlement Only. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

33.    Effect of Termination or Reversal. If for any reason the Settlement terminates or Final Approval is reversed or vacated, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

34.    Settlement as Defense. In the event that any provision of the Settlement or this Final Order of Dismissal is asserted by Defendant as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement and are ordered in aid of this Court's jurisdiction and to protect its judgment.

35.    Retention of Jurisdiction. Without affecting the finality of the Judgment and Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

36.    Nothing in this Order shall preclude any action before this Court to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Order, including the requirement that Defendant make payments to participating Settlement Class Members in accordance with the Settlement.

37.    The Parties and the Settlement Administrator will comply with all obligations under the Settlement Agreement until the Settlement is fully and finally administered.

38.    The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Court.

39.    Entry of Judgment. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment ("Judgment") should be entered and that there is no just reason for delay in the entry of the Judgment, as Final Judgment, as to Plaintiff, the Settlement Class Members, and Defendant.

**IT IS SO ORDERED.**

Date:   October 2, 2025   

_____
HON. LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF CALIFORNIA